Kimberly A. Donovan (CA Bar No. 160729)
**GCA LAW PARTNERS LLP**
1891 Landings Drive
Mountain View, Ca 94043
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com

H. Dickson Burton (UT Bar No. 4004) (*pro hac vice*)
Edgar R. Cataxinos (UT Bar No.7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:    (801) 532-1922
Facsimile:    (801) 531-9168
E-Mail:       hdburton@traskbritt.com

Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORP.<br><br>Plaintiff,<br><br>v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION.<br>Defendant. | Case No. CV07-4731 HLR<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO DISMISS THE ACTION**<br><br>Date:  Tues., December 4, 2007<br>Time:  10:00 a.m.<br>Place: Courtroom 2 |

25803168.1

I.  **INTRODUCTION**

Defendant StorageCraft Technology Corporation (hereinafter referred to as "StorageCraft") respectfully submits the following memorandum in support of its Motion to Transfer, or in the Alternative, To Dismiss.

II. **STATEMENT OF FACTS**

1. On September 14, 2007, Plaintiff Symantec Corporation ("Symantec") filed the Complaint in this case against StorageCraft alleging Misappropriation of Trade Secrets and Unfair Competition in California ("California Action")

2. The Complaint does not identify any trade secret that was developed in California or any alleged wrongful act which occurred in California.

3. The Complaint concerns alleged trade secrets of Symantec's predecessor-in-interest, PowerQuest, a Utah company. The Complaint further involves the alleged behavior of former Utah employees of PowerQuest who are now employees of StorageCraft. Those employees include Brandon Nordquist, Thomas Russell Shreeve, Curt James, and Scott Barnes, all of whom have been residents of Utah continuously since the time they were employed by PowerQuest up until the present. (Complaint, ¶¶'s 15-24, Declaration of Thomas Russell Shreeve ("Shreeve Decl.", ¶ 8).

4. In its Complaint, Symantec relies upon PowerQuest Employment Agreements with these former employees of PowerQuest as evidence of a duty to maintain confidentiality of alleged trade secret information. Among other things, Symantec alleges in its Complaint as follows: "Under the [employment] agreements, this duty is ongoing, and the agreements explicitly assign the benefit of those obligations to PowerQuest's succesors-in-interest. Symantec is the successor-in-interest of the confidentiality obligations set forth in the agreements signed by Nordquist, Shreeve, James and Barnes." (Complaint, ¶ 19).

5. Notably, the Employment Agreements include a forum selection clause which provides that for "any litigation related to this Agreement" Utah shall be the exclusive

venue. Specifically, the choice of law and venue paragraph from the Employment Agreements reads as follows:

> 29. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Utah, without giving effect to principles of conflicts of law. You consent to the personal jurisdiction of the state and federal courts located in the state of Utah **for any litigation related to this Agreement** and agree that the exclusive venue for any such litigation shall be in such courts located in the state of Utah.
>
> (Declaration of Thomas Russell Shreeve (Exhibit A to "Shreeve Decl."), page 5, paragraph 29, emphasis supplied).

6. All of the StorageCraft management, personnel, decision makers, persons with knowledge of the StorageCraft product, sales activities, financial records, design and manufacture of the ShadowProtect line of products, for StorageCraft are located in Utah. StorageCraft does not have any employees in California. Shreeve Decl., ¶ 7.

7. Defending this case in California would be an inconvenience and increased hardship to StorageCraft. StorageCraft does not have a large number of employees, has a small management team and would be severely inconvenienced if even only one or two managers are required to travel out-of-state for Court hearings or other proceedings that may be required if this lawsuit is litigated in California. Shreeve Decl. ¶ 9.

8. Symantec is a global company that conducts business throughout the United States, including Utah. (Complaint, ¶ 2).

9. Upon information and belief, Symantec continues to operate at least a significant portion of the former PowerQuest business in Utah, with hundreds of employees in multiple offices in Utah. StorageCraft believes that all or most relevant Symantec witnesses and documents are located in Utah, including the former Chief Technology Office of PowerQuest (now a Vice-President of Symantec) Don Kleinschnitz. Shreeve Decl. ¶ 4 and 5.

10. Witnesses StorageCraft expects will be called to testify in this case include the StorageCraft employees identified in the Complaint, Brandon Nordquist, Michael Kunz, Curt James, Scott Barnes, Thomas J. Shreeve, and Thomas Russell Shreeve (all of whom reside in Utah), and Don Kleinschnitz a current vice-president of Symantec who resides in Utah. Other

witnesses who would likely be called to testify in this case would include the following former PowerQuest employees:

> Former employees of PowerQuest's IT Group, including Matt Fairborne, Ted Cowan, Chance Platt, Jim Moore, Mark Peterson and Devon Rigby;
>
> Former corporate communications employees of PowerQuest, including Mark Carpenter and Laura Shafer; and
>
> Former executive management and human resources employees of PowerQuest, including Paul Winn (former PowerQuest CEO, and Susan Transtrum, (former head of Human Resources).
>
> Steve Fairbanks, former VP of Product Management at PowerQuest and presently employed by Symantec.

All of these witnesses resided in Utah while employed by PowerQuest, and it is believed that all but Paul Winn reside in Utah now. (Shreeve Decl. ¶ 8).

11. An action is expected to be filed shortly by StorageCraft against Symantec in the United States District Court for the District of Utah, which case will involve the identical parties to the California Action (hereinafter referred to as the "Utah Action"). Claims are expected to involve breach of the license agreement between StorageCraft and Symantec, misappropriation of trade secrets and copyright infringement. That particular license agreement contains a forum selection clause which states that the "sole jurisdiction and venue" for legal actions concerning the license agreement shall be in the State of Utah. Shreeve Decl. ¶ 11.

## III. THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF UTAH

This Court can and should transfer this action to the District of Utah for the convenience of the parties, and because of the venue requirements of the Employment Agreements, which Symantec has alleged create the duties of confidentiality upon which it bases its claims.

### A. The Case Should Be Transferred For Convenience Of The Parties and Witnesses And In The Interests Of Justice

28 U.S.C. §1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

might have been brought." Three factors have been identified as central to the convenience analysis: 1) the convenience of the parties; 2) the convenience of witnesses; and 3) the interests of justice. *Arley v. United Pac. Ins. Co.*, 379 F.2d 183, 185 (9th Cir. 1967).

In considering such a request, courts look at a number of factors including, among others: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interest of justice. *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 268 (C.D. California 1998) (citing *Arley*, 379 F.2d at 185); *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994)). When considering these three factors in light of the particular facts, relevant considerations include "convenience of the witnesses, judicial economy, relative ease and access to proof, relative docket congestion, and the availability of compulsory process." *Id.* at 269 (citing *E. & J. Gallo Winery*, 899 F. Supp. at 466); *see also*, William W. Schwarzer, *Federal Civil Procedure Before Trial*, ¶ 4:725 at p. 4-84, 4:733, p. 4-86 (stating, *inter alia*, that convenience of the witnesses is often the most important factor in a 1404(a) analysis).

Here, the facts favor transfer to the District of Utah. The alleged improper acts all occurred in Utah and Utah law should control Symantec's claims in the current action. The alleged trade secrets were created in Utah and the alleged violations occurred in Utah. The employment agreements identified and relied upon in Symantec's Complaint have a choice of law and forum selection clause that identified Utah as the exclusive venue for "any litigation related to" the Agreements. All of StorageCraft's business records, management, employees, witnesses and evidence are located in Utah. Most or all of Symantec's witnesses and evidence will likely be located in Utah. Moreover, the bulk of the relevant evidence will likely be in StorageCraft's possession and, consequently, the location of StorageCraft's records weighs in favor of transfer to that location. *See The Original Creatine Patent Co., Ltd., v. Met-RX USA, Inc.*, 387 F. Supp. 2d 564, 572 (E.D. Va. 2005) ("When the clear weight of documentary and testimonial evidence is to be found elsewhere, there is little justification for retaining [the] case . . . ."). In this case, that location is Utah, not California.

In considering a motion to transfer, the Court may consider the state most familiar with the governing law. Further, the presence of a forum selection clause may be a significant factor

in the Court's §1404(a) analysis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

The only tie that this action has to the State of California is the location of Symantec. However, Symantec is only the successor to the real party-in-interest, PowerQuest, which party-in-interest was located only in Utah. It is believed that Symantec continues to operate the former PowerQuest business in Utah and most or all relevant Symantec witnesses and documents are located in Utah. While a plaintiff's choice of forum is generally entitled to deference, "if the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled to only minimal consideration." *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). In cases such as this, where the action has little connection with the chosen forum, less deference is accorded to the plaintiff's choice, even though the plaintiff is a resident of its chosen forum. *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1157 (S.D. Cal. 2005).

StorageCraft anticipates filing an action in Utah involving the same parties. Even assuming this Court was to retain jurisdiction over this matter, the Utah Action would remain pending and the parties would be forced to litigate their disputes in two different forums. Accordingly, the convenience of the witnesses, accessibility to evidence and judicial economy dictate that the present action be transferred to Utah.

### B. The First To File Rule Does Not Prohibit Transferring Or Dismissing This Case

The Utah Action will be filed after the California Action. Under the "first-to-file" rule, preference may be given to the first-filed plaintiff's choice of forum when considering a motion to transfer venue under § 1404(a). *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir.1991); *Guthy-Renker*, 179 F.R.D. at 269. "However, a party to the later-filed action may request the court to disregard the first-to-file rule based on certain equitable factors such as forum shopping, bad faith and convenience of the parties and witnesses." *Guthy-Renker*, 179 F.R.D. at 269 (citing *Alltrade*, 946 F.2d at 628).

As an initial matter, three threshold factors must be considered when applying the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Guthy-Renker*, 179 F.R.D. at 270 (citing *Alltrade, Inc.*, 946 F.2d at 625-26). While Symantec's Complaint was filed first, the Complaint fails to state a sufficient claim of proper venue. Significantly, the alleged trade secrets were created in Utah and the alleged misappropriation occurred in Utah. The parties in the current Complaint are identical to those named in the Utah Action. Both the current case and the Utah Action will likely involve overlapping witnesses and evidence.

District courts can, in their discretion, dispense with the first-to-file rule when equity so demands or when the balance of convenience weighs in favor of the later-filed action. *Ward v. Follett Corporation*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) (citing *Alltrade*, 946 F.2d at 628). Indeed, "the plaintiff's choice of forum, while still under considerable importance, is no longer the overriding factor that it once was under the doctrine of forum non conveniens." *Coats Company, Inc. v. Vulcan Equipment Company, Ltd.*, 459 F.Supp. 654, 656 (N.D. Ill. 1978). While Symantec has a place of business in California, it is admittedly a global company with ties to Utah. Symantec's allegations arise from alleged trade secrets owned by a Utah company (PowerQuest) that Symantec later acquired. Thus, the Court should transfer the case to Utah or, in the alternative, dismiss the present case for lack of venue.

In the current case, if the Court denies StorageCraft's motion, judicial resources will not be conserved. The Utah Action, which includes claims under the breach of contract, misappropriation of trade secret and copyright infringement, will remain and the parties will be forced to litigate in two separate forums including in California - where neither StorageCraft nor Symantec's predecessor in interest had any substantial ties. Both of the real parties-in-interest were Utah corporations. No foreseeable witnesses of StorageCraft's reside within the subpoena power of the Northern District of California. Symantec has failed to sufficiently allege that venue is proper in the current forum.

The parties can litigate Symantec's state law claims and StorageCraft's claims in Utah, and possibly even consolidated with the Utah Action. The likelihood of settlement would be

achieved more rapidly and efficiently if the matters are heard in a single location or even a single proceeding. Thus, the current action should be transferred to Utah. Alternatively, this case should be dismissed.

### C. The Employment Agreements' Forum Selection Clause Requires That This Case Be Heard In Utah

Symantec has alleged that the Employee Agreements entered into by its former employees who are now employed by PowerQuest create duties of confidentiality of which Symantec is now the beneficiary. According even to Symantec, therefore, the Employee Agreements will be a focus of this litigation. However, each of those Agreements includes a forum selection clause which provides that Utah is the exclusive venue "for any litigation related to this Agreement." The Agreements also provide that they "shall be governed by and interpreted in accordance with the laws of the State of Utah, without giving effect to principles of conflicts of law." *See*, Statement of Facts ¶¶ 3-5.

The Ninth Circuit has held that a forum selection clause is an appropriate ground to dismiss for improper venue under Rule 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). A forum selection clause can be applied to non-contract causes of action. *See, Manetti-Farrow, Inc. v. Gucci America*, 858 F.2d 509, 514 (9th Cir.1988)(applying forum selection clause to tort causes of action where resolution of the tort claims relates to interpretation of the agreement). Furthermore, it is well established that a range of parties and non-parties, should benefit from and be subject to forum selection clauses. *See, Graham Technology Solutions, Inc. v. Thinking Pictures, Inc*, 949 F.Supp. 1427, 1434 (N.D. Cal. 1997); *Manetti-Farrow*, 858 F.2d 509 (9th Cir. 1988), *citing Clinton v. Janger*, 583 F.Supp. 284, 290 (N.D.Ill.1984); *see also Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202-03 (3rd Cir.) *cert. denied*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983). In *Manetti-Farrow*, the Plaintiff argued that the forum selection clause could only apply to actual signatories of the contract. The Ninth Circuit rejected that argument, and found that the forum selection clause could be applied to non-signatories to the contract where the alleged conduct of those non-parties is closely related to the contractual relationship. *Manetti-Farrow*, 858 F.2d at 514,

footnote 5. Here, Symantec is claiming and asserting rights under the Employment Agreements in this case. It must also be held to the forum selection clause in those Agreements.

## IV.   CONCLUSION

For the reasons stated herein, the Court should dismiss this matter for lack of proper venue. In the alternative, the Court should transfer the above-entitled action to the District of Utah.

Dated:  October 30, 2007

> TRASKBRITT, PC
> H. Dickson Burton (4004)
> Edgar R. Cataxinos (7162)
>
>
> /S/  H. Dickson Burton
> H. Dickson Burton (4004)