Kimberly A. Donovan (CA Bar No. 160729)
**GCA LAW PARTNERS LLP**
1891 Landings Drive
Mountain View, Ca 94043
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com

H. Dickson Burton (4004) (*pro hac vice*)
Edgar R. Cataxinos (7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:   (801) 532-1922
Facsimile:   (801) 531-9168
E-Mail:      hdburton@traskbritt.com

Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORP.<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>STORAGECRAFT TECHNOLOGY CORPORATION.<br>　　　　Defendant. | Case No. CV07-4731 HRL<br><br>**DECLARATION OF THOMAS RUSSELL SHREEVE IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO DISMISS THE ACTION**<br><br>Date:　Tues., December 4, 2007<br>Time:　10:00 a.m.<br>Place:　San Jose, CA US Courthouse |

DOCUMENT PREPARED
ON RECYCLED PAPER

25803312.1

DECLARATION OF THOMAS RUSS SHREEVE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

I, Thomas Russell Shreeve, declare as follows:

1. I am Chief Operating Officer for Defendant StorageCraft Technology Corporation. (hereinafter "StorageCraft"). I am making this declaration in support of Defendant's Motion to Transfer Or, In The Alternative, To Dismiss The Action. The facts set forth herein are based upon my personal knowledge, and if called upon, I am competent to testify to such facts.

2. I am a former employee of PowerQuest Corporation which was acquired by Symantec in approximately December 2003. I left PowerQuest Corporation at the time it was acquired by Symantec Corporation ("Symantec"). A copy of my Employment Agreement with PowerQuest is attached hereto as Exhibit A.

3. My Employment Agreement includes a forum selection clause which provides that for "any litigation related to this Agreement" Utah shall be the exclusive venue. Specifically, page 5, paragraph 29 of the Employment Agreement reads as follows:

> 29. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Utah, without giving effect to principles of conflicts of law. You consent to the personal jurisdiction of the state and federal courts located in the state of Utah for any litigation related to this Agreement and agree that the exclusive venue for any such litigation shall be in such courts located in the state of Utah.

The former PowerQuest employees identified in the Complaint, Brandon Nordquist, Curt James, and Scott Barnes also signed Employment Agreements with Symantec which include this clause.

4. It is my understanding and belief that Symantec offers to sell and sells its products within the State of Utah. It is also my understanding and belief that Symantec continues to maintain significant operations with hundreds of Symantec employees in multiple Utah offices, and that Symantec operations in Utah include at least a significant portion of the former business operations of PowerQuest Corporation.

5. Don Kleinschnitz, who was the Chief Technology Officer of PowerQuest Corporation, continues in his employment at Symantec, but now with the title of Vice President of Development for the Data Systems and Management Group, which is the group at Symantec that continues work on the backup software products which were being developed by PowerQuest.

6. StorageCraft believes that most or all Symantec employees who will be called to testify in this case reside in Utah, and that most or all documents or other evidence in this case is located in Utah.

7. All of the StorageCraft management, personnel, decision makers, persons with knowledge of the ShadowProtect line of products, sales activities, financial records, design and manufacture of the ShadowProtect line of products, for StorageCraft are located in Utah. StorageCraft does not have any employees in California.

8. Similarly, each of the StorageCraft employees identified in the Complaint, Brandon Nordquist, Michael Kunz, Curt James, Scott Barnes, Thomas J. Shreve, and I are non-party witnesses who reside in Utah, and have resided in Utah continuously since the time we were employees of PowerQuest. StorageCraft expects that all of these individuals, including myself, would be witnesses called to testify in this matter. StorageCraft also expects that Don Kleinschnitz will be a witness in this case. Mr. Kleinschnitz resides in Utah. Others who are likely to be called upon to testify in this case include the following:

> Former employees of PowerQuest's IT Group, including Matt Fairborne, Ted Cowan, Chance Platt, Jim Moore, Mark Peterson and Devon Rigby;
>
> Former corporate communications employees of PowerQuest, including Mark Carpenter and Laura Shafer; and,
>
> Former executive management and human resources employees of PowerQuest, including Paul Winn (former PowerQuest CEO, and Susan Transtrum, (former head of Human Resources).
>
> Steve Fairbanks, former VP of Product Management at PowerQuest and presently employed by Symantec.

All of these witnesses resided in Utah while employed by PowerQuest, and it is believed that all but Paul Winn reside in Utah now.

9. Defending this case in California would be an inconvenience and increased hardship to StorageCraft. StorageCraft does not have a large number of employees, has a small management team and would be severely inconvenienced if even only one or two managers are

required to travel out-of-state for Court hearings or other proceedings that may be required if this lawsuit is litigated in California.

10. I have never been an employee of Symantec.

11. StorageCraft has instructed and expects its attorneys to file shortly an action against Symantec in the United States District Court for the District of Utah, which case will involve the identical parties to the California Action. Claims are expected to involve breach of a license agreement between StorageCraft and Symantec, misappropriation of trade secrets and copyright infringement. That particular license agreement contains a forum selection clause which states that the "sole jurisdiction and venue" for legal actions concerning the license agreement shall be in the State of Utah.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed at Salt Lake City, Utah, on October 30, 2007.

_/s/ Thomas Russell Shreeve_
Thomas Russell Shreeve

# EXHIBIT A

# POWERQUEST CORPORATION
## Employee Agreement

1. This Agreement is between PowerQuest Corporation and You, the undersigned employee. Your employment by PowerQuest creates a relationship of confidence and trust between You and PowerQuest, with duties and responsibilities on both sides.

2. PowerQuest's legal obligations include, for instance, providing a safe working environment, paying You as agreed for your work, and otherwise complying with the law.

3. Your legal obligations include, for instance, protecting PowerQuest's trade secrets and other confidential information, protecting PowerQuest's goodwill and reputation, assigning certain inventions and other intellectual property to PowerQuest, and not competing unfairly with PowerQuest during your employment or shortly thereafter. Like PowerQuest and other PowerQuest employees, You are also obliged to comply with all applicable laws. PowerQuest is authorized to notify Your future employers of this Agreement and Your obligations under it.

4. The exact nature of the legal obligations recognized in this Agreement may differ from one employee to another, and Your obligations may change over time as the services You perform for PowerQuest change. If you ever have any questions about how this Agreement applies to You, please ask PowerQuest's Human Resources Department for clarification.

**Protecting Confidential Information**

5. PowerQuest possesses and will continue to possess information that has commercial value because it is not generally known. Because of Your employment by PowerQuest, You may have access to trade secrets and other confidential information (collectively, "Confidential Information") about PowerQuest and others. This Confidential Information may include information You create, discover or develop as a result of Your employment by PowerQuest. It may also include information belonging to PowerQuest's clients, business partners, customers or suppliers.

6. Confidential Information may include, for instance, particular discoveries, developments, designs, improvements, inventions, blueprints, structures, software, processes, know-how, data, techniques, formulas, marketing and business plans and outlines, strategies, budgets, forecasts, projections, unpublished financial statements, costs, price schedules, client and supplier lists, client and prospective client databases, access codes and similar security information and procedures. Confidential Information presumptively includes all patent applications, all source code, all documents describing or discussing unreleased products, all proposed trademarks and trademark search results, all contract or other negotiations, and all discussions with PowerQuest counsel. Confidential Information does not include information that is in the public domain other than as the result of a breach of an obligation of confidentiality.

7. You agree that unauthorized use or disclosure of Confidential Information would cause serious injury to PowerQuest. PowerQuest's willingness to employ You (or continue employing

You) depends upon Your commitment to protect PowerQuest's Confidential Information and to comply with this Agreement.

8. You agree that during and after Your employment, You will hold the Confidential Information in confidence and protect it with utmost care. You will not disclose, copy, or permit any person to disclose or copy any of the Confidential Information without prior authorization from PowerQuest. You will not use any of the Confidential Information except as necessary to perform Your duties as an employee of PowerQuest.

9. If You ever have access to Confidential Information belonging to anyone else, including but not limited to any of Your previous employers, You shall hold all such Confidential Information in confidence and comply with the lawful terms of any and all agreements between You or PowerQuest and that other party with respect to such Confidential Information.

10. This Agreement does not prevent the use or disclosure of information that (i) is required by law to be disclosed, but only to the extent that such disclosure is legally required, (ii) becomes a part of the public knowledge other than by a breach of an obligation of confidentiality, or (iii) is rightfully received from someone not obligated to hold such information confidential.

11. Upon PowerQuest's request, and in any event upon termination of Your employment for any reason, You shall promptly return to PowerQuest all materials in Your possession or control that contain or represent Confidential Information, including but not limited to paper or electronic documents, drawings, diagrams, flow charts, computer programs, memoranda, notes, drafts, and all copies of these things.

**Protecting Goodwill and Avoiding Unfair Competition**

12. You may receive special training or education through Your employment by PowerQuest, so that You can provide PowerQuest with special or unique services. For instance, PowerQuest helps its engineers develop and obtain valuable technical skills and knowledge which are uncommon in the industry. PowerQuest also invests resources, and makes unusual opportunities available, to help its engineers and its sales and marketing personnel build goodwill for PowerQuest with customers, OEMs and other partners, and the press. PowerQuest will not prevent You from using Your general knowledge, skills, and experience after leaving PowerQuest. But PowerQuest is entitled to protect its Confidential Information, to protect the goodwill it develops through its employees, and to protect any special investment it made to help You develop special or unique skills.

13. You agree that for a period of one (1) year from the date of any termination of Your employment with PowerQuest for any reason, You will not accept employment with or render any service to a direct competitor of PowerQuest or create a competing business, in any market served by PowerQuest, if doing so would (i) create a significant risk of damage to PowerQuest's goodwill or reputation, (ii) create a significant risk of unauthorized disclosure of Confidential Information, or (iii) require You to use special or unique skills or information obtained through Your employment by PowerQuest. Direct competitors and competing businesses include any business or entity that creates or develops storage management software and/or develops, markets, sells, or offers for sale any product that is competitive with or substitutable for any

PowerQuest product(s), whether existing or in development. You acknowledge that the restrictions imposed by this Agreement are reasonable and will not stop You from being gainfully employed after Your employment by PowerQuest.

14. You also agree that for a period of one (1) year from the date of any termination of Your employment with PowerQuest for any reason, You will not solicit for employment, attempt to employ, or assist any other person or entity in employing or soliciting for employment, any employee or representative of PowerQuest, either for You or for any other entity.

**Advancing Technology**
15. PowerQuest hires engineers, testers, technical support personnel, and other technical employees at least in part to research, develop, and improve the technologies that are used by the products and services PowerQuest sells. PowerQuest hires sales and marketing employees at least in part to identify product features and product requirements, and to create trademarks and other marketing aids.

16. You agree to promptly disclose to PowerQuest all Confidential Information, whether or not patentable or registrable under patent, copyright, trademark or similar statutes, made or conceived or reduced to practice or learned by You, either alone or jointly with others, during the period of Your employment that (i) at the time of conception or reduction to practice are related to the actual or demonstrably anticipated business of PowerQuest, (ii) result from tasks performed by You for PowerQuest, or (iii) are developed on any amount of PowerQuest's time or result from the use of premises or property (including computer systems and engineering facilities) owned, leased, or contracted for by PowerQuest (collectively, "Innovations"). All Innovations shall at all times and for all purposes be the sole property of PowerQuest. You hereby assign and agree to assign to PowerQuest any rights You may have or acquire in any Confidential Information or Innovations.

17. Attached as Exhibit A is a list of all Innovations relating in any way to PowerQuest's business or demonstrably anticipated research and development that were made by You prior to Your employment with PowerQuest. You represent and agree that Exhibit A is complete, and that no confidential information of a third party is present in Exhibit A. You understand that You have no rights in any Innovations other than those listed in Exhibit A. If nothing is identified in Exhibit A, You represent and agree that You have made no Innovations as of the time of signing this Agreement.

18. You agree to (i) treat all information with respect to Innovations as Confidential Information within the meaning of this Agreement; (ii) keep complete and accurate records of the Innovations, which records will be the property of PowerQuest; and (iii) testify truthfully in any proceedings or litigation related to the Innovations. If PowerQuest wishes to keep secret any Innovations or for any reason decides not to apply for patents, copyrights, or trademarks on them, You agree not to disclose those Innovations and not to apply for patents, copyrights, or trademarks on them for Yourself or anyone else.

19. You agree to assist PowerQuest in every way deemed necessary or desirable by PowerQuest (but at PowerQuest's expense) to obtain and enforce patents, copyrights, trademarks and other

rights and protections relating to any Confidential Information and Innovations in any and all countries, and to that end You agree to execute all lawful documents for use in obtaining and enforcing such patents, copyrights, trademarks and other rights and protections as PowerQuest may desire, together with any assignments to PowerQuest or persons designated by it.

20. If PowerQuest is unable for any reason to secure Your signature to any document required to apply for or execute any patent, copyright, trademark, or other applications with respect to any Innovations (such as improvements, renewals, extensions, continuations, divisions, or continuations-in-part), You hereby irrevocably designate PowerQuest and its duly authorized officers and agents as Your agents and attorneys-in-fact for and on Your behalf for the limited purpose of executing and filing any such application and to do all other lawfully permitted acts to further the prosecution and issuance of patents, copyrights, trademarks, or other rights thereon with the same legal force and effect as if executed by You.

21. Your obligation to assist PowerQuest shall continue beyond the termination of Your employment, but PowerQuest will compensate You at a reasonable rate after Your termination for time actually spent by You at PowerQuest's request on such assistance.

**Implementing This Agreement**

22. You represent and warrant that Your employment by PowerQuest and Your performance of this Agreement will not conflict with any obligations that You may have with other parties. For instance, You agree that You will not disclose to PowerQuest or use in PowerQuest's behalf any confidential or proprietary information belonging to a third party, unless the third party has consented to the disclosure or use of the information.

23. You acknowledge that breach of this Agreement would cause PowerQuest to suffer irreparable harm for which monetary damages would be inadequate compensation. You agree that PowerQuest will be entitled to an injunction restraining any actual or threatened breach of this Agreement, or specific performance, if applicable, in addition to any monetary damages.

24. This Agreement does not create an express or implied contract of employment. Rather, the employment relationship between You and PowerQuest is "at-will," which means that either You or PowerQuest may terminate the employment relationship at any time, for any reason or no reason, with or without cause, and with or without notice. Further, the at-will nature of this employment relationship may be changed only by written agreement signed by both You and the President/CEO of PowerQuest.

25. This Agreement sets forth the entire agreement between You and PowerQuest with respect to the subject matter of this Agreement, and supersedes all prior agreements, whether written or oral. This Agreement may be amended only by a writing signed by both You and PowerQuest; no oral waiver, amendment, or modification of this Agreement shall be effective under any circumstances. A waiver by PowerQuest of Your breach of any part of this Agreement shall not operate or be construed as a waiver of any other or subsequent breach of this Agreement.

26. This Agreement will remain in force during Your employment. Your obligation to protect Confidential Information continues after Your employment ends, and lasts until all Confidential Information acquired by You becomes public knowledge other than through a violation of this

Agreement. If Your obligation to avoid unfair competition arises from PowerQuest's rights to protect its goodwill, and no Confidential Information is involved, then that obligation ends one year after Your employment with PowerQuest ends; otherwise it ends when the obligation to protect Confidential Information ends. Your obligation to assign Innovations and to help PowerQuest perfect its rights in them ends when PowerQuest's rights in the Innovations end, e.g., when the patent rights in an Innovation expire.

27. This Agreement shall be binding upon and continue to the benefit of successors and assigns of PowerQuest, such as by way of merger, consolidation, operation of law, assignment, purchase, or acquisition of substantially all the assets or business of PowerQuest. This Agreement shall also be binding upon Your heirs and legal representatives.

28. Should any provision of this Agreement be considered unenforceable by a court of law, the remainder of the Agreement shall remain in force to the fullest extent permitted by law.

29. This Agreement shall be governed by and interpreted in accordance with the laws of the state of Utah, without giving effect to principles of conflicts of law. You consent to the personal jurisdiction of the state and federal courts located in the state of Utah for any litigation related to this Agreement and agree that the exclusive venue for any such litigation shall be in such courts located in the state of Utah.

I HAVE READ THIS ENTIRE AGREEMENT, AND I FULLY UNDERSTAND THE LIMITATIONS THAT IT IMPOSES UPON ME.

Date: 4/17/00

Signature: _Thomas R Shreeve_

Name (Print): Thomas R. Shreeve

Acknowledgment of
PowerQuest Corporation:

Date: 4-18-00

Signature/Title: _d. Powers_
_Benefits Spec_

PowerQuest internal use:
✓ new hire
___ raise/promotion
___ bonus for signing    Initial: _df_

Page 5

# EXHIBIT A

The following is a list of all Innovations made, created, conceived, developed, and/or reduced to practice by You prior to the date of this Agreement:

Initial: TRS

## ACKNOWLEDGMENT

I acknowledge that I have received a copy of PowerQuest's Corporate Policies and Procedures booklet. I further acknowledge that I have been given adequate opportunity to read this booklet in its entirety and that I have, in fact, done so, *including the preceding Disclaimer* (located in the Forward section at the beginning of the booklet).

I further understand and agree that either PowerQuest or I may discontinue my employment at any time, with or without cause and with or without notice.

_____   4/17/00
Employee Signature                Date

_____   4-18-00
Witness                           Date

# EMPLOYMENT AT WILL ACKNOWLEDGEMENT

I understand and agree that my employment with *PowerQuest* will have no specified term or length and that either *PowerQuest* or I can terminate my employment at will at any time, for any reason, with or without cause or notice. I agree that I have not relied and will not rely on any oral or written statements to the contrary. I understand and agree that no manager, executive, or representative of PowerQuest has any authority to enter into any agreement concerning employment on behalf of PowerQuest on any terms inconsistent with or different from the foregoing. Only the President of PowerQuest may enter into employment contracts which may contain terms different or inconsistent with the foregoing, which contracts must be in writing and signed by the President and the employee.

_____
Employee's Signature

Thomas R Shreeve
Employee's Printed Name

4/17/00
Date

# SEXUAL HARASSMENT POLICY

Sexual harassment is against the law. In order to comply with the law, PowerQuest has adopted this sexual harassment policy.

Sexual harassment is any of the following:

- Verbal, physical, or visual conduct of a sexual nature that is unwelcome by an employee. Such conduct has the effect of unreasonably interfering with an individual's work performance, affects tangible job benefits, or creates an intimidating, hostile, or offensive work environment.

- Explicit sexual propositions, sexual innuendos, suggestive jokes, jokes about gender-specific traits, foul or obscene language or gestures, display of foul or obscene printed or visual material, and physical contact such as patting, pinching, or brushing against another's body.

- Harassing, abusive or antagonistic behavior toward another person based on gender.

- A time when submission to or rejection of such conduct is used as the basis for employment decisions.

- A time when submission to or rejection of such conduct is a condition of employment. Such a condition may be either spoken or implied.

I have read and understand the definition of sexual harassment and understand that any employee committing sexual harassment will be subject to disciplinary action or termination. PowerQuest will not retaliate against an employee who reports sexual harassment, and any employee who does retaliate will be subject to disciplinary action or termination.

If you feel that you or anyone else has experienced sexual harassment, or that you have or anyone else has been discriminated against based on sex, religion, race, color, natural origin, or disability contact the Human Resource Department, or a member of supervision or management immediately.

_____    4/17/00
Employee Signature                 Date

Thomas R Shreeve
Employee Name (Please Print)