# EXHIBIT F

LEXSEE 2005 US DIST LEXIS 25272

HEALTHTRAC CORPORATION, a Nevada Corporation, Plaintiff, v.
CATERPILLAR INC., a Delaware Corporation, Defendants.

No. C 05-2727 MHP

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2005 U.S. Dist. LEXIS 25272

October 26, 2005, Decided
October 27, 2005, Filed

**COUNSEL:** [*1] For Healthtrac Corporation, a Nevada Corporation, Plaintiff: A. James Isbester, Isbester & Associates, LLP, Berkeley, CA; C. Curtis Staropoli, Law Offices of C.Curtis Staropoli, LLC, Philadelphia, PA.

For Caterpillar, Inc., a Delaware Corporation, Defendant: Frederic F. Grannis, Sedgwick Detert Moran & Arnold LLP, Los Angeles, CA.

For Caterpillar, Inc., a Delaware Corporation, Counter-claimant: Frederic F. Grannis, Sedgwick Detert Moran & Arnold LLP, Los Angeles, CA.

For Healthtrac Corporation, a Nevada Corporation, Counter-defendant: C. Curtis Staropoli, Law Offices of C.Curtis Staropoli, PA., Wilmington, DE.

**JUDGES:** MARILYN HALL PATEL, District Judge.

**OPINION BY:** MARILYN HALL PATEL

**OPINION**

## MEMORANDUM AND ORDER

### Re: Defendant's Motion to Transfer Venue

On July 5, 2005, plaintiff Healthtrac Corp. filed a complaint and request for injunctive relief in this court, alleging generally that defendant Caterpillar Inc. has made improper use of plaintiff's proprietary business information. Defendant timely answered plaintiff's complaint. Now before the court is defendant's motion to transfer venue to the Central District of Illinois pursuant to *28 U.S.C. section 1404(a)*. [*2] Having considered the parties' submissions and arguments, the court enters the following memorandum and order.

*BACKGROUND*

This action arises from the claim, generally, that defendant's "Healthy Balance" employee health management program is based on plaintiff's proprietary health risk assessment tools. Because the instant motion is directed solely at the issue of venue, the following summary of the background to the parties' dispute focuses on the jurisdictional facts and procedural history relevant to venue.

I. *Jurisditional Facts*

Plaintiff Healthtrac Corp. is a Nevada corporation that provides population health management services to organizations, including large corporations. Complaint PP 1, 7. Healthtrac Corp. is the operating corporation of Healthtrac, Inc., a Canadian corporation. *Id.* at P 1. Healthtrac Corp.'s principal place of business is located in Redwood City, California, and was previously located in Menlo Park, California. Sharpless Decl. P 5. Plaintiff's population health management programs use statistical modeling to predict healthcare costs and assess health risks for target populations. Complaint P 14. Plaintiff states that these health [*3] management programs are proprietary and confidential, and that they are shared with clients under contractual agreements containing confidentiality clauses. *Id.* at P 22. Plaintiff and defendant entered into two contracts-one in 1997 for a

Case 5:07-cv-04731-JW   Document 22-7   Filed 11/13/2007   Page 3 of 6

Page 2
2005 U.S. Dist. LEXIS 25272, *3

term of five years, and another in 2002-under which plaintiff customized and administered its programs in connection with defendant's "Healthy Balance" program. Sharpless Decl. P 9-10. According to Edward W. Sharpless, Healthtrac Corp.'s president and chief executive officer, during the entire time plaintiff and defendant had a business relationship, plaintiff administered and continued to develop its programs from its California offices. *Id.* at P 7.

Defendant Caterpillar Inc. is a Delaware corporation headquartered in Peoria, Illinois. Taylor Decl. P 3. Caterpillar designs and manufactures heavy construction equipment. Def.'s Answer P 7. In 1996, defendant initiated a health promotion program called the "Healthy Balance" program. Taylor Decl. PP 4, 8. Defendant began negotiations to use plaintiff's programs as part of the "Healthy Balance" program in 1996, and the relationship between the two companies lasted until February 2004. *Id.* [*4] at PP 8, 10, 13. In 2001, defendant submitted two provisional patent applications seeking patents in connection with the "Healthy Balance" program. *Id.* at P 16. In 2003, defendant conducted a request for proposal process and retained a Peoria, Illinois company, Advanced Information Services, Inc., to develop computer software for the "Healthy Balance" program. *Id.* at P 20. Defendant states that the "Healthy Balance" program was developed at and is managed from its headquarters in Peoria, Illinois. Grannis Decl. P 4.

II. *Procedural History*

On July 5, 2005, plaintiff filed a complaint and request for injunctive relief in this court, alleging generally that Caterpillar has made improper use of plaintiff's proprietary business information. The complaint states six claims: (1) breach of contract; (2) misappropriation of trade secrets; (3) violation of the California Uniform Trade Secrets Act ("UTSA") and the Illinois Trade Secrets Act ("ITSA"); (4) breach/misuse of confidential relationship; (5) conversion; and (6) breach of fiduciary duty. Defendant timely answered plaintiff's complaint, and on August 24, 2005 moved to transfer venue to the Central District of Illinois [*5] pursuant to *28 U.S.C. section 1404(a)*.[1] Defendant argues that plaintiff's choice of forum should be given little deference and that venue should be transferred for the convenience of parties and witnesses and in the interest of justice. Plaintiff opposes defendant's arguments and additionally asserts that defendant, a large employer in Peoria, would be advantaged by a trial in the Central District of Illinois.

[1] On September 26, 2005, plaintiff filed a reply and opposition to defendant's motion to transfer venue. In support of the opposition, plaintiff filed declarations by C. Curtis Staropoli on September 27, 2005, and by Edward W. Sharpless on October 3, 2005. Defendant replied to plaintiff's opposition on October 3, 2005, and additionally filed objections to and moved to strike the declarations as being untimely filed under Local Rule 7-3(a). The court declined to strike the declarations from the record, and granted defendant leave to file a supplemental reply addressing any issues raised by the declarations. Defendant filed a supplemental reply on October 13, 2005.

[*6] *LEGAL STANDARD*

A motion to transfer venue to another federal district court may be brought under *28 U.S.C. section 1404(a)*, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *28 U.S.C. § 1404(a)*. The first step of the inquiry under *section 1404(a)* requires the court to determine whether venue would be appropriate in the transferee district. *28 U.S.C § 1404(a)*; see also *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F. Supp. 503, 506 (C.D. Cal. 1992)*. If so, the court must then consider whether the criteria set forth in *section 1404(a)* favor adjudicating the plaintiff's claims in that forum. See *Goodyear, 820 F. Supp. at 506*.

The Ninth Circuit has characterized the *section 1404(a)* criteria as calling for an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000), cert. denied, 531 U.S. 928, 121 S. Ct. 307, 148 L. Ed. 2d 246 (2000)* [*7] (quoting *Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988))*. As part of this individualized consideration, a district court may consider multiple factors, including (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the

differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; (8) the ease of access to sources of proof; and, (9) any relevant public policy of the forum state. *Id.* at 498-99 (citing *Stewart*, 487 U.S. at 29-31 and *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), cert. denied, 485 U.S. 993, 108 S. Ct. 1302, 99 L. Ed. 2d 512 (1988)). Defendant bears the burden of showing that the balance of the convenience and justice factors strongly weighs in its favor. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "If the balance . [*8] . . weighs strongly in favor of transfer, the [c]ourt may accord less deference to a plaintiff's chosen forum." *Flexible Funding, LLC v. Iron Mountain Info. Mgmt.*, 2005 U.S. Dist. LEXIS 42103, Civil No. 05-02082 JSW, 2005 WL 2431241, at *2 (N.D. Cal. Sept. 30, 2005) (White, J.).

DISCUSSION

Defendant seeks to transfer these proceedings to the Central District of Illinois, where defendant maintains its corporate headquarters. There is no dispute that the Central District of Illinois is an appropriate venue for this action. *See* 28 U.S.C. § 1391 (c) (defining a corporate defendant's residence for venue purposes as "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced"). Thus, the sole question is whether "the convenience of the parties and witnesses" and "the interest of justice" strongly favor litigation of this action in Illinois rather than in California. *See* 28 U.S.C. § 1404(a). Defendant argues that plaintiff's choice of forum should be given little deference because the action finds its "center of gravity" in Illinois, sources of proof are more easily accessed in Illinois, the [*9] convenience of witnesses favors litigation in Illinois, and the availability of compulsory process favors transfer. Defendant also argues that the Central District of Illinois is more likely to be familiar with the law at issue, has a superior interest in resolving plaintiff's claims, and is in a superior position to monitor any injunctive relief imposed. Plaintiff opposes each of defendant's arguments and also asserts that defendant would have an advantage if the action were tried in the Central District of Illinois.

There is a strong presumption in favor of plaintiff's choice of forum, in particular when the chosen forum is plaintiff's place of residence. *See Lou*, 834 F.2d at 739; cf. *Ririe v. Claritas Corp.*, Civil No. 89-3731 MHP, 1990 U.S. Dist. LEXIS 7718, at *7 (N.D. Cal. Apr. 27, 1990) (Patel, J.) (holding that "where the forum chosen is neither plaintiff's domicile nor defendant's place of business, nor is there a significant connection with the subject matter," plaintiff's choice of forum is discounted). Plaintiff's principal place of business is located within the Northern District of California. Thus, a strong presumption weighs in favor of plaintiff's [*10] choice of forum. Defendant argues, however, that plaintiff's choice of forum should be given less deference based on the balance of the convenience and justice factors.

A. *Location of the Events Giving Rise to the Claim*

Defendant argues that the events giving rise to plaintiff's claim and constituting the claim's "center of gravity" -- namely the development of the "Healthy Balance" program -- took place in the Central District of Illinois, not in the Northern District of California. *See Teknekron Software Sys., Inc. v. Cornell Univ.*, Civil No. 93-20122 SW, 1993 U.S. Dist. LEXIS 21337, at *20 (N.D. Cal. June 14, 1993) (Williams, J.). Specifically, defendant asserts that Peoria, Illinois is the location where the contracts between the parties were negotiated and performed, where the alleged breaches and misappropriations occurred, and where the relevant witnesses and documents are found. *See* Def's Motion to Transfer at 9. Plaintiff counters that it negotiated and performed its contractual obligations from its California offices, and that the majority of its witnesses and all of its documents are found in California. *See* Sharpless Decl. PP 7-13. Although [*11] it does appear that any alleged breaches or misappropriations by defendant took place in the Central District of Illinois, the record reflects a "significant connection with the subject matter" in the Northern District of California. Cf. *Ririe*, Civil No. 89-3731 MHP, 1990 U.S. Dist. LEXIS 7718, at *7. The court finds that plaintiff's choice of forum should be given no less deference due to the fact that events giving rise to the claims took place in the Central District of Illinois as well as in the Northern District of California. Nor is it in the interest of justice to deny plaintiff's choice of forum based solely on the location of defendant's alleged wrongdoing.

B. *Location of Records*

Defendant also asserts that it will be more convenient to litigate the instant action in Illinois because Caterpillar's "Healthy Balance" program records, computer systems, and patent applications are located

there. Plaintiff does not dispute that these sources of proof are in Illinois, but counters by asserting that Healthtrac's schematics, computer programs, documents relating to intellectual property, and records of the contract and dealings with Caterpillar are located in Healthtrac's [*12] California offices. See Sharpless Decl. P 11. Because it appears that significant sources of proof may be located in both Illinois and California and "a transfer is not appropriate merely to shift the inconvenience from one party to another," the court finds that this factor does not weigh in favor of transferring the action to the Central District of Illinois. *Teknekron, Civil No. 93-20122 SW, 1993 U.S. Dist. LEXIS 21337, at *21.*

C. *Convenience of the Parties*

In analyzing the convenience of a forum, the court may also consider the parties' relative ability to afford the expenses of litigating in that forum. See *Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).* At the motion hearing held on October 17, 2005, plaintiff represented that it is a very small company, having just five employees. Defendant, in contrast, is a large multi-national corporation with thousands of employees. Plaintiff has indicated that a transfer to the Central District of Illionois would lead to a burdensome increase in its fees and expenses attributable to the cost of travel to and from that forum. This likely outweighs the proportional savings to defendant. [*13] See *Dwyer v. General Motors Corp., 853 F. Supp. 690, 694 (S.D.N.Y. 1994)* (denying transfer because defendant was better able to absorb added expense than plaintiff). In short, while transfer may increase defendant's convenience, it would come at a distinct cost to plaintiff. As previously stated, transfer is not appropriate if it simply shifts the inconvenience in this manner. See *Teknekron, Civil No. 93-20122 SW, 1993 U.S. Dist. LEXIS 21337, at *21.*

D. *Convenience of Witnesses and Availability of Compulsory Process*

Convenient access to witnesses is an important factor in considering whether to transfer venue. See *Ririe, Civil No. 89-3731 MHP, 1990 U.S. Dist. LEXIS 7718, at *10.* The determination, however, is not solely focused on the number of witnesses in each location, but rather on "the materiality and importance of the anticipated witnesses' testimony" and then on their convenience to the forum. *Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1335-36 (9th Cir. 1984), cert. denied, 471 U.S. 1066, 105 S. Ct. 2143, 85 L. Ed. 2d 500 (1985).* Defendant asserts that most of the relevant witnesses-including fourteen current Caterpillar employees, [*14] two former Caterpillar employees, and one employee of Advanced Information Services, Inc. -- live in or around the Central District of Illinois. Grannis Decl., Exh. A. Defendant has further provided brief individualized descriptions of each potential witness's relevant knowledge. *Id.* Plaintiff, on the other hand, asserts that nearly all the witnesses it intends to call -- including three current and nine former Healthtrac employees -- live in the Northern District of California. Staropoli Decl. P 8. Plaintiff also states generally that each of its witnesses will testify to one or more of a list of several matters related to this action. Pl.'s Opposition at 6. At the motion hearing on October 18, 2005, plaintiff stated that although it does not anticipate that it will call all nine of the former employees listed, it anticipates calling at least six former employees, several of whom were allegedly laid off as a result of losing the Caterpillar account. These former employees include Jason Scoggins, former chief operating officer; Helen Kan, former vice president for client services; Laura Krohn, former client services account manager; and John Hoban, former vice president of sales. [*15] The testimony of Healthtrac employees involved in the sale of services to Caterpillar will likely be important in establishing Healthtrac's case.

Thus, although it appears that a trial in the Northern District of California may inconvenience more witnesses than a trial in the Central District of Illinois, the majority of the inconvenienced witnesses are defendant's employees and could be compelled to testify. It appears that three non-party witnesses reside in the Central District of Illinois, and that at least six non-party witnesses reside in the Northern District of California. Therefore, although the overall convenience of the witnesses may weigh in favor of defendant, the availability of compulsory process favors plaintiff.

E. *Local Knowledge and Interest*

Finally, defendant argues that the Central District of Illinois is likely to be more familiar with the law at issue, have a superior interest in resolving plaintiff's claims, and be in a superior position to monitor any injunctive relief imposed. With respect to the applicable law, it appears that both California and Illinois law may govern different parts of plaintiff's claims. There are two contracts at issue; the 1997 [*16] contract is governed by Illinois law, and the 2002 contract is governed by California law.

*See* Complaint Exh. 2 at 10; Complaint Exh. 4 at 13. Defendant argues that the litigation will focus on the 1997 contract, because it lasted for five years and was in effect when the patent applications were filed. Def's Motion to Transfer at 11. Plaintiff meanwhile argues that the 2002 contract is of particular significance due to new intellectual property provisions. Complaint P 48. There are also two trade secrets acts at issue: California's UTSA and Illinois's ITSA. Thus, the applicable law in this case comes from both states, and neither party has definitively demonstrated that one forum would be better suited to interpret the law involved. Likewise, because plaintiff's principal place of business is in the Northern District of California and defendant's principal place of business is in the Central District of Illinois, both for a have an interest in resolving plaintiff's claims. Furthermore, should the court impose any kind of injunctive relief, it has no reason to doubt that the enjoined party -- wherever it may have its principal place of business -- would be fully cooperative. Thus, [*17] the court finds these factors to be neutral.

In summary, because the majority of factors weigh in favor of retaining plaintiff's choice of forum the court finds that defendant has not met its burden of demonstrating that the convenience of parties and witnesses and the interest of justice strongly favor transfer of the instant action to the Central District of Illinois. *28 U.S.C. § 1404(a)*. Specifically, it is appropriate to give deference to plaintiff's choice of forum here, where plaintiff's place of residence is in the Northern District of California, plaintiff is smaller, the nature of the allegations are that defendant's conduct has nearly destroyed plaintiff's business, the number of non-employee witnesses favors plaintiff, and plaintiff is less able to sustain the financial burden associated with travel.

## CONCLUSION

For the reasons stated above, the court DENIES defendant's motion to transfer venue to the United States District Court for the Central District of Illinois.

IT IS SO ORDERED.

Dated: *October 26, 2005*

MARILYN HALL PATEL

District Judge

United States District Court

Northern District of California