# EXHIBIT I

Westlaw

Not Reported in F.Supp.2d  Page 1
Not Reported in F.Supp.2d, 2005 WL 2874793 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
S.E.C. v. Beacon Hill Asset Management LLC
S.D.N.Y.,2005.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,
v.
BEACON HILL ASSET MANAGEMENT LLC, et al., Defendants.
No. 02 Civ. 8855(LAK).

Nov. 2, 2005.

ORDER

KAPLAN, J.

*1 The Joint Official Liquidators of Beacon Hill Master, Ltd. ("Master Fund") and the Official Liquidator of Bristol Fund, Ltd. ("Bristol Fund") move for instructions as to whether it is necessary for them to obtain court approval prior to prosecuting actions against third parties related to those funds [FN1] and, if such approval is necessary, for authorization to prosecute their claims against Banc of America Securities, LLC ("BoA") and Prudential Financial, Inc. ("Prudential"). The Securities and Exchange Commission ("SEC") contends that court approval is necessary, objects to the use of the Master Fund to finance the claim of Bristol Fund against Prudential, and submits that 20 to 50 percent of the fees incurred by counsel pursuing these should be withheld until the litigation is concluded in order to provide an incentive for a speedy resolution.

> FN1. Movants in fact filed the lawsuit in question without court approval. They seek approval after the fact.

The SEC points out that the Stipulation and Order Granting Preliminary Injunction and Other Relief, dated November 13, 2002, requires that the Master Fund obtain court approval prior to making any "outside of the ordinary course of business." Paying for the cost of affirmative litigation plainly falls into that category. The movants tacitly concede the point, which alone is dispositive with respect to the Master Fund. Accordingly, the payment of litigation expenses incurred by the Master Fund in suing BoA and Prudential absent court approval would be improper. [FN2]

> FN2. No one suggests that the approval of this Court is required for the institution and maintenance of the action insofar as it is brought on behalf of Bristol Fund.

Having established the principle that Court approval is required for the maintenance of litigation by the Master Fund, the SEC proceeds to take "no position on the wisdom of the state court lawsuit." SEC Mem. 4. Rather, it contends that Master Fund assets should not be used to finance Bristol's suit.

The fee question is premature. The Court is advised that the liquidators of the Master Fund and Bristol Fund are attempting to work out a cost and fee sharing arrangement with Milestone. Any such proposal shall be presented to the Court for approval. Moreover, the movants have not shared with the Court the terms of its retainer of counsel in the pending action. Absent further order of the Court, no assets of the Master Fund shall be disbursed to pay costs or fees in the pending litigation.

SO ORDERED.

S.D.N.Y.,2005.
S.E.C. v. Beacon Hill Asset Management LLC
Not Reported in F.Supp.2d, 2005 WL 2874793 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.