Kimberly A. Donovan (CA Bar No. 160729)
**GCA LAW PARTNERS LLP**
1891 Landings Drive
Mountain View, Ca 94043
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com

H. Dickson Burton (4004) (*pro hac vice*)
Edgar R. Cataxinos (7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:   (801) 532-1922
Facsimile:   (801) 531-9168
E-Mail:      hdburton@traskbritt.com

Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORP.<br><br>        Plaintiff,<br><br>v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION.<br>        Defendant. | Case No. CV07-4731 HRL<br><br>**DECLARATION OF THOMAS R. KARRENBERG IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO DISMISS THE ACTION**<br><br>Date:  Tues., December 4, 2007<br>Time:  10:00 a.m.<br>Place:  San Jose, CA US Courthouse |

I, Thomas R. Karrenberg, declare as follows:

1. I am an attorney licensed to practice in the State of Utah. I am senior partner in the firm of Anderson & Karrenberg, and am lead counsel for StorageCraft Technology Corporation (hereinafter "StorageCraft") and its officers in the matter of NetJapan Holdings, Inc. v. Thomas J. Shreeve, et al, Civ. No. 070906324, pending before Judge Anthony Quinn in the Third Judicial District Court for Salt Lake County, State of Utah ("NetJapan Action"). I am making this Declaration in support of Defendant's Motion to Transfer Or, In The Alternative, To Dismiss The Action. The facts set forth herein are based upon my personal knowledge, and if called upon, I am competent to testify to such facts.

2. I am familiar with the Order Regarding Plaintiff's Motion To Appoint Receiver entered by Judge Quinn in the NetJapan Action on July 30, 2007, which is attached to the Declaration of Paul S. Grewal In Support of Plaintiff Symantec Corporation's Opposition To Defendant's Motion to Dismiss as Exhibit H.

3. On September 19, 2007, I received the letter attached hereto as Exhibit A from counsel for NetJapan Holdings, Inc. ("NetJapan") in the NetJapan Action. As stated in the first paragraph of Exhibit A, the correspondence was sent with regard to the complaint being filed in the above-captioned case. That correspondence further made reference to Judge Quinn's Order referenced above, and asserted that the Order required StorageCraft to give two-weeks notice to NetJapan "before taking any action with regard to the Symantec Litigation, including, but not limited to, retaining counsel, answering the Symantec Complaint, raising defenses, and/or asserting counterclaims."

4. I responded to the letter attached as Exhibit A by disagreeing with NetJapan's position in a letter to counsel for NetJapan dated September 20, 2007. That letter is attached hereto as Exhibit B. Two more letters addressing this topic were exchanged, including one letter

from me to counsel for NetJapan, and one additional letter to me from NetJapan's counsel, attached as Exhibits C and D, respectively.

5. On October 11, 2007, I appeared before Judge Quinn in the NetJapan Action. Plaintiff in that case, NetJapan, relying on Judge Quinn's Order regarding Plaintiff's Motion for Appointment of Receiver, had objected to a proposed corporate action by StorageCraft. The purpose of the hearing was to have the Judge rule on Plaintiff's objection.

6. In the papers filed by NetJapan concerning its objection, it attached the letters attached to this Declaration as Exhibits A through D.

7. During the argument on the motion, referring to those Exhibits, I specifically asked Judge Quinn if he intended that his Order regarding Plaintiff's Motion for Appointment of Receiver required approval by NetJapan of any of Storagecraft's litigation strategy. Judge Quinn, from the bench, announced unequivocally that the Order was not intended to require any approval of Plaintiff for any litigation action contemplated or taken by StorageCraft whether in the NetJapan Action or in any other action.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed at Salt Lake City, Utah, on November 20, 2007.

Thomas R. Karrenberg

# Exhibit A



MAGLEBY | GREENWOOD
ATTORNEYS AT LAW

T 801.359.9000 : F 801.359.9011 : www.mgpclaw.com
170 South Main Street, Suite 350 : Salt Lake City, Utah 84101

Christopher M. Von Maack*  *Also admitted in California
vonmaack@mgpclaw.com

September 19, 2007

*Via Electronic Mail Only*

Thomas R. Karrenberg
 tkarrenberg@aklawfirm.com
ANDERSON & KARRENBERG
50 West Broadway, Suite 700
Salt Lake City, UT 84101

    Re:   *NetJapan Holdings, Inc., et al. v. Thomas J. Shreeve, et al.*
             Third Judicial District Court; Salt Lake County, State of Utah
             Civil No. 070906324; Honorable Anthony Quinn

Dear Tom:

     Plaintiff NetJapan Holdings, Inc. ("NetJapan") recently learned of the civil action captioned *Symantec Corporation v. StorageCraft Technology Corporation*, No. 5:07-CV-04731-HRL, filed on September 14, 2007, in the United States District Court in and for the Northern District of California, San Jose Division, against Nominal Defendant StorageCraft Technology Corporation ("STC") (the "Symantec Litigation").

     A review of the operative pleading, titled "Complaint for Misappropriation of Trade Secrets, and Unfair Competition" (the "Symantec Complaint"), causes NetJapan serious concerns because, among other things, it includes allegations of corporate theft of Symantec's trade secrets and other sensitive and confidential information by STC. [*See* Symantec Complaint]. Worse, Symantec alleges that "StorageCraft's ShadowProtect line of products . . . have been developed, marketed, and sold by and through StorageCraft's acts of unfair competition and misappropriation of trade secrets." [Symantec Complaint ¶ 34].

     As you are aware, the Court's July 30, 2007 Order Regarding Plaintiff's Motion to Appoint Receiver (the "July 30, 2007 Order") requires STC to "provide two-weeks' advance notice to Plaintiff of any proposed transaction which is outside the ordinary course of business." [July 30, 2007 Order ¶ 1]. Because it is outside the ordinary course of STC's business, we expect that STC will provide us with two-weeks' advance notice before taking any action with regard to the Symantec Litigation, including, but not limited to, retaining counsel, answering the Symantec Complaint, raising defenses, and/or asserting counterclaims.

Thomas R. Karrenberg
ANDERSON & KARRENBERG
September 19, 2007
Page 2

Thank you for your time and consideration.

Sincerely,

MAGLEBY & GREENWOOD, P.C.

Christopher M. Von Maack

CMV/bl
cc:  James E. Magleby
     Heather M. Sneddon
     Todd M. Shaughnessy
     Brett P. Johnson

# Exhibit B

LAW OFFICES
# ANDERSON & KARRENBERG
A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN P. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH
JESS M. HOFBERGER

700 CHASE TOWER
50 WEST BROADWAY
SALT LAKE CITY, UTAH 84101-2035

TELEPHONE (801) 534-1700
FACSIMILE (801) 364-7697
www.aklawfirm.com

JOHN T. ANDERSON
FRANCIS J. CARNEY
PIERO RUFFINENGO
Of Counsel

September 20, 2007

*Via First Class Mail*

Christopher M. Von Maack
**Magleby & Greenwood, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101

Re:   **NetJapan Holdings, Inc. v. Thomas J. Shreeve, et al.**

Dear Mr. Von Maack:

I am confident the Judge Quinn's Order of July 30, 2007 did not contemplate the company coordinating with your client concerning third party litigation.

Yours,

Thomas R. Karrenberg

TRK/aj

# Exhibit C



MAGLEBY | GREENWOOD
ATTORNEYS AT LAW

T 801.359.9000 : F 801.359.9011 : www.mgpclaw.com
170 South Main Street, Suite 350 : Salt Lake City, Utah 84101

Christopher M. Von Maack[*]
vonmaack@mgpclaw.com

[*]Also admitted in California

September 25, 2007

*Via Electronic Mail Only*

Thomas R. Karrenberg
 tkarrenberg@aklawfirm.com
ANDERSON & KARRENBERG
50 West Broadway, Suite 700
Salt Lake City, UT 84101

    Re:   *NetJapan Holdings, Inc., et al. v. Thomas J. Shreeve, et al.*
           Third Judicial District Court; Salt Lake County, State of Utah
           Civil No. 070906324; Honorable Anthony Quinn

Dear Tom:

    I write in response to your September 20, 2007 letter, wherein you stated that you do not believe that Nominal Defendant StorageCraft Technology Corporation's ("STC") response to the Symantec Litigation is subject to the Court's July 30, 2007 Order. Plaintiff NetJapan Holdings, Inc. ("NetJapan") respectfully disagrees, and directs your attention to, for example, *Wilcox v. CSX Corp.* 2003 UT 21, 70 P.3d 85, and *Albee v. Maverick Media, Inc.*, 474 N.W.2d 238 (Neb. 1991).

    NetJapan expects STC's full compliance with Judge Quinn's order.

                                Sincerely,

                                MAGLEBY & GREENWOOD, P.C.

                                Christopher M. Von Maack

CMV/bl
cc:   James E. Magleby
       Heather M. Sneddon
       Todd M. Shaughnessy
       Brett P. Johnson

# Exhibit D

LAW OFFICES
# ANDERSON & KARRENBERG
A PROFESSIONAL CORPORATION

THOMAS R. KARRENBERG
STEVEN W. DOUGHERTY
SCOTT A. CALL
JOHN P. MULLEN
JON V. HARPER
NATHAN B. WILCOX
STEPHEN P. HORVAT
JENNIFER R. ESHELMAN
HEATHER M. SNEDDON
JOHN A. BLUTH
JESS M. HOFBERGER

700 CHASE TOWER
50 WEST BROADWAY
SALT LAKE CITY, UTAH 84101-2035

TELEPHONE (801) 534-1700
FACSIMILE (801) 364-7697
www.aklawfirm.com

JOHN T. ANDERSON
FRANCIS J. CARNEY
PIERO RUFFINENGO
Of Counsel

September 26, 2007

*Via First Class Mail*

Christopher M. Von Maack
**Magleby & Greenwood, P.C.**
170 South Main Street, Suite 350
Salt Lake City, Utah 84101

Re:   <u>NetJapan Holdings, Inc. v. Thomas J. Shreeve, et al.</u>

Dear Mr. Von Maack:

This is in response to your letter to me of yesterday concerning the Symantec litigation. I am confident that my client is operating completely within the scope of Judge Quinn's order with regard to the Symantec litigation, especially since we believe your client had a hand in fostering that litigation.

Yours,

Thomas R. Karrenberg

TRK/aj

cc:   Heather Sneddon, Esq.
      Todd M. Shaughnessy, Esq.
      Brett P. Johnson, Esq.