KIMBERLY A. DONOVAN (CA Bar No. 160729)
**GCA LAW PARTNERS LLP**
1891 Landings Drive
Mountain View, Ca 94043
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com


H. DICKSON BURTON (UT Bar. No. 4004) (*pro hac vice*)
EDGAR R. CATAXINOS (UT Bar No. 7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:   (801) 532-1922
Facsimile:    (801) 531-9168
E-Mail:       hdburton@traskbritt.com


Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SYMANTEC CORP.<br><br>            Plaintiff,<br><br>    v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION.<br><br>            Defendant. | Case No.  CV07-4731 HRL<br><br>**DECLARATION OF**<br>**H. DICKSON BURTON**<br>**IN SUPPORT OF DEFENDANT'S**<br>**MOTION TO TRANSFER OR, IN**<br>**THE ALTERNATIVE, TO DISMISS**<br>**THE ACTION**<br><br>Date:    Tues. December 4, 2007<br>Time:    10:00 a.m.<br>Place:   San Jose, CA US Courthouse |

DOCUMENT PREPARED
ON RECYCLED PAPER

25803312.1

DECLARATION OF H. DICKSON BURTON IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

I, H. Dickson Burton, declare as follows:

1. I am a senior partner at the law firm of TraskBritt P.C. and lead counsel for Defendant StorageCraft Technology Corporation ("StorageCraft"). I am making this declaration in support of Defendant's Motion to Transfer Or, In The Alternative, To Dismiss The Action. The facts set forth herein are based upon my personal knowledge, and if called upon, I am competent to testify to such facts.

2. I have reviewed a file with the name "kidspics.xls" containing PowerQuest employee data. This is the file referred to by Plaintiff in its Complaint and in Symantec's Opposition to Defendant's Motion as the "Kid's Pics" file or as the "Employee Data List." Attached to this Declaration, as Exhibit A, is a true and correct copy of a screenshot of the "properties" summary page of the "Kid's Pics" file, which properties are kept in Excel spreadsheets as "metadata." As can be seen in Exhibit A, the file's "properties" describe the "Author" of the file to be "SusanT" and the "Company" to be "PowerQuest." It also indicates that the file was first created on August 18, 2003 and last saved by Kerre Slayton on October 27, 2003.

3. Attached as Exhibit B is a true and correct copy of a Complaint which I caused to be filed on November 5, 2007, in the U.S. District Court for the District of Utah in a case now captioned as *StorageCraft Technology Corporation v. Symantec Corporation*, Civ. No. *2:07cv00856*.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed at Salt Lake City, Utah, on November 20, 2007.

H. Dickson Burton

25803312.1

- 1 -

DECLARATION OF H. DICKSON BURTON IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

# Exhibit A



# Exhibit B

H. Dickson Burton (4004)
Edgar R. Cataxinos (7162)
Jason P. Nixon (11417)
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT 84110
Telephone: (801) 532-1922

Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT

2007 NOV -5 P 2: 09

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **STORAGECRAFT TECHNOLOGY CORPORATION**, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SYMANTEC CORPORATION**, a Delaware corporation<br><br>Defendants | **COMPLAINT**<br>**(DEMAND FOR JURY TRIAL)**<br><br>Case: 2:07cv00856<br>Assigned To : Warner, Paul M.<br>Assign. Date : 11/5/2007<br>Description: Storagecraft Technology v. Symantec |

STORAGECRAFT TECHNOLOGY CORPORATION (hereinafter "StorageCraft"), by and through its counsel of record, alleges and complains against Defendant SYMANTEC CORPORATION ("Symantec" or "Defendant"), as follows:

1. Plaintiff StorageCraft is a Utah Corporation, conducting business in Salt Lake County, Utah, and having a principal place of business at 180 West Election Road, Suite 230, Draper, Utah 84020.

2. Defendant Symantec is a Delaware corporation having a principal place of business at 20330 Stevens Creek Blvd., Cupertino, California 95014.

3. Symantec acquired PowerQuest Corporation, a Utah corporation ("PowerQuest"), on or about December 8, 2003.

Page 1 of 12

## JURISDICTION AND VENUE

4. This is a civil action arising under 17 U.S.C. § 501 for infringement of copyright, breach of contract, and under the Utah Uniform Trade Secrets Act U.C.A. § 13-24-1 *et. seq.*

5. Defendant Symantec is a Delaware Corporation authorized to do business in the State of Utah and having regular places of business within the State of Utah and a registered agent at 136 East South Temple, Suite 2100, Salt Lake City, Utah 84111, which provides this Court jurisdiction over the named defendant.

6. This court has jurisdiction over the subject matter of this action pursuant to the copyright laws of the United States, including title 17 U.S.C §§ 101 et seq., and 28 U.S.C. §§ 1331 and 1338.

7. This court has jurisdiction over StorageCraft's claims for infringement of copyright, breach of contract, and violations of the Utah Uniform Trade Secrets Act pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400.

## GENERAL ALLEGATIONS

9. StorageCraft is in the business of designing, selling, marketing, and manufacturing software for security, backup and disaster recovery.

10. On or about June 14, 2002, StorageCraft, Inc. entered into a Software License and Services Agreement (hereinafter the "License Agreement") with PowerQuest.

11. Plaintiff StorageCraft was formed as a merger of two preexisting corporations, StorageCraft, Inc. and ShadowStor, Inc, and is the successor in interest to StorageCraft, Inc.

12. On or about December 8, 2003, Symantec acquired PowerQuest. Symantec is the successor in interest to PowerQuest, including with respect to all rights and obligations under the License Agreement.

13. Pursuant to paragraph 2.1 of the License Agreement, PowerQuest was provided a license to compiled Object Code versions of Licensed Software identified under the License Agreement. Pursuant to paragraph 2.2 of the License Agreement, PowerQuest was provided with a copy of all Source Code, in order to effectuate paragraph 2.1, subject to the remaining provisions of the License Agreement.

14. The Source Code provided to PowerQuest pursuant to the License Agreement constitutes confidential information and trade secrets of StorageCraft. PowerQuest is under an obligation to protect the confidentiality thereof.

15. Paragraph 11.1 of the License Agreement defines "Confidential Information" as including "information in whatever form, pertaining to the Source Code of the Licensed Software and the know-how related thereto...."

16. The numerous trade secrets and other confidential information belonging to StorageCraft, including the Confidential Information defined under paragraph 11.1 of the License Agreement, derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from their disclosure or use; and are the subject of reasonable efforts by StorageCraft to maintain their secrecy.

17. Paragraph 11.2 of the License Agreement requires PowerQuest, and now Symantec, as the Receiving Party, except as otherwise authorized, "(i) to hold the Disclosing Party's [StorageCraft's] Confidential Information in confidence and to take all reasonable precautions to

protect such Confidential Information (including, without limitation, all precautions the Receiving Party employs with respect to its own confidential materials), (ii) not to divulge any such Confidential Information to any third person and (iii) not to make any use whatsoever of such Confidential Information."

18. PowerQuest and Symantec have failed to hold StorageCraft's Confidential Information in confidence, have disclosed it to third persons, and have not taken all reasonable precautions to protect such Confidential Information.

19. Upon information and belief, PowerQuest and Symantec developed unauthorized derivative works and continue to develop and make use of such unauthorized derivative works by making modified versions of StorageCraft's Source Code, which derivative works are incorporated in a range of software products offered by PowerQuest and Symantec.

20. Upon information and belief, Defendant Symantec's products developed using StorageCraft's Confidential Information and which now incorporate unauthorized derivative works include but are not limited to various versions of the BackupExec System Recovery and V2i Protector line of products and other related backup and recovery products.

21. Upon information and belief, Symantec continues to benefit from unauthorized derivatives and such derivatives are included in Symantec products currently being shipped.

22. These actions by PowerQuest and Symantec are in violation of their agreement to not make any use of StorageCraft's Confidential Information which is not authorized or permitted under the License Agreement.

23. Paragraph 7.1 of the License Agreement provides that, subject to paragraph 7.2, "Licensor (StorageCraft) shall retain ownership of all Intellectual Property Rights in the Licensed Software, Source Code and Documentation."

24. Paragraph 7.2 of the License Agreement provides that under limited circumstances, PowerQuest (and Symantec) would have the right to create derivative works based on the Licensed Software. Under those circumstances the derivative works based on the Licensed Software would be owned by PowerQuest and Symantec. Otherwise, any derivative works would be owned by StorageCraft as Licensor.

25. Upon information and belief, no derivative works have been created from the Source Code provided under the License Agreement under any of the limited circumstances set forth in paragraph 7.2(b).

26. In late December 2004 and early January 2005, StorageCraft's management became aware of the issues surrounding the treatment and use of StorageCraft's Confidential Information by PowerQuest and Symantec, including that its Confidential Information had not been adequately protected from unauthorized disclosure and use, and that unauthorized derivative works had been made.

27. Beginning in January 2005, StorageCraft attempted to resolve its concerns with Symantec by engaging in dialogue and correspondence. Symantec failed to adequately address StorageCraft's concerns.

28. Among other things, Symantec denied that StorageCraft's software had been exposed in unprotected circumstances and claimed that Symantec was fully compliant with the requirements to protect StorageCraft's Confidential Information, but refused to respond to specific inquiries by StorageCraft concerning its activities.

29. Based on Symantec's unwillingness to engage in discussion regarding its actual practice with respect to protecting StorageCraft's Confidential Information and to specifically address StorageCraft's serious concerns, and because of the serious violations by Symantec of

StorageCraft's rights under the License Agreement, StorageCraft elected to exercise its right under the License Agreement to terminate. Accordingly, by letter dated March 15, 2005, StorageCraft provided Notice of The Termination of the License Agreement, pursuant to paragraph 12.2 of the License Agreement.

30. Under paragraph 12.2, StorageCraft had the right to terminate the Agreement immediately upon notice if "(i) Licensee uses or discloses the Source Code of the Licensed Software in material breach of the provisions of Section 11.2 (Restrictions on Use and Disclosure), or (ii) Licensee's use of the Source Code of the Licensed Software materially exceeds the scope of the license grant . . . ."

31. In the letter conveying Notice of Termination, StorageCraft noted that Symantec had breached the License Agreement by allowing use and disclosure of the Source Code of the Licensed Software in material breach of paragraph 11.2 of the License Agreement, and had made unauthorized derivatives based on the Source Code. Creation of the unauthorized derivatives materially exceeds the scope of the license grant in Section 2.1 of the License Agreement.

32. In the letter conveying Notice of Termination, StorageCraft recognized that paragraph 12.2 of the Agreement provides a thirty-day period for Symantec to cure any breaches, but also noted that the breaches complained of were incapable of cure. In any event, Symantec failed to cure the breaches within the thirty-day period. The License Agreement was and is now terminated.

33. In response to the Notice of Termination, Symantec claimed that third persons who had access to the Source Code owed a contractual duty of confidentiality to Symantec, but refused to allow StorageCraft to review any agreements with those third parties.

34. In spite of the Notice of Termination and StorageCraft's demand to Symantec that it provide copies of all source and object code for any derivatives based on the Source Code of the Licensed Software, which under the License Agreement is owned by StorageCraft, and is identified by Symantec in its software products as owned by StorageCraft, Symantec has refused to provide any such copies to StorageCraft.

35. Despite the termination of the license, Symantec has continued to create unauthorized derivatives and to sell and distribute products to the public that contain Object Code for which no license exists. Upon information and belief, these products presently include at least various versions of those products identified above in paragraph 20.

On April 12, 2005, StorageCraft registered VSnap.sys with the Register of Copyrights, obtaining Certificate of Registration, number TX0006125380.

## COUNT I

## BREACH OF CONTRACT

36. StorageCraft incorporates by reference the allegations of paragraphs 1 through 36 as if fully set forth herein.

37. Symantec has failed to hold StorageCraft's Confidential Information in confidence, to take all reasonable precautions to protect StorageCraft's Confidential Information, to not disclose said Confidential Information to third persons, and to not use said Confidential Information contrary to the terms of the License Agreement.

38. Symantec has made derivative works from the Source Code of the Licensed Software which are not authorized under the License Agreement and which materially exceed the scope of the License Grant of the License Agreement.

39. Symantec has refused to provide copies of the unauthorized derivatives to StorageCraft.

40. Symantec's conduct is in breach of its contractual obligations to StorageCraft.

41. The License Agreement is now terminated and Symantec is no longer authorized to use the proprietary and confidential information of StorageCraft. Symantec continues to use the proprietary and confidential information of StorageCraft, also in violation of the License Agreement.

42. StorageCraft is entitled to compensatory, consequential and incidental damages in an amount to be proved at trial. StorageCraft is entitled under the License Agreement to recover its attorneys' fees and costs incurred in enforcing its rights under the License Agreement. StorageCraft is also entitled to injunctive relief enjoining Symantec from using StorageCraft's Confidential Information and ordering Symantec to return all originals and copies, including electronic, digital or magnetic copies of StorageCraft property.

## COUNT II

### UTAH UNIFORM TRADE SECRETS ACT

43. StorageCraft incorporates by reference the allegations of paragraphs 1 through 43 as if fully set forth herein.

44. Without authority or permission to do so, Symantec (and its predecessor in interest PowerQuest) has taken or retained StorageCraft property including trade secrets in violation of the Utah Uniform Trade Secrets Act, Utah Code Ann. §13-24-1 *et seq.* The trade secrets belonging to StorageCraft, which include the Confidential Information defined under paragraph 11.1 of the License Agreement, derive independent economic value from not being generally known to, and

Page 8 of 12

not being readily ascertainable by proper means by other persons who can obtain economic value from their disclosure or use; and are the subject of reasonable efforts by StorageCraft to maintain their secrecy.

45. Since the termination of the License Agreement Symantec has, without authorization, possessed, used and disclosed the trade secrets of StorageCraft for its own commercial gain, to the harm and detriment of StorageCraft.

46. During the term of the License Agreement, Symantec also used and disclosed the trade secrets of StorageCraft outside the scope of the License Grant of the License Agreement.

47. Symantec's conduct causes damage and irreparable injury to StorageCraft. StorageCraft is entitled to injunctive relief pursuant to the Utah Uniform Trade Secrets Act to prevent actual or threatened misappropriation of StorageCraft's trade secrets. StorageCraft is also entitled to an order requiring Symantec to return all originals and copies of StorageCraft's property, whether electronic, digital, magnetic, or otherwise.

48. The actions of Defendants have damaged StorageCraft in an amount to be proved at trial. These actions are also willful and malicious, entitling StorageCraft to twice the amount of damages incurred.

## COUNT III

### COPYRIGHT INFRINGEMENT

49. StorageCraft incorporates by reference the allegations of paragraphs 1 through 49 as if fully set forth herein.

50. At all times relevant hereto, StorageCraft, or its predecessor StorageCraft, Inc., has been and still is the owner and proprietor of all right, title and interest in and to the works VSnap.sys and all derivative works.

51. VSnap.sys is software source code containing material wholly original with StorageCraft and is copyrightable subject matter under the copyright laws of the United States.

52. With full knowledge of StorageCraft's rights herein, Symantec has infringed and continues to infringe StorageCraft's copyrighted work by directly copying VSnap.sys, creating derivative works thereof, incorporating VSnap.sys and derivative works thereof into various software products, and making copies of those products on computer hard drives, compact disks, floppy disks and/or other electronic, digital or magnetic media and storage, and then selling and distributing said software code in its products throughout the United States and in other countries. Such copying was and is being done by Symantec without the consent, approval or license of StorageCraft. Symantec has referred to or named VSnap.sys and/or its derivatives thereof in its various products by at least the names pqv2i.sys and symsnap.sys.

53. Symantec also induces third parties, including its customers or purchasers of its products, to make unauthorized copies including by downloading Symantec products, loading Symantec products onto computer hard drives, and by making additional or backup copies of the products.

54. Symantec's conduct violates StorageCraft's exclusive rights under the Copyright Act of 1976, 17 U.S.C. §106, and constitutes infringement of StorageCraft's copyrights. Symantec's past and continuing copying, distribution and sale of its software products which contain VSnap.sys and derivative works thereof constitutes a willful and deliberate infringement of StorageCraft's copyrights and is causing irreparable harm and damage to StorageCraft.

55. StorageCraft is entitled to damages as provided by law, including enhanced damages, in an amount to be proved at trial and injunctive relief enjoining Symantec from infringing or continuing to infringe StorageCraft's copyrights, and ordering the impoundment and destruction of all copies made or used in violation of its exclusive rights, including electronic, digital or magnetic copies.

## PRAYER FOR RELIEF

WHEREFORE, StorageCraft prays that the Court enter an order:

1. Preliminarily and permanently enjoining Symantec Corporation, its subsidiaries, affiliates, directors, officers, employees, and all other related entities or individuals

    (a) from appropriating, disclosing, and/or using StorageCraft's Confidential Information, including Source Code and copyrighted works, including derivative works;

    (b) from selling or distributing its infringing software products containing StorageCraft's Confidential Information, including Source Code and copyrighted works, including derivative works, to any other person.

2. Requiring Symantec to recall and destroy *all* existing software products containing StorageCraft's Confidential Information, including Source Code and copyrighted works, including derivative works.

3. Directing Symantec to account to and pay over to StorageCraft all damages sustained by StorageCraft.

4. Awarding StorageCraft all other damages sustained by StorageCraft as a result of Symantec's conduct alleged herein.

5.  Awarding StorageCraft increased, enhanced or punitive damages because of the willful and wanton nature of Symantec's conduct.

6.  Awarding StorageCraft its reasonable attorney's fees and costs.

7.  Awarding StorageCraft any such other relief that the Court may find just and equitable.

8.  Permanently enjoining Symantec from resuming its illegal and damaging conduct in the future.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, StorageCraft Corporation demands a trial by jury on all issues triable by a jury.

DATED this 5th day of November, 2007.

H. Dickson Burton (4004)
Edgar R. Cataxinos (7162)
Jason P. Nixon (11417)
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT 84110
Telephone: (801) 532-1922

Attorneys for Plaintiff