Kimberly A. Donovan (CA Bar No. 160729)
**GCA LAW PARTNERS LLP**
1891 Landings Drive
Mountain View, Ca 94043
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com

H. Dickson Burton (4004) (*pro hac vice*)
Edgar R. Cataxinos (7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:    (801) 532-1922
Facsimile:    (801) 531-9168
E-Mail:    hdburton@traskbritt.com

Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORP.<br><br>Plaintiff,<br><br>v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION.<br>Defendant. | Case No. CV07-4731 HRL<br><br>**SECOND DECLARATION OF THOMAS RUSSELL SHREEVE IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO DISMISS THE ACTION**<br><br>Date: Tues., December 4, 2007<br>Time: 10:00 a.m.<br>Place: San Jose, CA US Courthouse |

25803312.1

DECLARATION OF THOMAS RUSS SHREEVE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

DOCUMENT PREPARED ON RECYCLED PAPER

I, Thomas Russell Shreeve, declare as follows:

1. I am Chief Operating Officer for Defendant StorageCraft Technology Corporation. (hereinafter "StorageCraft"). I am making this Second Declaration in support of Defendant's Motion to Transfer Or, In The Alternative, To Dismiss The Action. The facts set forth herein are based upon my personal knowledge, and if called upon, I am competent to testify to such facts.

2. StorageCraft does not maintain any place of business in California. StorageCraft has never had a place of business in California. StorageCraft has no employees or agents in California.

3. StorageCraft was not originally formed as StorageCraft, Inc. in California. It was created from the merger of a Utah corporation, ShadowStor, Inc., and a California corporation, StorageCraft, Inc. StorageCraft, the defendant in this case, has always been located in and operated its business in the State of Utah. Current management consists entirely of former management of the Utah corporation. The business location of StorageCraft continued in Utah.

4. The mechanics of the merger involved formation of StorageCraft in Utah in September 2004, as a Utah corporation, and the stock of StorageCraft, Inc. and ShadowStor, Inc. was exchanged for stock in the new StorageCraft Technology Corporation (the Utah corporation).

5. The two tradeshows in California attended by StorageCraft identified by Symantec are the only two tradeshows in California at which representatives of StorageCraft have ever exhibited StorageCraft products. StorageCraft attended these tradeshows because of the tradeshow subject matter and opportunity, and would have attended these tradeshows wherever they were located, not because they were in California. The attendees at the tradeshows were most likely visiting the trade shows from many different states and countries. The actual presence of the tradeshow in California was not intended to particularly promote relationships in California.

6. Symantec makes references to StorageCraft's business dealings with HP, VMware and Seagate. Other than royalty payments from HP, there have been no business activities with HP or Seagate since StorageCraft was formed. StorageCraft is the successor in interest to both the HP and Seagate agreements, but the agreements were negotiated by StorageCraft's predecessor, StorageCraft, Inc., and not by StorageCraft. Moreover, the dealings of StorageCraft, Inc. with HP, which preceded the merger, occurred exclusively with HP's business team in France. No representatives of StorageCraft have ever visited HP or Seagate in California. Although the survivor in interest was StorageCraft, the activities were historical only. StorageCraft did complete a license agreement with VMware for technology, but has visited the company in association with the agreement no more than approximately two times. Negotiations and execution of the license agreements were done using correspondence or other remote communications. These transactions did not involve any presence in the Northern District of California other than the two visits referenced.

7. StorageCraft was a licensor of Symantec as a result of the merger, but the license agreement was negotiated and entered into by StorageCraft's predecessor (StorageCraft, Inc.) and Symantec's predecessor (PowerQuest, a Utah corporation). This license never involved any contact between either StorageCraft or its predecessor StorageCraft, Inc. and anyone in California because PowerQuest was located in Utah. In fact, even though StorageCraft, Inc. was a California business, it agreed to a forum selection clause in the license agreement with PowerQuest (Symantec's predecessor) that any disputes concerning the license agreement would be resolved exclusively in Utah. Moreover, StorageCraft terminated the license agreement in March 2005.

8. Symantec makes reference to attendance by StorageCraft representatives at the deposition of Symantec's Rule 30(b)(6) designee, Don Kleinschnitz. It is true that some

StorageCraft representatives attended, but their attendance was by telephone while they were physically located in Utah. Moreover, since Symantec designated almost the entire deposition as "highly confidential," StorageCraft representatives were excluded from the deposition (the telephone was placed on mute so they could not hear) except for the introduction.

9. Contrary to Symantec's claim that the alleged misappropriation of the "trade secret" employee list came to light in a deposition in California (page 11, line 20), the document in question was produced by StorageCraft (a Utah corporation) in a lawsuit being litigated in a Utah court, to the Utah attorneys of a Japanese company, NetJapan, which is the other litigant in the Utah case. The deposition was conducted pursuant to a subpoena to Symantec issued pursuant to a commission issued by a Utah court. The deposition was a Rule 30(b)(6) deposition of Symantec. Symantec designated Don Kleinschnitz as its testifying representative for that deposition. Mr. Kleinschnitz is a Utah resident and Utah employee of Symantec, and is a former executive of PowerQuest. Symantec brought Mr. Kleinschnitz from Utah to its California office where he was deposed by the Utah attorneys of NetJapan.

10. As of November 19, 2007 Symantec's website indicates that Symantec employs more than 17,500 employees and had over 5 billion dollars in total net revenue in fiscal year 2007.

11. StorageCraft currently has nine full-time employees.

12. In late 2003, when I was employed by PowerQuest, Susan Transtrum was the senior Human Resources manager at PowerQuest.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed at Salt Lake City, Utah, on November 20, 2007.

Thomas Russell Shreeve