1  Paul S. Grewal (CSB# 196539)
   pgrewal@daycasebeer.com
2  William P. Nelson (CSB# 196091)
   wnelson@daycasebeer.com
3  DAY CASEBEER MADRID & BATCHELDER LLP
   20300 Stevens Creek Blvd., Suite 400
4  Cupertino, CA 95014
   Tel. (408) 873-0110
5  Fax: (408) 873-0220

6  Attorneys for Plaintiff
7  SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION,<br><br>        Defendant. | No. C07 04731 JW<br><br>**SYMANTEC CORPORATION'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY**<br><br>DATE:       MARCH 10, 2008<br>TIME:       9:00 A.M.<br>COURTROOM: 8<br>JUDGE:      HONORABLE JAMES WARE |

873777_2.doc

SYMANTEC'S NOTICE OF MOTION, MOTION FOR EXPEDITED DISCOVERY, AND SUPPORTING MEMO.          CASE NO. C07 04731 JW

# TABLE OF AUTHORITIES

**Cases**

*Church of Scientology of San Francisco v. Internal Revenue Serv.*,
  991 F.2d 560 (9th Cir. 1993) ................................................................................................ 3

*Pac. Lumber Co. v. Nat'l. Union Fire Ins. Co.*,
  220 F.R.D. 349 (N.D. Cal. 2003) ........................................................................................... 3

*Posdata Co. Ltd v. Kim*,
  No. C-07-02504, 2007 WL 1848661 (N.D. Cal. Jun. 27, 2007) ............................................ 5

*Skellerup Indus. Ltd. v. City of Los Angeles*,
  163 F.R.D. 598 (C.D. Cal. 1995) ........................................................................................... 5

*Sutton v. Everest Nat'l. Ins. Co.*,
  No. 07-cv-00425, 2007 U.S. Dist. LEXIS 34075 (D. Colo. May 9, 2007) ............................ 4

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff Symantec Corporation ("Symantec") moves for an order authorizing the immediate initiation of discovery by both Symantec and Defendant StorageCraft Technology Corporation ("StorageCraft"). Symantec further asks for an order compelling StorageCraft to respond within thirty days to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents. StorageCraft does not consent to this motion.

This motion is based upon the Notice of Motion, the Memorandum in Support of Plaintiff's Motion, and the Declaration of Paul S. Grewal, filed concurrently herewith, and all of the pleadings and papers on file herein and upon such further evidence and argument, both oral and documentary, as may be presented at a hearing on this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY

Pursuant to Fed. R. Civ. P. 26(d), Plaintiff Symantec Corporation ("Symantec") moves for an order authorizing the immediate initiation of discovery by both Symantec and Defendant StorageCraft Technology Corporation ("StorageCraft"). As part of the relief it seeks, Symantec further asks for an order compelling StorageCraft to respond within thirty days to the attached Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents.[1] StorageCraft does not consent to this motion.[2]

Over three months have passed since Symantec filed this lawsuit on September 13 for relief from the harm inflicted by StorageCraft's trade secret theft and unfair competition, including its theft of the sensitive personal information of more than 270 current and former Symantec employees. On December 21, thirty-two minutes before the parties' Rule 26(f) conference was set to begin, StorageCraft announced to Symantec for the first time that it refused to proceed with the conference as scheduled.[3] StorageCraft also informed Symantec for the first time that it would not respond to any discovery whatsoever until the Court has ruled on StorageCraft's pending motion to transfer Symantec's claims to the District of Utah.[4]

A hearing on StorageCraft's transfer motion was originally scheduled for December 4 before Magistrate Judge Lloyd. But after this case was reassigned to the District Judge, StorageCraft failed to comply with the District Judge's explicit instruction to reschedule all pending hearing dates in accordance with the District Court's civil motion calendar.[5] Only after Symantec's counsel pointed out to StorageCraft's counsel on November 26 that the December 4 hearing date had been vacated by Court order did StorageCraft fulfill its duty to reset the hearing.[6] By this time, the District Judge's civil calendar precluded hearing on StorageCraft's motion before February 11.

---

[1] 12/31/07 Declaration of Paul S. Grewal in Support of Motion for Expedited Discovery ("Grewal Decl."), Exs. A, B, M.
[2] As reflected in Symantec's Unopposed Request for Order Changing Time, filed concurrently, the parties have agreed to an expedited briefing schedule and page limits (five pages per pleading) in connection with this motion.
[3] *Id.*, Ex. C at 2.
[4] *Id.*
[5] *Id.*, Ex. D at 1.
[6] *Id.*, Exs. E, F.

StorageCraft now seeks to take advantage of its own failure to comply with the Court's order to promptly secure a new hearing date by unilaterally staying all discovery until after the Court has ruled on its transfer motion. As justification for its refusal to attend the Rule 26(f) conference as scheduled by the parties on December 21, thereby forcing Symantec to file this motion, StorageCraft relies on the Court's order earlier in the day on December 21 resetting the case management conference from January 11 to March 17.[7] StorageCraft's unilateral discovery stay, however, flies in the face of this Court's precedent authorizing a stay of all discovery in light of a pending motion only if the motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed."[8] Here, the motion relied upon by StorageCraft will dispose of nothing, as StorageCraft merely seeks transfer to the District of Utah (or dismissal without prejudice so that Symantec may simply refile the claims in Utah in their entirety). StorageCraft's unilateral stay further flies in the face of fundamental fairness by allowing StorageCraft to take advantage of a delay in resolving its motion that was of StorageCraft's own making. StorageCraft's unilateral stay is also fundamentally unfair in light of StorageCraft's parallel efforts to secure discovery against Symantec by way of a subpoena on Symantec served in a litigation with a third party in state court.[9]

Symantec has an urgent need to commence discovery, more than three months after it brought suit, in order to determine the extent of StorageCraft's theft of its trade secrets. In August 2007, Symantec appeared for a deposition at the Cupertino, California offices of its counsel, after receiving a notice of subpoena in connection with ongoing litigation between StorageCraft and a third party.[10] During the deposition, Symantec was presented with documents showing that StorageCraft had illegally acquired and used a confidential series of Microsoft Excel worksheets prepared by Symantec to memorialize key strategic decisions surrounding Symantec's late 2003 acquisition of PowerQuest Corporation.[11] The worksheets—collectively referred to as the

---

[7] *Id.*, Ex. G.
[8] *Pac. Lumber Co. v. Nat'l. Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (citing *Church of Scientology of San Francisco v. Internal Revenue Serv.*, 991 F.2d 560, 563 (9th Cir. 1993)).
[9] Grewal Decl., Ex. H.
[10] Grewal Decl. ¶¶ 3-7.
[11] *Id.*

"Employee Data List"—set forth key data and planning information used by Symantec to make strategic personnel decisions regarding the integration of PowerQuest into Symantec, and also included sensitive personal information, such as Social Security numbers, for more than 270 current and former employees.[12]

The Cupertino deposition also revealed that StorageCraft stole these trade secrets in coordination with several former PowerQuest employees who declined offers to stay with Symantec after the acquisition, and who now comprise StorageCraft's senior management. In particular, StorageCraft Vice President Brandon Nordquist, a former PowerQuest employee, electronically transmitted the Employee Data List to Michael Kunz, another former PowerQuest employee and current StorageCraft executive. The file name of the document was altered from "Master_emp_list" to "kidspics" in a transparent attempt to cover up the theft. Mr. Nordquist's one-line cover email reflected that he clearly understood the sensitivity of the stolen trade secrets: "Keep this under control."[13] Other documents used at the August 23 deposition strongly suggest that other Symantec trade secrets, including marketing materials and software development documents, also were misappropriated. And StorageCraft's former CEO has informed Symantec that the four former PowerQuest employees now employed by StorageCraft had produced a competing product whose "new product requirements specifications"[14] were derived from confidential documentation and information taken from PowerQuest/Symantec.[15]

StorageCraft can point to no legitimate prejudice from an order granting Symantec's request. StorageCraft will itself be free to pursue discovery on Symantec's claims, and the burden of the discovery sought by both parties will be necessary no matter how the Court rules on StorageCraft's pending motion.[16] In contrast, by the time the Court hears StorageCraft's transfer motion, over five

---

[12] *Id.*, Ex. I at ¶¶ 26-28.
[13] *Id.*, Exs. J, I at ¶ 30.
[14] *Id.*, Ex. K.
[15] *Id.*
[16] *Cf. Sutton v. Everest Nat'l. Ins. Co.*, No. 07-cv-00425, 2007 U.S. Dist. LEXIS 34075, at *5 (D. Colo. May 9, 2007) ("The dispute between these parties will proceed in some court…") (attached as Grewal Decl., Ex. L). To avoid any dispute over Symantec's obligation to comply with the trade secret disclosure requirements of Cal. Code. Civ. P. § 2019.210, Symantec has served upon StorageCraft a § 2019.210 Statement (attached as Grewal Decl., Ex. M).

months will have passed since Symantec filed this suit, even as Symantec faces subpoenas from StorageCraft in the third-party state court action.[17]

Federal courts regularly order expedited discovery in circumstances like these where unnecessary delay jeopardizes the prompt resolution of trade secret and unfair competition claims.[18] Symantec's motion should likewise be granted. A proposed order is attached.

Dated: December 31, 2007

By: *Paul S. Grewal* (signature)
Paul S. Grewal (CSB# 196539)
William P. Nelson (CSB# 196091)
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel: (408) 873-0110
Fax: (408) 873-0220

*Attorneys for Plaintiff Symantec Corporation*

---

[17] Cf. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (noting that if the parties are already participating in discovery, staying discovery is less desirable).

[18] *See, e.g., Posdata Co. Ltd v. Kim*, No. C-07-02504, 2007 WL 1848661, at *8-9 (N.D. Cal. Jun. 27, 2007) (attached as Grewal Decl., Ex. N).