# Exhibit A

Paul S. Grewal (CSB# 196539)
William P. Nelson (CSB# 196091)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel.: (408) 873-0110
Fax: (408) 873-0220
Tel. (408) 873-0110
Fax: (408) 873-0220
Email:
pgrewal@daycasebeer.com
wnelson@daycasebeer.com

Attorneys for Plaintiff
SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **SYMANTEC CORPORATION** | Case No. C07 04731 JW |
| Plaintiff, | |
| v. | **SYMANTEC CORPORATION'S FIRST SET OF INTERROGATORIES TO STORAGECRAFT TECHNOLOGY CORPORATION** |
| **STORAGECRAFT TECHNOLOGY CORPORATION,** | |
| Defendant. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Symantec Corporation requests that Defendant StorageCraft Technology Corporation answer the following interrogatories, in writing and under oath, within thirty (30) days of service hereof.

I.  **DEFINITIONS**

1.  As used herein, "all" means "any and all"; "any" means "any and all."

2.  As used herein, "and" and "or" encompass both "and" and "or," and references shall be construed either as singular or plural, as necessary to bring within the scope of these requests any information or documents and things that might otherwise be construed to be outside their scope.

3.  As used herein, "document" shall include the broadest meaning provided by Fed. R. Civ. P. 26 and 34, all things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001, and tangible items such as research and development samples, prototype devices and production samples. "Documents" may be stored in either hardcopy or electronic form. Electronic documents include electronic mail and computer code in any form. A draft, translation or non-identical copy, such as a copy containing comments or notations, is a separate document within the meaning of this term.

4.  As used herein, "including" means "including but not limited to."

5.  As used herein, "product" means any product, software, system, method or service, whether commercialized or not.

6.  As used herein, the term "publications" means any printed or recorded document distributed or made available for view without confidentiality restrictions, including magazines, newspapers, trade journals, articles, dissertations, presentations, lectures, patents, abandoned patent applications referred to in an issued patent, standards, reports, white papers, presentation handouts, slides, drawings, graphical representations, specifications, proposals, books, web pages, abstracts, catalogues, advertisements, newsletters, electronic bulletin boards, and electronic newsgroups.

7.  As used herein, "Symantec" means plaintiff Symantec Corporation and the following entities, whether active or retired, full-time or part-time, current or former,

1  compensated or not: its directors, trustees, officers, employees, consultants, agents, attorneys,

2  accountants, representatives, servants, partners, corporate parents, subsidiaries, divisions,

3  predecessors, successors, affiliates, and any joint ventures to which it is or was a party.

4      8.    As used herein, "PowerQuest" means PowerQuest Corporation and the following

5  entities, whether active or retired, full-time or part-time, current or former, compensated or not:

6  its directors, trustees, officers, employees, advisory board members, consultants, agents,

7  attorneys, accountants, representatives, servants, partners, corporate parents, subsidiaries,

8  divisions, predecessors, successors, affiliates, and any joint ventures to which it is or was a party.

9      9.    As used herein, "StorageCraft" means defendant StorageCraft Technology

10 Corporation and the following entities, whether active or retired, full-time or part-time, current or

11 former, compensated or not: its directors, trustees, officers, employees, advisory board

12 members, consultants, agents, attorneys, accountants, representatives, servants, partners,

13 corporate parents, subsidiaries, divisions, predecessors, successors, affiliates, and any joint

14 ventures to which it is or was a party, including StorageCraft Inc. and ShadowStor Inc.

15     10.    As used herein, "you" "your" and "yours" mean StorageCraft as defined above.

16 **II.    INSTRUCTIONS**

17     **1.**    In answering these interrogatories, StorageCraft is required to furnish truthfully and

18 in good faith all information that is presently available to StorageCraft, regardless of whether

19 such information was obtained directly by StorageCraft.

20     **2.**    If any of the following interrogatories cannot be answered in full, please answer to

21 the extent possible, specifying the reasons for StorageCraft's inability to answer the remainder of

22 the interrogatory and stating whatever information, knowledge or belief StorageCraft does have

23 concerning the unanswered portion thereof.

24     **3.**    Each interrogatory shall be answered fully unless it is in good faith objected to, in

25 which event the reasons for StorageCraft's objection shall be stated in detail. If an objection

26 pertains to only a portion of an interrogatory, or a word, phrase, or clause contained in it,

27 StorageCraft is required to state StorageCraft's objection to that portion only and to respond to

28 the remainder of the interrogatory, using StorageCraft's best efforts to do so. StorageCraft's

1  answers hereto are to be signed and verified by the persons making them, and the objections
2  signed by the attorney making them.

3      **4.** If StorageCraft or StorageCraft's counsel asserts that any information or response
4  requested herein is privileged or otherwise protected from discovery, please set forth in
5  StorageCraft's written response hereto with respect to each document, communication or thing
6  for which a claim of privilege is made:

7          a) The place, approximate date, and manner of recording, creating or
8  otherwise preparing the document, communication or thing;

9          b) The name and organizational position, if any, of each entity (other than
10 stenographic or clerical assistants) participating in the preparation of the document,
11 communication or thing;

12         c) The name and organizational position, if any, of each sender of the
13 document, communication or thing;

14         d) The name and organizational position, if any, of each recipient, and/or
15 custodian of the document, communication or thing, including each entity (other than
16 stenographic or clerical assistants) to whom the contents or any portion thereof have been
17 communicated by copy, exhibition, reading or summarization;

18         e) A description of the document, communication or thing, including any
19 title and subject or re: line if they exist;

20         f) A statement of the basis on which each document, communication or thing
21 is being withheld and whether or not its contents are limited solely to legal advice or information
22 provided for the purpose of securing legal advice; and

23         g) The number of the Interrogatory to which the document, communication
24 or thing is responsive.

25     **5.** If StorageCraft chooses to respond to any Interrogatory by producing business
26 records pursuant to Fed. R. Civ. P. 33(d), identify any such business records by the Interrogatory
27 to which they are responsive.

28

1   **6.**   StorageCraft is required to supplement each response hereto to the full extent provided for in Federal Rule of Civil Procedure 26(e) and the local rules.

**7.**   StorageCraft is required to identify all entities, including individual StorageCraft employees, who were consulted or who provided information in connection with the preparation of StorageCraft's Responses to Symantec's Interrogatories within the Interrogatory Response to which that entity provided information or was consulted.

**8.**   If StorageCraft's response to any request to identify documents in this action is that some or all of the requested documents do not exist or are not presently in StorageCraft's possession, StorageCraft is required to state whether such documents were ever in existence, describe where and in whose possession they are now, and identify the entity who prepared the documents, the entity who was custodian of the documents, the entity who made the decision to destroy or send away the documents, when that decision was made, and any other reasons and circumstances why such records no longer exist.

## II.   INTERROGATORIES

### INTERROGATORY NO. 1:

Separately for each numbered item described in Symantec's California Code of Civil Procedure Section 2019.210 statement, please provide the following:

a. Identify the date the document or information was first obtained by StorageCraft;

b. If the document or information is no longer in StorageCraft's possession, custody, or control, describe the last date the document or information was in StorageCraft's possession, custody, or control;

c. Identify each current and former employee, agent, or contractor of StorageCraft who has at any time had possession of the document or information, in whole or in part, or any information derived from it, and identify the beginning and ending dates of their possession of that document or information;

d. Describe in detail each use or disclosure of the document or information by StorageCraft or its agents, employees, or contractors;

e. Identify each document, product, or code which reflects or derives, in whole or in part,

from the information.

**INTERROGATORY NO. 2:**

Identify all products developed, co-developed, or in development by StorageCraft since January 2003. Separately for each product you identify, also identify (1) the nature and purpose of the product; (2) the dates the product was in development, released and sold; (3) the unit sales and revenue, by year, for that product.

**INTERROGATORY NO. 3:**

Separately for each product identified in your response to Interrogatory No. 2, identify all persons involved in the design, development and/or marketing of that product since January 2003. For each person you identify, please also: (1) describe in detail his/her involvement; (2) separately for each individual and product, identify the dates he/she first became involved in such design, development, or marketing; (3) identify all documents in his/her possession at any time since the beginning of their involvement referring to or concerning Symantec or PowerQuest.

**INTERROGATORY NO. 4:**

Describe in detail each activity performed by ShadowStor, Inc. on behalf of, or in collaboration with, StorageCraft. Separately for each action, include in your response the following information: (1) identify and describe all transfers of money between StorageCraft on the one hand, and ShadowStor, Inc., or its principals on the other, and describe the purpose of such transfer; (2) identify the first date that ShadowStor, Inc. or its principals first performed any activity on behalf of, or in collaboration with, StorageCraft; and describe that activity; (3) identify and describe each product, business plan, document, or code as to which ShadowStor performed work on behalf of, or in collaboration with, StorageCraft, and the date on which such work began and ended.

**INTERROGATORY NO. 5:**

Identify and describe each communication between StorageCraft on the one hand, and ShadowStor, Inc., Scott Barnes, Brandon Nordquist, Thomas R. Shreeve, Curt James, Thomas Jeff Shreeve, Mike Kunz, or Greg Wyman on the other, prior to January 1, 2004. Separately for

each communication, include in your response the following information: (1) identify the date of the communication; (2) describe in detail the nature and purpose of the communication; (3) identify each individual that was a party to the communication; (4) identify whether the communication was oral or in writing; (5) if the document is in StorageCraft's possession, custody, or control, identify the document by Bates number or other designation.

**INTERROGATORY NO. 6:**

Identify each current and former employee of StorageCraft who was, at any time, an employee of PowerQuest or Symantec. Separately for each such employee, provide the following information: (1) the beginning and ending dates of their employment with StorageCraft; (2) their position and responsibilities with StorageCraft.

Dated: December 28, 2007

DAY CASEBEER
MADRID & BATCHELDER LLP


By:_____
        William P. Nelson

Attorneys for Plaintiff
SYMANTEC CORPORATION

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 20300 Stevens Creek Boulevard, Suite 400, Cupertino, California 95014.

On December 28, 2007, I served the following documents in the manner described below:

- **SYMANTEC CORPORATION'S FIRST SET OF INTERROGATORIES TO STORAGECRAFT TECHNOLOGY CORPORATION**

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Day Casebeer Madrid & Batchelder LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Cupertino, California.

☐ (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☒ (BY FACSIMILE) I am personally and readily familiar with the business practice of Day Casebeer Madrid & Batchelder LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☒ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Day Casebeer Madrid & Batchelder LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

On the following part(ies) in this action:

| | |
|---|---|
| Kimberly Donovan | H. Dickson Burton |
| GCA Law Partners LLP | TraskBritt |
| 1891 Landings Drive | 230 South 500 East, Suite 300 |
| Mountain View, CA 94043 | Salt Lake City, Utah 84102 |
| Fax: (650) 428-3901 | Fax: (801) 531-9168 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 28, 2007, at Cupertino, California.

Sabina Hall