# Exhibit B

Paul S. Grewal (CSB# 196539)
William P. Nelson (CSB# 196091)
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA  95014
Tel.: (408) 873-0110
Fax: (408) 873-0220
Tel. (408) 873-0110
Fax: (408) 873-0220
Email:
pgrewal@daycasebeer.com
wnelson@daycasebeer.com

Attorneys for Plaintiff
SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **SYMANTEC CORPORATION**<br><br>             Plaintiff,<br><br>    v.<br><br>**STORAGECRAFT TECHNOLOGY CORPORATION,**<br><br>             Defendant. | Case No. C07 04731 JW<br><br>**SYMANTEC CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO STORAGECRAFT TECHNOLOGY CORPORATION** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Symantec Corporation requests that Defendant StorageCraft Technology Corporation serve a written response and produce, in accordance with the Definitions and Instructions set forth below, all documents described below within thirty (30) days of service of this request at the offices of Day Casebeer Madrid & Batchelder LLP, 20300 Stevens Creek Blvd., Suite 400, Cupertino, CA 95014.

## I.   DEFINITIONS

1. As used herein, the singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

2. As used herein, "all" means "any and all"; "any" means "any and all."

3. As used herein, "and" and "or" encompass both "and" and "or," and references shall be construed either as singular or plural, as necessary to bring within the scope of these requests any information or documents that might otherwise be construed to be outside their scope.

4. As used herein, "communication" means any transmission of information from one entity to another, including by personal meeting, memorandum, telephone, facsimile, electronic mail, instant message, internet relay chat, news group, and teleconference.

5. As used herein, "concerning" means analyzing, addressing, consisting of, constituting, regarding, referring to, relating to, refuting, discussing, describing, evidencing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the request.

6. As used herein, "document" shall have the broadest meaning provided by Fed. R. Civ. P. 26 and 34 and shall include all things which come within the meaning of the terms "writings and recordings" used in Fed. R. Evid. 1001. "Document" also includes tangible items such as research and development samples, prototype devices and production samples. "Documents" may be stored in either hardcopy or electronic form. Electronic documents include electronic mail, electronic mail archives, and computer code in any form. A draft, translation or non-identical copy, such as a copy containing comments or notations, is a separate document within the meaning of this term.

7. As used herein, "entity" means any natural person and any other cognizable entity, including corporations, proprietorships, partnerships, joint ventures, businesses, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

8. As used herein, "including" means "including but not limited to."

9. As used herein, "product" means any product, software, system, method or service, whether commercialized or not.

10. As used herein, "Symantec" means plaintiff Symantec Corporation and the following entities, whether active or retired, full-time or part-time, current or former, compensated or not: its directors, trustees, officers, employees, advisory board members, consultants, agents, attorneys, accountants, representatives, servants, partners, corporate parents, subsidiaries, divisions, predecessors, successors, affiliates, and any joint ventures to which it is or was a party.

11. As used herein, "PowerQuest" means PowerQuest Corporation and the following entities, whether active or retired, full-time or part-time, current or former, compensated or not: its directors, trustees, officers, employees, advisory board members, consultants, agents, attorneys, accountants, representatives, servants, partners, corporate parents, subsidiaries, divisions, predecessors, successors, affiliates, and any joint ventures to which it is or was a party.

12. As used herein, "StorageCraft" means defendant StorageCraft Technology Corporation and the following entities, whether active or retired, full-time or part-time, current or former, compensated or not: its directors, trustees, officers, employees, advisory board members, consultants, agents, attorneys, accountants, representatives, servants, partners, corporate parents, subsidiaries, divisions, predecessors, successors, affiliates, and any joint ventures to which it is or was a party, including StorageCraft Inc. and ShadowStor Inc.

13. As used herein, "third party" means any entity other than Symantec, PowerQuest, or StorageCraft.

14. As used herein, "you" and "your" mean StorageCraft as defined above.

15. As used herein, "agent" means any entity acting on behalf of or representing another entity, including but not limited to employees, subsidiaries, and independent contractors.

16. As used herein, "Employee Data List" refers to the Microsoft Excel worksheets

1   emailed by Brandon Nordquist to Mike Kunz on March 23, 2004 with the file name "kidspics.xls,"
2   and any subsequent, previous or modified version thereof.
3        17.    As used herein, "data recovery product" means any version of any product used to
4   recover data from a system, including but not limited to any product creating or storing a data image,
5   any product using the vsnap.sys driver, V2i Protector, LiveState Recovery, Backup Exec, and any
6   predecessor or successor product.
7        18.    As used herein, "V2i Protector" means any version of the PowerQuest product
8   referred to as V2i Protector, a software product for recovery of a complete system from a system
9   image.
10       19.    As used herein, "LiveState Recovery" means any version of the Symantec product
11  referred to as LiveState Recovery, a software product for recovery of a complete system or
12  individual files and folders from a system image.
13       20.    As used herein, "Backup Exec" means any version of the Symantec product referred
14  to as Backup Exec, a software product for moving data from one or more locations to a storage
15  medium, and any predecessor or successor product.
16       21.    As used herein, "StorageCraft product" means any product developed or sold, in
17  whole or in part, by StorageCraft, including but not limited to any product referred to or code-named
18  Vsnap Manager, Vsnap Server, Vsnap Desktop, Vsnap with Coldsnap, Coldsnap Server, Coldsnap
19  Deskstop, ShadowUser, ShadowUser Pro Edition, ShadowSurfer, ShadowServer, ShadowProtect
20  Desktop, ShadowBack Desktop, ShadowProtect Server, ShadowBack Server, or ShadowProtect IT.
21       22.    As used herein, "instant message," means any type-based form of real-time
22  communication between two or more people.
23       23.    As used herein, "instant messenger," means any device used to create any type-based
24  form of real-time communication between two or more people.
25       24.    As used herein, "Yahoo! Group" means one or more persons with access to the same
26  mailing list, message board, calendar, file uploading or other functions using the Yahoo! Groups
27  service provided by Yahoo! Inc.
28       25.    As used herein, "partition" means a logical division of a hard drive.

26. As used herein, "Microsoft NT filing system" means the filing system of any operating system based on the operating system referred to as Windows NT developed by Microsoft Corporation.

27. As used herein, "cold-state imaging" means creating a copy of an identifiable unit of data during the booting process of an operating system.

## II. INSTRUCTIONS

1. A full, clear, legible image of each requested document and each non-identical copy of each requested document that is in your possession, custody or control is to be produced in TIFF format with load files (except where Symantec and StorageCraft agree that a particular document should be produced in a non-TIFF format).

2. Each Request shall be fully complied with unless it is in good faith objected to, in which event the reasons for your objection shall be stated in detail. If an objection pertains to only a portion of a Request, or a word, phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the Request, using your best efforts.

3. Pursuant to Federal Rule of Civil Procedure 34(b), each document produced in response hereto is to be produced as it is kept in the usual course of business (including all file folders, binders, notebooks, dividers, labels, and other devices by which that document may be organized or labeled), or shall be organized and labeled to indicate the paragraph of these requests to which that document is responsive.

4. If you assert that any document required to be produced is privileged or otherwise protected from discovery, please set forth in your written response with respect to each document for which a claim of privilege is made:

   a) The place, approximate date, and manner of recording, creating or otherwise preparing the document;

   b) The name and organizational position, if any, of each entity (other than stenographic or clerical assistants) participating in the preparation of the document;

   c) The name and organizational position, if any, of each sender of the document;

   d) The name and organizational position, if any, of each entity (other than

stenographic or clerical assistants) to whom the contents of the document or any portion thereof have been communicated;

    e) A description of the document, including any title and subject/re: line if they exist;

    f) A statement of the basis on which each document is being withheld and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice; and

    g) The number of the request for production to which the document is responsive.

  **5.** StorageCraft is required to supplement each response hereto to the full extent provided for in Federal Rule of Civil Procedure 26(e) and the local rules.

## III. DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

 All documents concerning Symantec or PowerQuest.

**REQUEST FOR PRODUCTION NO. 2:**

 All documents concerning or referring to Symantec's Employee Data List.

**REQUEST FOR PRODUCTION NO. 3:**

 All documents concerning communications between StorageCraft and Symantec.

**REQUEST FOR PRODUCTION NO. 4:**

 All documents concerning communications between StorageCraft and Symantec employees.

**REQUEST FOR PRODUCTION NO. 5:**

 All documents concerning communications between StorageCraft and PowerQuest.

**REQUEST FOR PRODUCTION NO. 6:**

 All documents concerning communications between StorageCraft and PowerQuest employees.

**REQUEST FOR PRODUCTION NO. 7:**

 All documents concerning any communications between StorageCraft and any third party concerning Symantec, any Symantec product, PowerQuest, or any PowerQuest product.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning or referring to any Symantec or PowerQuest data recovery product, including but not limited to V2i Protector, LiveState Recovery, Backup Exec, Norton Ghost, Norton Save & Restore, or any successor products.

**REQUEST FOR PRODUCTION NO. 9:**

All recorded or otherwise preserved voice calls concerning or referring to Symantec, PowerQuest, any Symantec product, any PowerQuest product, any StorageCraft product, V2i Protector, Livestate Recovery, or Backup Exec.

**REQUEST FOR PRODUCTION NO. 10:**

All instant messages, instant message logs or recordings of communication occurring using an instant messenger concerning or referring to Symantec, PowerQuest, any Symantec product, any PowerQuest product, any StorageCraft product, V2i Protector, Livestate Recovery, or Backup Exec.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning or referring to work performed by Scott Barnes, Brandon Nordquist, Thomas R. Shreeve, Curt James, Thomas Jeff Shreeve, Mike Kunz, or Greg Wyman concerning any Symantec product, any PowerQuest product, any StorageCraft product, V2i Protector, Livestate Recovery, and Backup Exec.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to reflect the organizational structure of StorageCraft from 2003 to the present.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning or referring to the formation of ShadowStor, including documents concerning the planning and funding for the formation of ShadowStor, and documents concerning the services rendered or products to be developed and sold by ShadowStor.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning or referring to the formation of StorageCraft Technology Corporation, including documents concerning the planning and funding for the formation of StorageCraft Technology Corporation, and documents concerning the products to be developed and

1   sold by StorageCraft Technology Corporation.

2   **REQUEST FOR PRODUCTION NO. 15:**

3       All documents created by, created for, or originally obtained from Symantec or PowerQuest.

4   **REQUEST FOR PRODUCTION NO. 16:**

5       All documents uploaded to, posted to the message board of, sent to the mailing list of, or
6   stored using the Yahoo! Group "StorageCraft."

7   **REQUEST FOR PRODUCTION NO. 17:**

8       All documents produced, sent to, or received by any member of the Yahoo! Group
9   "StorageCraft" concerning Symantec, PowerQuest, or StorageCraft.

10  **REQUEST FOR PRODUCTION NO. 18:**

11      All documents concerning Symantec, PowerQuest, or StorageCraft sent or received by
12  "ricksarge@yahoo.com."

13  **REQUEST FOR PRODUCTION NO. 19:**

14      All documents concerning Symantec, PowerQuest, or StorageCraft sent or received by
15  "shreeve@xmission.com."

16  **REQUEST FOR PRODUCTION NO. 20:**

17      All documents concerning Symantec, PowerQuest, or StorageCraft sent or received by
18  Thomas Jeff Shreeve at 5682 South Adaley Ave., Murray, Utah 84107.

19  **REQUEST FOR PRODUCTION NO. 21:**

20      All documents concerning the sales or marketing of StorageCraft products since January
21  2003, including but not limited to:

22      a. Sales contracts;
23      b. Purchase orders;
24      c. Invoices;
25      d. Marketing plans and forecasts;
26      e. Research and development reports;
27      f. Advertisements;
28      g. Websites;

       h. Promotional brochures;

       i. Product literature;

       j. Catalogs;

       k. Trade show exhibits;

       l. Data sheets;

       m. Price lists;

       n. Papers published or presented;

       o. Sales forecasts;

       p. Reports of actual sales.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning the development or creation of sales or marketing materials, including but not limited to the development or creation of any document responsive to Request For Production No. 21.

**REQUEST FOR PRODUCTION NO. 23:**

All documents containing or concerning Symantec or PowerQuest source code.

**REQUEST FOR PRODUCTION NO. 24:**

All documents that refer to, reflect, or set out any document destruction and retention policy or practice at StorageCraft.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning the product requirements specifications for StorageCraft products since January 2003.

**REQUEST FOR PRODUCTION NO. 26:**

All business plans, evaluations, forecasts, projections, strategy or planning documents, memoranda, or presentations concerning: StorageCraft; any StorageCraft product; Symantec; any Symantec product; or the market for data recovery products.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning any StorageCraft product designed or intended to compete with any Symantec or PowerQuest product.

**REQUEST FOR PRODUCTION NO. 28:**

All documents containing or concerning the design and development of StorageCraft products, including but not limited to functional and/or design specifications, high-level design documents, diagrams, flow charts, drafts, manuals, instruction manuals, training manuals, implementation manuals, support documents, and administrative screenshots.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning how to shrink, grow, or manipulate partitions using the Microsoft Windows NT Filing System, including all design documents.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning cold-state imaging, including but not limited to documents concerning Volume Snapshot Manager with Coldsnap.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show StorageCraft's financial assets, including a listing of the value of any patents, trade secrets or other intellectual property.

**REQUEST FOR PRODUCTION NO. 32:**

All documents concerning or referring to the hiring of Nathan Bushman by StorageCraft, including documents sufficient to show date of hire, compensation, and job functions.

**REQUEST FOR PRODUCTION NO. 33:**

All documents produced by StorageCraft in litigation with NetJapan Holdings, Inc., et al., in the Third Judicial District Court in and for Salt Lake County, State of Utah, Case Number 060920091.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning Symantec's or PowerQuest's system for access, maintenance, development, and use of source code, including but not limited to documents concerning the Get All/Build All system.

**REQUEST FOR PRODUCTION NO. 35:**

All documents identified in your responses to Symantec's Interrogatories.

**REQUEST FOR PRODUCTION NO. 36:**

All documents reflecting, concerning, derived from, in whole or in party, the information listed in Symantec's statement under California Code of Civil Procedure § 2019.210.

**REQUEST FOR PRODUCTION NO. 37:**

All documents responsive to any request for production in the possession of any foreign or overseas agent, employee, or contractor of StorageCraft.

**REQUEST FOR PRODUCTION NO. 38:**

All documents responsive to any request for production in the possession of Scott Barnes, Brandon Nordquist, Thomas R. Shreeve, Curt James, Thomas Jeff Shreeve, Mike Kunz, or Greg Wyman.

Dated: December 28, 2007

DAY CASEBEER
MADRID & BATCHELDER LLP


By:_____
William P. Nelson

Attorneys for Plaintiff
SYMANTEC CORPORATION

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 20300 Stevens Creek Boulevard, Suite 400, Cupertino, California 95014.

On December 28, 2007, I served the following documents in the manner described below:

- **SYMANTEC CORPORATION'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO STORAGECRAFT TECHNOLOGY CORPORATION**

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Day Casebeer Madrid & Batchelder LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Cupertino, California.

☐ (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☒ (BY FACSIMILE) I am personally and readily familiar with the business practice of Day Casebeer Madrid & Batchelder LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☒ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Day Casebeer Madrid & Batchelder LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

On the following part(ies) in this action:

| | |
|---|---|
| Kimberly Donovan<br>GCA Law Partners LLP<br>1891 Landings Drive<br>Mountain View, CA 94043<br>Fax: (650) 428-3901 | H. Dickson Burton<br>TraskBritt<br>230 South 500 East, Suite 300<br>Salt Lake City, Utah 84102<br>Fax: (801) 531-9168 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 28, 2007, at Cupertino, California.

Sabina Hall