# Exhibit H

11/20/2007

Symantec Corporation
20330 Stevens Creek Blvd.
Cupertino, CA 95014-0000

Our Reference Number: C103611-02

Records regarding: ATTACHMENT 3

Dear Custodian of Records:

Enclosed please find a subpoena and/or an authorization form regarding the above named. Please call us to copy your original file for the items described below under "ITEMS REQUESTED". If requested, please include x-ray films and patient billing information.

ITEMS REQUESTED:
All documents related to SEE ATTACHMENT 3

You will find enclosed a "DECLARATION OF CUSTODIAN OF RECORDS" form. It is imperative that you READ, SIGN, DATE, and RETURN this form with the requested items/records. If in fact there are no records, READ, SIGN, and DATE the "STATEMENT OF NO RECORDS" section and RETURN the entire form. <u>Please note that this form cannot be faxed as we need to have an original signature.</u>

You are required by law to comply with this request within the required specified time:

| | |
|---|---|
| 1. Patient/Subject Authorization (Evidence Code 1158) | 5 days |
| 2. Workers' Compensation Subpoena (Evidence Code 1560) | 10 days |
| 3. Deposition/Civil Subpoena (Evidence Code 1560) | Production Date |
| 4. United States District Court Subpoena | Production Date |

If there is a charge for making copies, it is imperative that an itemized invoice accompanies the records. It will be paid pursuant to Evidence Code 1563.

Mail the requested information:                **Sayler Legal Service, Inc.**
(OR TELEPHONE US TO COPY ON                  **455 Reservation Road, Suite E**
LOCATION WITH OUR PORTABLE                   **Marina, CA 93933**
COPIER - (831) 384-4030).

Sayler Legal Service, Inc. is the authorized representative to obtain and disseminate the records to the authorized parties.

Thank you for your prompt attention and cooperation in this matter.

Copy Department

 455 Reservation Road, Suite E, Marina, CA 93933
(831) 384-4030   Fax (831) 384-4031

Cproof54/C103611-02

**SUBP-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jorge A. Martinez (State Bar # 190351)<br>Snell & Wilmer, L.L.P.<br>600 Anton Boulevard, Suite 1400<br>Costa Mesa, California 92626-7689<br>TELEPHONE NO.: 714.427.7000   FAX NO. *(Optional)*: 714.427.7799<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Defendants and Counterclaimants, Storagecraft Technology Corp., et al | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: NetJapan Holdings, Inc., etc.

DEFENDANT/RESPONDENT: Storagecraft Technology Corporation, etc., et al.

| DEPOSITION SUBPOENA<br>FOR PRODUCTION OF BUSINESS RECORDS | CASE NUMBER:<br>07CC19990 |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known)*:
Custodian of Records: Symantec Corporation, 20330 Stevens Creek Boulevard
Cupertino, CA 95014

1. **YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS** described in item 3, as follows:

   To *(name of deposition officer)*: Ambassador Services   714.647.0478
   On *(date)*: **December 19, 2007**                                      At *(time)*: **9:00 am**
   Location *(address)*: 1905 East 17th Street, Suite 308, Santa Ana, California 92705

   **Do not release the requested records to the deposition officer prior to the date and time stated above.**

   a. ☐ by delivering a true, legible, and durable **copy** of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

   b. ☐ by delivering a true, legible, and durable **copy** of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

   c. ■ by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2. *The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3. **The records to be produced are described as follows:**
   **SEE ATTACHMENT 3**

   ■ Continued on Attachment 3.

4. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: November 19, 2007

Jorge A. Martinez                                                  ▶   /s/ original signature on file
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PERSON ISSUING SUBPOENA)
                                                                        Defendants and Counterclaimants, Storagecraft Technology Corp., et al

(Proof of service on reverse)                                                        Page 1 of 2

Form Adopted for Mandatory Use              **DEPOSITION SUBPOENA FOR PRODUCTION**        Code of Civil Procedure, §§ 2020.410–2020.440;
Judicial Council of California                        **OF BUSINESS RECORDS**              Civil Code, § 15(a)(e);
SUBP-010 [Rev. January 1, 2007]                                                            Government Code § 68097.1
                                                American LegalNet, Inc.                    www.courtinfo.ca.gov
                                                www.FormsWorkflow.com

**SUBP-010**

| PLAINTIFF/PETITIONER: NetJapan Holdings, Inc., etc. | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Storagecraft Technology Corporation, etc., et al. | 07CC19990 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

    a. Person served *(name)*:

    b. Address where served:

    c. Date of delivery:

    d. Time of delivery:

    e. (1) ☐ Witness fees were paid.
       Amount: .......................... $ _____
       (2) ☐ Copying fees were paid.
       Amount: .......................... $ _____

    f. Fee for service: ................................ $ _____

2. I received this subpoena for service on *(date):*

3. Person serving:
    a. ☐ Not a registered California process server.
    b. ☐ California sheriff or marshal.
    c. ☐ Registered California process server.
    d. ☐ Employee or independent contractor of a registered California process server.
    e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
    f. ☐ Registered professional photocopier.
    g. ☐ Exempt from registration under Business and Professions Code section 22451.
    h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

Symantec Corporation

## ATTACHMENT 3

You are requested to produce for the period of January 1, 2004 through the present, all documents that refer or relate to any of the following: StorageCraft Technology Corporation or its agents, employees, officers, directors, or shareholders; ShadowStor, Inc.; and StorageCraft, Inc.; For the period of January 1, 2004 through the present, produce all correspondence, including email and instant message correspondence, between you and NetJapan or any of its agents, employees, representatives, affiliates, or contractors. For the period from January 1, 2004 through the present, produce all correspondence, including email and instant message correspondence, between you and STC or any of its agents, employees, or contractors. Produce all documents, including correspondence, related to any negotiation or discussion of a possible sale of NetJapan, Inc.'s stock, equity, or assets to you. Produce all contracts or agreements between NetJapan and you and/or NetJapan and any business entity in which you are a shareholder, member, manager, or principal. Produce all contracts or agreements between NetJapan and any business entity which you have acquired, including Altiris Inc, and PowerQuest Corporation. Produce all documents that refer or relate to contracts or agreements between you (or Altiris, Inc. or PowerQuest Corporation), on the one hand, and NetJapan on the other. Produce all documents related to any quality assurance work done by you for or on behalf of NetJapan. Produce all royalty reports provided to you by NetJapan for NetJapan's sale or distribution of Symantec products. Produce all audits you have performed of NetJapan concerning its sale or distribution of your products. Produce all documents related to any deficiency, breach, or non-performance by NetJapan of any contract or obligations, NetJapan's breach of any contract with you, or NetJapan's violation or infringement of any of your trademarks, copyrights, trade-dress rights, or other intellectual property rights. Produce all documents or other information furnished to you by NetJapan or Burbidge, Mitchell & Gross, or any officer, director, employee, or agent of NetJapan or Burbidge, Mitchell & Gross that relates in any way to StorageCraft Technology Corporation or any of its officers, directors, or employees. Produce documents sufficient to identify, by year, the volume of sales of your products by NetJapan for the period from January 1, 2003 to the present, broken down by product. Produce documents sufficient to identify, by year, the volume of sales of PowerQuest Corporation's products by NetJapan for the period from January 1, 2003 to the present, broken down by product.

465613.1

# PROOF OF SERVICE BY MAIL

Plaintiff: NetJapan Holdings, Inc., etc.
Defendant: Storagecraft Technology Corporation, etc., et al.
Court: Orange County Superior Court
Case#: 07CC19990

    I, the undersigned, declare that I am, and was at the time of service of the papers referred to, am over the age of 18 years and not a party to the within action or proceeding. My business address is: Ambassador Services, 1905 East 17th Street, Suite 308, Santa Ana, CA 92705, which is located in the county in which this mailing occurred. I am familiar with the practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence will be deposited with the United States Postal Service on the same day in the ordinary course of business.

    On November 19, 2007, I served the following document(s): **Deposition Subpoena For Production of Business Records for 1) Enterprise Corporation International and 2) Symantec Corporation,** by placing a true copy of the original in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

**Jefferson W. Gross**
**Burbidge Mitchell & Gross**
**215 South State Street**
**Suite 920**
**Salt Lake City, UT 84111**

**Richard VanWaggoner**
**Snow Christensen & Martineau**
**10 Exchange Place**
**Suite 1100**
**Salt Lake City, UT 84145**

and by sealing the envelope and placing it for collection and mailing with postage fully prepaid in accordance with ordinary business practices.

Executed on: November 19, 2007, at Santa Ana, California.

☒ (State)    I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

☐ (Federal)    I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

*Karen S. Mountcastle*
Karen S. Mountcastle
Ambassador Services

AMBASSADOR SERVICES
1905 East 17th Street, Suite 308 • Santa Ana, California 92705
714/647-0478 • Fax 714/647-0815

**Prepared by:**
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Brett P. Johnson (7900)
Chris Martinez (11152)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

Attorneys for Defendants and Counterclaim-
Plaintiffs StorageCraft Technology Corporation,
Thomas J. Shreeve, Thomas R. Shreeve, Scott A.
Barnes, Curtis A. James, and Brandon Nordquist

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| NETJAPAN HOLDINGS, INC., a Japanese Corporation; and NETJAPAN, INC., a Japanese Corporation,<br><br>    Plaintiffs and Counterclaim-Defendants,<br><br>vs.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION, a Utah Corporation; THOMAS J. SHREEVE, an individual; THOMAS R. SHREEVE, an individual; SCOTT A. BARNES, an individual; CURTIS A. JAMES, an individual; and BRANDON NORDQUIST, an individual,<br><br>    Defendants and Counterclaim-Plaintiffs. | **COMMISSION TO ISSUE SUBPOENA DUCES TECUM OUT OF STATE (SYMANTEC CORPORATION)**<br><br>Case No. 060920091<br><br>Honorable Vernice Trease |

449331.2

TO THE CLERK OF THE SUPERIOR COURT, COUNTY OF SANTA CLARA, CALIFORNIA:

Pursuant to the Application of Defendant for issuance of a Commission authorizing you to issue a subpoena duces tecum upon Symantec Corporation, at 20330 Stevens Creek Blvd., Cupertino, CA 95014, and the Court finding that good cause exists to believe that Symantec Corporation is in possession of relevant and material information and documents concerning the above-referenced civil case;

YOU ARE HEREBY AUTHORIZED AND COMMISSIONED to issue a subpoena duces tecum to Symantec Corporation at any address at which it may be found (i) directing Symantec Corporation to produce to StorageCraft Technology Corporation's attorneys for inspection and copying at the Law Offices of Snell & Wilmer, L.L.P., 600 Anton Blvd. Suite 1400 Costa Mesa, California 92626-7689, any and all documents in Symantec Corporation's possession, custody, or control which refer or relate to the above-captioned civil case in accordance with the following instructions and definitions:

## INSTRUCTIONS

A.  In your responses to the Subpoena, you are requested to provide not only information and documents that are in your possession, but also all information and documents that are reasonably available, whether or not they are in your possession, including information and documents that are in your custody or control. In the event that you are able to provide only a portion of the information or documents called for by any particular request, provide all of the information and documents that you are able to furnish, and state the reason(s) for your inability to provide the remainder.

B.  If responsive documents exist in both English and Japanese versions, produce *both* versions of the documents.

C.  If you object to, or otherwise decline to respond to, any portion of the Subpoena, provide all the information and documentation called for in that portion of the request to which you do not object or to which you do not decline to respond. If you object to a request on the

449331.2                                       2

ground that it is too broad (i.e., that it calls for both documents or information which are relevant to the subject matter of this action and documents or information that you believe are not relevant), provide such documents or information that you consider to be relevant along with a detailed explanation as to why you consider the remaining documents or information not to be relevant. If you object to a request on the ground that it would constitute an undue burden to provide the information or documents, provide such requested information or documents as can be supplied without undertaking such undue burden. For those portions of any request to which you object or otherwise decline to respond, state the reason(s) for such objection.

## DEFINITIONS

1.  The term "**document(s)**" as used herein is used in its most expansive sense and means any and all writings of any kind, including originals and all non-identical copies and all documents that exist in electronic form, whether different from the original by reason of any notation made on such copies or otherwise, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, the following: correspondence; bills; invoices; checks; electronic wire transfer receipts; memoranda; notes; diaries; journals; statistics; letters; materials; orders; directives; interviews; telegrams; minutes; records; reports; studies; statements; transcripts; summaries; pamphlets; books; emails; instant messages; presentations; interoffice and intraoffice communications; notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; teletype; telefax; worksheets; and all drafts, alterations, modifications, changes and amendments of any of the foregoing; graphic or aural recordings or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, and motion pictures; and electronic, mechanical, or electrical recordings or representations of any kind, including, without limitation, tapes, cassettes, cartridges, discs, and chips, and all other data compilations from which information can be obtained, and translated if necessary. Any such documents bearing on any sheet or side thereof any marks of any character (including, but no limited to, initials,

comments or notations) and not part of the original text or photographic reproduction thereof, is to be considered and identified as a separate document.

2. The terms "**instant messaging**", "**IM**", or "**instant message**" as used herein mean all documents in printed or electronic form reflecting real-time communication between two or more people based on typed text that is conveyed via computers connected over a network, such as the Internet or world wide web.

3. The terms "**relate**," "**related**," "**relating to**," "**related to**," and "**regarding**" as used herein mean concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

4. The term "**communication**" as used herein means any transfer or exchange of any information, whether by written, oral, or electronic means, including, but not limited to, personal conversations, correspondence, telephone calls, e-mails, facsimiles, and telegrams. This definition includes all communications for which you claim a privilege.

5. The term "**person**" as used herein means the plural as well as the singular, and includes any natural person, corporation, partnership, joint venture, association, financial institution, trust, commission, board, governmental agency, other business association or entity, and every other form of entity cognizable by law.

6. The terms "**you**" and "**your**" as used herein means Symantec Corporation and any officer, director, employee, or agent of Symantec Corporation. It also refers to any wholly owned subsidiary and any business unit of Symantec Corporation. Without limitation to the foregoing, "you" and "your" also includes companies acquired by Symantec Corporation, such as PowerQuest.

7. The terms "**plaintiffs**" and/or "**NetJapan**" as used herein means NetJapan, Inc. and NetJapan Holdings, Inc., the plaintiffs in this action, together with their officers, directors,

representatives, employees, agents, managers, members, shareholders, attorneys, affiliates, parents, and subsidiaries.

8. The words **"describe"** and **"describe in detail"** as used herein mean to describe the substance of the matter inquired into, including (i) all facts concerning the subject matter; (ii) dates of occurrences; (iii) "identification" of person(s) with knowledge of the subject matter inquired into or that participated or witnessed the occurrences, including the name of the person(s), their address(es), telephone number(s), and a summary of the information known or held by them; and (iv) "identification" of all documents evidencing, supporting, substantiating, disproving, invalidating, refuting, contradicting, negating, controverting, or otherwise relating to your description of the matter of inquiry.

9. The terms **"identify"** or **"identification"** when used in reference to an individual person mean to state his or her name, present address, if known, and present employment position and business affiliation. With respect to entities, the words **"identify"** or **"identification"** as used herein mean to state the full legal and business or trade name, present address and telephone number of the entity, along with a description of all individual persons who are employed by or agents of the entity with personal knowledge of the subject matter upon which the entity is identified. With respect to documents, the words **"identify"** or **"identification"** as used herein mean to **"describe in detail"** the document and to state the name of the person who prepared and/or signed the document, the date of the document, the name(s) and address(es) of the person(s) that received the document, the date of receipt of the document, and the nature and substance of the document. The words **"identify"** or **"identification,"** if used other than with respect to persons, entities, or documents (for example, if you are asked to "identify" facts, circumstances, or intentions), shall have the same meaning as the words "describe in detail."

10. The term **"reports"** as used herein means any written, recorded, typed, or graphic material however produced or reproduced, containing any discussions, notations, or conclusions, concerning the subject matter in question.

11.     The term "**contract**" or "**agreement**" as used herein means any contract, agreement, or understanding, whether written or oral.

12.     The terms "**and**" and "**or**" as used herein are terms of inclusion, not exclusion, and they shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests any document or information that might otherwise be construed to be outside its scope.

13.     The term "**any**" as used herein means one or more.

14.     The term "**including**" as used herein means including but not limited to.

## DOCUMENTS TO BE PRODUCED

1.      For the period of January 1, 2004 through the present, produce all documents that refer or relate to any of the following:

   (a)     StorageCraft Technology Corporation or its agents, employees, officers, directors, or shareholders;

   (b)     ShadowStor, Inc.; and

   (c)     StorageCraft, Inc.;

2.      For the period of January 1, 2004 through the present, produce all correspondence, including email and instant message correspondence, between you and NetJapan or any of its agents, employees, representatives, affiliates, or contractors.

3.      For the period from January 1, 2004 through the present, produce all correspondence, including email and instant message correspondence, between you and STC or any of its agents, employees, or contractors.

4.      Produce all documents, including correspondence, related to any negotiation or discussion of a possible sale of NetJapan, Inc.'s stock, equity, or assets to you.

5.      Produce all contracts or agreements between NetJapan and you and/or NetJapan and any business entity in which you are a shareholder, member, manager, or principal.

6. Produce all contracts or agreements between NetJapan and any business entity which you have acquired, including Altiris Inc, and PowerQuest Corporation.

7. Produce all documents that refer or relate to contracts or agreements between you (or Alitiris, Inc. or PowerQuest Corporation), on the one hand, and NetJapan on the other.

8. Produce all documents related to any quality assurance work done by you for or on behalf of NetJapan.

9. Produce all royalty reports provided to you by NetJapan for NetJapan's sale or distribution of Symantec products.

10. Produce all audits you have performed of NetJapan concerning its sale or distribution of your products.

11. Produce all documents related to any deficiency, breach, or non-performance by NetJapan of any contract or obligations, NetJapan's breach of any contract with you, or NetJapan's violation or infringement of any of your trademarks, copyrights, trade-dress rights, or other intellectual property rights.

12. Produce all documents or other information furnished to you by NetJapan or Burbidge, Mitchell & Gross, or any officer, director, employee, or agent of NetJapan or Burbidge, Mitchell & Gross that relates in any way to StorageCraft Technology Corporation or any of its officers, directors, or employees.

13. Produce documents sufficient to identify, by year, the volume of sales of your products by NetJapan for the period from January 1, 2003 to the present, broken down by product.

14. Produce documents sufficient to identify, by year, the volume of sales of PowerQuest Corporation's products by NetJapan for the period from January 1, 2003 to the present, broken down by product.

DATED this **14** day of **November**, 2007.

BY THE COURT:

_____
Honorable Vernice Trease
Third District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on the 12TH day of November, 2007, a true and correct copy of the foregoing **COMMISSION TO ISSUE SUBPOENA DUCES TECUM OUT OF STATE (SYMANTEC CORPORATION)** was mailed, first-class, postage prepaid, to the following:

Jefferson W. Gross
Burbidge Mitchell & Gross
215 South State Street, Suite 920
Salt Lake City, Utah 84111

Richard VanWaggoner
Snow Christensen & Martineau
10 Exchange Place, Suite 1100
Salt Lake City, UT 84145

_____

# Declaration of Custodian of Records
### Under Evidence Code 1561

NetJapan Holdings, Inc., etc. v Storagecraft Technology Corporation, etc., et al.
Orange County Superior Court 07CC19990

Records pertaining to: **Attachment 3**

A. ☐ I HEREBY DECLARE under penalty of perjury that the following statements are true to the best of my knowledge and belief.

I am the duly authorized custodian of records of Symantec Corporation and certify that the accompanying records as stated below are true and complete copies of the records maintained in the regular course of business and were prepared by authorized personnel at or near the time of acts, conditions or events which they intend to convey. No documents, records or other things have been withheld except as noted below.

Records requested: As described in Attachment 3.

Certain records were omitted as follows: _____

_____

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### *Certificate of No Records*

B. ☐ I HEREBY DECLARE under penalty of perjury that the following statements are true to the best of my knowledge and belief.

I am the duly authorized custodian of records and certify that the efforts made to locate the records requested in the deposition subpoena - business records and/or authorization were undertaken by the personnel of this business in the ordinary course of business. After a thorough search of our files, we show no records or materials as described in the deposition subpoena - business records and/or authorization under the name/s given. This does not mean that records do not exist under another spelling, another name, or another classification. However, based upon the information furnished us, to the best of our knowledge, no such records exist in our files. Explanation:

_____

_____

Location:   Symantec Corporation
            20330 Stevens Creek Boulevard
            Cupertino, CA 95014

Executed on: (date) _____ at: (city/state) _____

Custodian of Records signature: _____

Print or type name: _____

### *Please mark either Box A or B*

**AMBASSADOR SERVICES**
1905 East 17th Street, Suite 308 • Santa Ana, California 92705
714/647-0478 • Fax 714/647-0815

Data ID#:6819