# Exhibit I

1  Paul S. Grewal (CSB# 196539)
   DAY CASEBEER MADRID & BATCHELDER LLP
2  20300 Stevens Creek Blvd., Suite 400
   Cupertino, CA 95014
3  Tel. (408) 873-0110
4  Fax: (408) 873-0220
   Email: pgrewal@daycasebeer.com
5
6  Attorneys for Plaintiff
   SYMANTEC CORPORATION

**FILED**

SEP 1 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION<br><br>Defendant. | No. C07 04731<br><br>COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, AND UNFAIR COMPETITION<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff Symantec Corporation ("Symantec"), for its complaint against Defendant StorageCraft Technology Corporation ("StorageCraft"), alleges as follows:

INTRODUCTION

1. This case concerns corporate theft: StorageCraft's theft of the valuable trade secrets of Symantec, and its theft of the sensitive and confidential personal information of Symantec's employees.

2. Symantec is the world's leading provider of infrastructure and computer security software for enterprise and personal use. Ninety-nine percent of the companies listed in the Fortune 1000 do business with Symantec. Symantec products such as Norton Antivirus, Norton Internet Security, and Norton 360 protect millions of consumers from the threat of malicious

785148_8.doc   COMPLAINT

software, spam email, and online attacks. In the past year, Symantec was named one of "IT Week's Top 50 Technology Innovators."

3. Symantec brings this lawsuit after discovering that StorageCraft has illegally acquired and used Symantec's trade secret information, as part of an effort to unfairly compete with Symantec in the development and sale of system imaging and recovery software. Specifically, Symantec has discovered that StorageCraft has unlawfully misappropriated confidential Symantec strategic planning documents concerning the integration of the PowerQuest Corporation and its system imaging software product line into Symantec, following Symantec's acquisition of PowerQuest in 2003 for $150 million. The documents set forth key data and planning information used by Symantec to determine: which PowerQuest employees would join Symantec and which would go; the proposed salary package for each employee, including base pay, bonuses, and stock option allocations; and the proposed new job title and position in the new organizational structure for each employee.

4. Because these Symantec planning documents disclose information such as staffing plans, personnel lists, job titles, and compensation plans, they are highly valuable Symantec trade secrets that would provide significant unfair advantage to a competitor such as StorageCraft, both in understanding these confidential planning activities and in conducting a "raid" of key personnel from Symantec.

5. StorageCraft stole these trade secrets in coordination with several former PowerQuest employees who now comprise StorageCraft's senior management. On March 15, 2004, Brandon Nordquist, a former PowerQuest employee and now StorageCraft's Vice President of Product Management, electronically transmitted confidential Symantec documents to Michael Kunz, another former PowerQuest employee and now a StorageCraft senior executive. The file name of the master document had been altered from "Master_emp_list" to "Kid's Pics" in a transparent attempt to cover up the theft. Mr. Nordquist's one-line transmission accompanying his e-mail reflected his understanding of the stolen information's sensitivity: "Keep this under control."

6. Just as troubling as StorageCraft's theft of Symantec's trade secrets is that when StorageCraft stole Symantec's confidential planning documents, they also stole the sensitive personal information of more than 270 Symantec employees in 16 states and 6 countries, including their home addresses, birthdates, and Social Security numbers. Such a theft of personal information is not only a violation of various civil and criminal laws, but is also a grave invasion of privacy that directly harms both the affected employees and Symantec itself.

7. As grave as StorageCraft's theft of these planning documents was, this theft was only one part of a systematic effort by StorageCraft to steal a wide range of confidential and trade secret information from PowerQuest and Symantec, and utilize that information to compete with the merged companies. In addition to the trade secret material already discussed above, StorageCraft repeatedly acquired PowerQuest and Symantec trade secret and other confidential information regarding PowerQuest and Symantec's system imaging and restoration software through unlawful means, and illegally used that information in the development, marketing, and sale of competing products. Although Symantec requires discovery to identify the full nature and extent of StorageCraft's theft and use of Symantec's trade secrets, the facts known to Symantec show that the scope of the theft is broad.

### THE PARTIES

8. Symantec is a Delaware corporation that maintains its principal place of business at 20330 Stevens Creek Blvd, Cupertino, CA 95014. Symantec is the world's leading provider of infrastructure and computer security software for enterprise and personal use. Through its acquisition of PowerQuest Corporation, Symantec is the successor-in-interest to all rights and obligations of PowerQuest.

9. StorageCraft is a Delaware corporation that maintains its principal place of business at 180 West Election Road, Suite 230, Draper, Utah 84020.

10. StorageCraft is the successor-in-interest to all rights and obligations of StorageCraft Incorporated and ShadowStor Incorporated.

## JURISDICTION

11. This Court has jurisdiction over Symantec's claims for misappropriation of trade secrets and unfair competition pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

## VENUE

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because StorageCraft has regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

13. Assignment to the San Jose Division of California is proper under Northern District Local Rule 3-2 because a substantial part of the events giving rise to the action occurred in Santa Clara County.

## FACTUAL ALLEGATIONS

14. This action arises out of StorageCraft's misappropriation of certain trade secrets owned by Symantec, and StorageCraft's acts of unfair competition.

### Symantec's Acquisition of PowerQuest

15. On December 8, 2003, Symantec completed its acquisition of PowerQuest Corporation, including PowerQuest's line of system imaging and restoration products known collectively as V2i Protector. The V2i Protector line of software was later renamed by Symantec as LiveState Recovery and most recently as Backup Exec System Recovery.

16. System imaging products such as V2i Protector or Backup Exec System Recovery permit the taking of a "snapshot" or complete "image" of the contents of a computer hard drive, enabling the restoration of a computer system to the precise state in which it existed when the snapshot was taken. Such tools are critical to enterprise computing environments, which need the capability to restore the complete system environment in case of malfunction or error.

17. The V2i Protector and Backup Exec System Recovery line of products utilize a software component originally licensed to PowerQuest by StorageCraft Incorporated, the predecessor-in-interest to StorageCraft. Symantec is the successor-in-interest to that license.

**StorageCraft's Plan to Unfairly Compete with PowerQuest and Symantec**

18. On December 8, 2003, the same date as the completion of Symantec's acquisition of PowerQuest, PowerQuest employees Brandon Nordquist, Thomas Russ Shreeve, Curt James, and Scott Barnes (hereinafter, "Nordquist, Shreeve, James, and Barnes") voluntarily terminated their employment with PowerQuest. Each of these PowerQuest employees were important contributors to the development and success of PowerQuest's V2i Protector line of software products, and enjoyed both exposure to and access to PowerQuest and Symantec trade secret information during the course of their employment.

19. As part of their employment with PowerQuest, Nordquist, Shreeve, James, and Barnes each signed an "Employee Agreement" and/or an "Employee Confidentiality and Non-compete Agreement," which bound them to a duty to maintain the confidentiality of PowerQuest's confidential information, and to not use or disclose that information except in connection with their duties as PowerQuest employees. Under the agreements, this duty is ongoing, and the agreements explicitly assign the benefit of those obligations to PowerQuest's successors-in-interest. Symantec is the successor-in-interest of the confidentiality obligations set forth in the agreements signed by Nordquist, Shreeve, James, and Barnes.

20. On information and belief, prior to or following the termination of their employment with PowerQuest on December 8, 2003, Nordquist, Shreeve, James, and Barnes formed the entity known as ShadowStor Incorporated to carry out the plan to unfairly compete with PowerQuest and Symantec, in collaboration with StorageCraft Incorporated.

21. On information and belief, both prior to and following the termination of their employment with PowerQuest, Nordquist, Shreeve, James, and Barnes, as well as Shadowstor CEO Thomas J. Shreeve (father of Thomas Russ Shreeve), jointly conspired with StorageCraft Incorporated, StorageCraft's predecessor-in-interest, to develop, market, and sell a system imaging and restoration software product to compete with the PowerQuest V2i Protector line of software. This included, prior to the termination of their employment at PowerQuest, the joint creation of a business plan for a new business entity to accomplish that goal.

22. On information and belief, upon the formation of ShadowStor prior to the departure of Nordquist, Shreeve, James, and Barnes from PowerQuest on December 8, 2003, StorageCraft Incorporated and ShadowStor worked closely together to develop products that would compete with V2i Protector/ Backup Exec System Recovery products.

23. On information and belief, in mid-to-late 2004, ShadowStor, whose principals were the former PowerQuest employees Nordquist, Shreeve, James, and Barnes, merged with StorageCraft Incorporated to form StorageCraft Technologies. StorageCraft Technologies is the successor-in-interest to the activities and obligations of both ShadowStor and StorageCraft Incorporated.

24. The former PowerQuest employees Nordquist, Shreeve, James, and Barnes are currently principals of StorageCraft, and are listed on its web site at http://www.storagecraft.com as the "StorageCraft Management Team."

### StorageCraft's Misappropriation of Trade Secrets and Unfair Competition

25. In the months leading up to Symantec's acquisition of PowerQuest on December 8, 2003, the two companies engaged in extensive and confidential planning activities related to the integration of the PowerQuest employees and product line with the rest of Symantec.

26. One outcome of these planning activities was the creation of a confidential compilation comprising a series of "worksheets" created using the Microsoft Excel program (the "Employee Data List"). The Employee Data List memorialized the key strategic decisions made by PowerQuest and Symantec concerning the proposed staffing and organization of the new Symantec business unit to be formed from the PowerQuest acquisition.

27. The Employee Data List contains detailed confidential information for more than 270 PowerQuest employees, including their proposed position in the organizational structure, their existing and proposed new job titles, their existing and proposed new salaries, their proposed Symantec employee codes, and their proposed bonuses and Symantec stock awards. The Employee Data List also discloses the home address, telephone number, date of birth, and Social Security number for each of these employees.

28. The information set forth in the Employee Data List is the confidential information of Symantec and/or the listed PowerQuest employees, and the document as a whole represents a uniquely valuable trade secret that is proprietary and confidential to PowerQuest and its successor-in-interest Symantec.

29. On March 15, 2004, former PowerQuest employee Nordquist, who, upon information and belief, was at that time a principal of StorageCraft's predecessor-in-interest ShadowStor, electronically transmitted the Employee Data List to Mike Kunz. According to StorageCraft's web site, Mr. Kunz is currently Senior Director of Sales at StorageCraft.

30. On information and belief, prior to transmission, the file name of the Employee Data List was altered to "kidspics.xls." Mr. Nordquist's accompanying e-mail transmission to Mr. Kunz states "Keep this under control."

31. Mr. Nordquist had no authority or consent from PowerQuest or Symantec to access, use, or disclose to another entity the trade secret and confidential information contained in the Employee Data List.

32. On information and belief, on numerous other occasions beginning in 2003 and extending to the present time, StorageCraft, without authorization or consent acquired, disclosed, and/or used the trade secret and other confidential information of PowerQuest and Symantec in connection with the development, marketing, and sale of products intended to compete with those offered by Symantec.

33. On information and belief, this pattern of conduct included StorageCraft's unauthorized use of confidential PowerQuest documentation for its V2i system imaging and recovery product line, in which StorageCraft replaced references to PowerQuest products with references to StorageCraft products, and edited the materials so that they would not be readily recognized by PowerQuest or Symantec personnel as the proprietary and confidential information of those companies.

34. Upon information and belief, StorageCraft's ShadowProtect line of products, which compete with Symantec's Backup Exec System Recovery products, have been developed,

1  marketed, and sold by and through StorageCraft's acts of unfair competition and misappropriation
2  of trade secrets.

### COUNT ONE

### (MISAPPROPRIATION OF TRADE SECRETS)

5  35.   Symantec's first cause of action is for misappropriation of trade secrets by StorageCraft.

7  36.   Symantec repeats and re-alleges the allegations of paragraphs 1 through 34 above as if fully set forth herein.

9  37.   The Symantec trade secret information misappropriated by StorageCraft derived independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

12  38.   Symantec has invested substantial amounts of money and resources in the development of the trade secret information misappropriated by StorageCraft, and this information is of significant commercial importance to Symantec.

15  39.   Symantec adopted measures reasonable under the circumstances to maintain the secrecy of its trade secret information.

17  40.   StorageCraft improperly acquired Symantec's trade secret information knowing or having reason to know that the trade secret information was acquired by improper means.

19  41.   Without Symantec's consent, StorageCraft disclosed or used Symantec's trade secret information after having used improper means to acquire knowledge of the trade secret information.

22  42.   Without Symantec's consent, StorageCraft disclosed or used Symantec's trade secret information under circumstances in which StorageCraft knew or had reason to know: (a) StorageCraft acquired Symantec's trade secret information from or through a person who owed a duty to Symantec to maintain its secrecy or limit its use, or (b) StorageCraft acquired Symantec's trade secret information under circumstances giving rise to a duty to maintain its secrecy or limit its use.

43. StorageCraft's actions constitute misappropriation of Symantec's trade secrets under California Civil Code §§ 3426 et seq.

44. StorageCraft's misappropriation of Symantec's trade secrets was willful.

45. Symantec has been damaged by misappropriation of its trade secrets and, unless the StorageCraft's activities are enjoined by this Court, StorageCraft will continue its misappropriation of Symantec's trade secrets.

### COUNT TWO

(UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)

46. Symantec's second cause of action is for unfair competition by StorageCraft.

47. Symantec repeats and re-alleges the allegations of paragraphs 1 through 45 above as if fully set forth herein.

48. StorageCraft's fraudulent and deceptive scheme to target Symantec through, among other things, misappropriating, and attempting to misappropriate, Symantec's confidential and trade secret information, and the private information of Symantec's employees, constitutes unfair competition in violation of California Business and Professions Code §§ 17200 et seq.

49. Unless ongoing conduct by the StorageCraft is enjoined by the Court, StorageCraft will continue the unfair business practices causing irreparable and continuing harm to Symantec for which there is no adequate legal remedy.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Symantec prays for the following relief against StorageCraft:

(a) A preliminary and permanent injunction against StorageCraft, its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active concert or participation with StorageCraft, enjoining them from possessing, obtaining, seeking to obtain, inducing any third party to provide, or using in any fashion Symantec confidential and trade secret information;

(b) A preliminary and permanent injunction against StorageCraft, its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, all assignees and successors

1. in interest, and those persons in active concert or participation with StorageCraft, enjoining them
2. from making, using, selling or offering to sell any product whose design, testing, or marketing was
3. influenced or aided by the misappropriation of Symantec confidential and trade secret information;
4.   (c)  A preliminary and permanent injunction against StorageCraft, its officers, agents,
5. servants, employees, attorneys, all parent and subsidiary corporations, all assignees and successors
6. in interest, and those persons in active concert or participation with StorageCraft, requiring the
7. return of all Symantec confidential and trade secret information in their possession, custody, or
8. control;
9.   (d)  An award of damages for StorageCraft's misappropriation of Symantec's trade
10. secrets, together with pre judgment and post judgment interest;
11.   (e)  A doubling of such damages pursuant to California Civ. Code § 3426.3(c);
12.   (f)  An award of recovery of StorageCraft's unjust enrichment pursuant to California
13. Civ. Code § 3426.3(a);
14.   (g)  An award of attorneys' fees for StorageCraft's misappropriation of Symantec's
15. trade secrets pursuant to California Civ. Code § 3426.4;
16.   (h)  A preliminary and permanent injunction against StorageCraft, its officers, agents,
17. servants, employees, attorneys and all parent and subsidiary corporations all assignees and
18. successors in interest and those persons in active concert or participation with StorageCraft,
19. enjoining them from engaging in further acts of unfair competition;
20.   (i)  Restitution to Symantec of the ill-gotten gains derived from StorageCraft's unfair
21. competition;
22.   (j)  Exemplary and punitive damages; and

1  (k)   Any such other relief that this Court deems just and proper.

2  Dated: September 13, 2007

3                               **DAY CASEBEER MADRID & BATCHELDER LLP**

5                               By: _____

6                               Attorneys for Plaintiff
                                SYMANTEC CORPORATION

785148_8.doc   COMPLAINT                          11

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Symantec demands a trial by jury on all issues triable of right by a jury.

Dated: September 13 2007

DAY CASEBEER MADRID & BATCHELDER LLP

By: _____

Attorneys for Plaintiff
SYMANTEC CORPORATION