# Exhibit L

LEXSEE 2007 US DIST LEXIS 34075

**ROBERT E. SUTTON, Plaintiff, v. EVEREST NATIONAL INSURANCE COMPANY, an Arizona corporation, and EVEREST REINSURANCE COMPANY, a Delaware corporation, Defendants.**

Case No. 07-cv-00425-WYD-BNB

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

2007 U.S. Dist. LEXIS 34075

May 9, 2007, Decided
May 9, 2007, Filed

**SUBSEQUENT HISTORY:** Motion granted by, Dismissed by *Sutton v. Everest Nat'l Ins. Co., 2007 U.S. Dist. LEXIS 62276 (D. Colo., Aug. 23, 2007)*

**COUNSEL:** [*1] For Robert E. Sutton, Plaintiff: Daniel M. Reilly, LEAD ATTORNEY, Marcus James Lock, Sean Connelly, Hoffman, Reilly, Pozner & Williamson, L.L.P., Denver, CO.

For Everest National Insurance Company, an Arizona Corporation, Everest Reinsurance Company, a Delaware Corporation, Defendants: Lisa Lee Jordan, LEAD ATTORNEY, Featherstone Petrie DeSisto, LLP, Denver, CO.

**JUDGES:** Boyd N. Boland, United States Magistrate Judge.

**OPINION BY:** Boyd N. Boland

**OPINION**

**ORDER**

This matter is before me on the **Motion to Stay Discovery, Vacate Scheduling/Planning Conference and Defer *Fed. R. Civ. P. 16* Scheduling Process** [Doc. # 16, filed 5/4/2007] (the "Motion to Stay"). The Motion to Stay is DENIED.

This is an action for declaratory and injunctive relief. According to the defendants:

This lawsuit arises out of Guaranties under which [plaintiff] Sutton and three of his companies, WK Capital, Centrix Consolidated, and Centrix CM, (collectively the "Guarantors") absolutely and unconditionally guaranteed reinsurance obligations owed to Everest by another business entity owned by Sutton, Founders Reinsurance Company Ltd. . . . Founders breached its reinsurance [*2] obligations to Everest by failing to fund a trust account, and Everest subsequently asked Sutton to honor his promise under his Guaranty. . . . Rather than fulfill his promise (or at least give Everest the courtesy of a response), Sutton filed the instant lawsuit against Everest seeking to avoid his Guaranty. By doing so, Sutton improperly sought to preempt an anticipated breach-of-contract suit by Everest, circumvent Everest's bargained-for right to file an enforcement action in New Jersey under an express forum-selection clause in the Guaranty, and delay fulfillment of his obligations under the Guaranty.

*Motion to Stay* at pp.1-2. The plaintiff requests a declaration that he is not liable to Everest and an injunction preventing Everest from taking any steps to collect money from Sutton. *Complaint* at p.5.

The defendants seek to stay the case pending a

determination of their *Motion to Dismiss Or, In the Alternative, To Transfer Venue* [Doc. # 6, filed 3/9/2007] (the "Motion to Dismiss"). In the *Motion to Dismiss,* the defendants argue that this action should be (1) dismissed as an improper use of the declaratory judgment rule because Sutton engaged in "procedural [*3] gamesmanship" and filed this action "in anticipation of another proceeding," id. at pp.7-8; or (2) transferred to the United States District Court for the District of New Jersey based on a forum selection clause contained in the guarantees which provides that "any action or proceeding . . . to enforce, or arising out of, this Guaranty may be commenced in state or federal court in any county in the State of New Jersey. . . ." Id. at p.12, and Exh.4 at P9(h) (emphasis added).

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, *Rule 1* instructs that the rules of procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," and *Rule 26(c)* permits a court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of [*4] the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Federal Deposit Ins. Corp. v. Renda, 1987 U.S. Dist. LEXIS 8305, 1987 WL 348635 * 2 (D. Kan. Aug. 6, 1987)*; accord *String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 U.S. Dist. LEXIS 20928, 2006 WL 894955 *3 (D. Colo. March 30, 2006)* (same). Considering these factors leads me to conclude that a stay of proceedings, including a stay of discovery, is not warranted in this case.

The average time from the filing of a dispositive motion to its determination in this district in 2006 was 7.5 months. Consequently, staying the case while the defendants' motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences. In this regard, it has been argued that:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
>
> * * *
>
> In the litigation context, delay is not only a practical concern, [*5] as it results in a decrease in evidentiary quality and witness ability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement, 155 U. PA. L. REV. 503, 528 (2006).*

Motions to dismiss are denied in whole or in part more often than they result in the termination of a case. Consequently, without attempting to prejudge the district judge's ruling on the defendants' motion to dismiss, it is more likely than not from a statistical standpoint that a delay pending a ruling on the motion to dismiss would prove unnecessary.

Defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. The dispute between these parties will proceed in some court--either here or in the district of New Jersey. Consequently, the defendants cannot avoid altogether the costs of litigation. In addition, the defendants filed a related action [*6] in the District of New Jersey after this case was filed, and any duplicated effort or cost is the result of the defendants' conduct and decision to dispute the forum where the action will proceed. Thus, any special burden on the defendants in this case is of their own making. In addition, I have reviewed the defendants' *Motion to Dismiss,* and it is not obvious to me that it necessarily will be granted.

It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss. This

2007 U.S. Dist. LEXIS 34075, *6

policy recognizes the burdens to the court and to the public in delaying, potentially for months, those cases where a motion to dismiss is filed.

On balance, I find that this case should not be stayed pending a resolution of the *Motion to Dismiss.*

IT IS ORDERED that the Motion to Stay is DENIED.

Dated May 9, 2007.

BY THE COURT:

s/ Boyd N. Boland

United States Magistrate Judge