1

Kimberly A. Donovan (CA Bar No. 160729)
**GCA LAW PARTNERS LLP**
1891 Landings Drive
Mountain View, Ca 94043
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com

2

3

4

H. Dickson Burton (UT Bar No. 4004) (*pro hac vice*)
Edgar R. Cataxinos (UT Bar No.7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:    (801) 532-1922
Facsimile:    (801) 531-9168
E-Mail:        hdburton@traskbritt.com

5

6

7

8

9

10

Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

11

12

13

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

14

15

16

17

18

SYMANTEC CORP.

            Plaintiff,

19

        v.

20

21

22

STORAGECRAFT TECHNOLOGY
CORPORATION.
            Defendant.

23

24

25

|  |  |
|---|---|
| ) | Case No.  CV07-4731 JW |
| ) | |
| ) | **MEMORANDUM IN OPPOSITION** |
| ) | **TO PLAINTIFF'S MOTION FOR** |
| ) | **EXPEDITED DISCOVERY AND IN** |
| ) | **SUPPORT OF DEFENDANT'S** |
| ) | **CROSS-MOTION FOR A STAY OF** |
| ) | **DISCOVERY** |
| ) | |
| ) | Date:    February 4, 2008 |
| ) | Time:    9:00 a.m. |
| ) | Place:    Courtroom 8 |

26

27

28

Case No. CV07-4731 JW
Defendant's Memorandum in Opposition to Motion for Expedited
Discovery and in Support of Motion for a Stay of Discovery

1    **DEFENDANT** StorageCraft Technology Corporation ("StorageCraft") hereby opposes

2    Plaintiff Symantec Corporation's ("Symantec") Motion For Expedited Discovery and brings this

3    cross-motion seeking a stay of the Case Management Conference, including the Rule 26(f)

4    attorneys' conference, initial disclosures, and discovery, until after (and *if*) StorageCraft's Motion

5    to Dismiss or, in the Alternative, Transfer is denied and an Answer is filed.

6    At the time Symantec filed its motion for expedited discovery on December 31, 2007, the

7    Case Management Conference was scheduled by the Court for March 17, 2008.  However, on

8    January 4, 2008, the Court issued an order [Docket No. 37] resetting that conference for February

9    4, 2008.  The seeming impact of this order is that the parties would now be expected to hold their

10   rule 26(f) conference by Monday, January 14, 2008, after which Symantec would normally be

11   free to conduct discovery, resulting in the presumably unintended result of nearly "mooting"

12   Symantec's motion for expedited discovery.  StorageCraft does not believe this was the intent of

13   the Court when the Case Management Conference was reset for February 4th, 2008 at 9:00 a.m.[1]

14   and, in any event, believes it is premature for the parties to engage in Case Management planning

15   and in discovery before the Court has even decided whether this case will be heard in California

16   and before an Answer has been filed.  Early discovery in this case is unnecessary and could

17   ultimately prove to be a waste of time and resources by the parties and the Court.  Accordingly,

18   the Motion for Expedited Discovery should be denied and case management, initial disclosures

19   and discovery should be stayed pending an order on StorageCraft's Motion to Dismiss and filing

20   of an Answer.

21   ## RELEVANT FACTUAL BACKGROUND

22   On September 14, 2007, Symantec filed this action alleging misappropriation of trade

23   secrets, based on acts of misappropriation that allegedly occurred in or before March of 2004.

24   (Complaint ¶ 5; Declaration of Thomas Russell Shreeve, January 10, 2008. "Shreeve Decl." ¶ 2.)

25   After a two week extension of time to respond, StorageCraft filed a motion to dismiss or, in the

26

27   [1] The Court did set a hearing on Symantec's Motion for Expedited Discovery for February 4, 2008, further supporting StorageCraft's belief that the Court did not intend to nearly moot the

28   motion.

DOCUMENT PREPARED
ON RECYCLED PAPER

Defendant's Memorandum in Opposition to Motion for Expedited
Discovery and in Support of Motion for a Stay of Discovery

1    alternative, to transfer on October 30, 2007 and filed a declination to proceed before U.S.

2    Magistrate. The case was reassigned to the Honorable Judge Ware. When counsel attempted to

3    reschedule the hearing date, the soonest date available for the hearing was February 11, 2008.

4    (Donovan Decl. ¶¶ 2-4.) During counsel discussions regarding rescheduling the hearing,

5    StorageCraft requested that the parties agree that discovery, disclosures and case management be

6    postponed pending a decision on the motion to dismiss, but Symantec would not stipulate to this

7    proposal. StorageCraft's counsel also mentioned that it was likely that the case management

8    conference would be moved by the Court. (Donovan Decl. ¶ 5.)

9         As anticipated, on December 21, 2007, the Court issued an order moving the Case

10    Management Conference to March 17, 2008 [Docket No. 32], thereby moving the date by which

11    the parties needed to engage in their conference under Rule 26(f) of the Federal Rules of Civil

12    Procedure to February 25, 2007. In light of this order, and the fact that engaging in discovery

13    before this Court while a motion to dismiss was pending, could be a waste of time and resources

14    for all concerned (as StorageCraft had previously mentioned), StorageCraft's counsel declined to

15    proceed with the previously schedule 26(f) conference, contending it should be continued to

16    February, 2008. This resulted in Symantec bringing the present motion for expedited discovery.

17    (Donovan Decl. ¶ 6, Exh. A.)

18         The parties agreed upon an expedited pleading schedule for Symantec's motion to

19    expedite discovery, which was adopted by this Court by order dated January 4, 2008. [Docket

20    No. 37] and the motion was set for hearing on February 4, 2008 at 9:00 a.m. In the same order,

21    the Court moved the March 17, 2008 Case Management Conference ("CMC") up to February 4,

22    2008 at 10:00 a.m. Moving the CMC had the unintended (StorageCraft believes) impact of

23    potentially mooting the motion for expedited discovery, since a February 4, 2008 CMC appears to

24    require the parties to engage in a 26(f) conference by January 14 and potentially permits

25    discovery to be propounded thereafter. In light of the January 4 order, StorageCraft brings this

26    motion to stay discovery, disclosures and case management until issuance of an order on the

27    motion to dismiss and filing of an answer.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

Defendant's Memorandum in Opposition to Motion for Expedited
Discovery and in Support of Motion for a Stay of Discovery                    3

1

2                                            **ARGUMENT**

3           At the time Symantec's motion was filed no Rule 26(f) conference had been held and the

4    Case Management Conference was set for March 17.  Thus, the Rule 26(f) conference did not

5    need to be held until February 25th.  *See* Fed. R. Civ.P. 26(f).  The March 17 CMC date was

6    appropriate, given that StorageCraft's Motion to Dismiss was set to be heard on February 11,

7    2008.  Should that motion be denied, StorageCraft would then promptly file an Answer, and the

8    Case Management process, including the Rule 26(f) conference, discovery and disclosures, could

9    proceed in a timely and logical manner consistent with the March 17, 2008 date.

10          The new Case Management Conference date of February 4, 2008 seemingly requires that

11   the parties hold a Rule 26(f) conference by January 14, 2008.  At this point, however,

12   StorageCraft has not filed an Answer to the complaint, and there is a pending Motion to Dismiss.

13   Because this Court has not yet decided whether this case will even be heard in California, it is

14   premature to conduct discovery, require initial disclosures or otherwise engage in the Rule 26(f)

15   conference and Case Management Conference. *See, e.g., Ervin and Associates, Inc. v. Cisneros,*

16   939 F.Supp. 793, 795 (D. Colo. 1996) (explaining that a motion for expedited discovery was

17   denied in favor of first ruling on a request to transfer venue).  This is particularly true here where

18   StorageCraft maintains that Symantec's filing of this action in the Northern District of California

19   was a case of forum shopping [*see* StorageCraft's Motion to Dismiss, Docket No. 14] and where

20   discovery disputes are anticipated.

21          Symantec can show no urgent need for early discovery. The alleged misappropriation by

22   StorageCraft, involving an "employee data list," took place nearly four years ago.[2,3]  Symantec is

23

24   [2] Symantec has not even made any specific allegations as to how or even if the information
     contained within the "employee data list" was used or disclosed to Symantec's harm or
25   StorageCraft's benefit.  In fact, other than the alleged transmission of the file via email from one
     employee to another employee in March 2004, there is no allegation or evidence that anyone has
26   ever made any use of any information contained within the "employee data list." No other
     disclosure, use or damage is identified by Symantec.  Moreover, affidavits from relevant
27   StorageCraft personnel regarding the widespread dissemination of the "employee data list" within
     PowerQuest and lack of any use or disclosure thereof by StorageCraft were provided to Symantec
28   on September 13, 2007. Shreeve Decl., ¶ 3, Exs. A, B, and C.

Defendant's Memorandum in Opposition to Motion for Expedited
Discovery and in Support of Motion for a Stay of Discovery                                    4

1   not seeking a temporary restraining order nor a preliminary injunction. *See e.g., Dimension Data*

2   *North America, Inc. v. Netstar-1, Inc.,* 226 F.R.D. 528, 531-32 (E.D.N.C. 2005) ("[P]laintiff's

3   motion for expedited discovery is not reasonably timed, where, as here, plaintiff has not yet filed

4   a temporary restraining order or a motion for preliminary injunction.").[4] If the need to commence

5   discovery is so urgent, as Symantec claims, Symantec should have brought this action in the

6   appropriate court, in Utah, where a majority of the witnesses reside and evidence is located,

7   where the "employee data list" was created, and where the alleged misappropriation of the

8   "employee data list" (or any other information) occurred. Symantec had to expect that

9   StorageCraft would file a motion to dismiss or transfer this case to the proper venue, resulting in

10  delays while the motion is pending.

11      On the other hand, the discovery which Symantec proposes to serve (*See*, Exhibits A and

12  B to the December 31, 2007 Declaration of Paul S. Grewal), is dramatically overbroad and will

13  undoubtedly result in discovery disputes.[5] It would be a waste of the parties' and Court's time

14  and resources to get involved in discovery disputes before the pleadings and issues have been

15  fully joined and before this Court has even decided that it will retain this case.

16      In support of its motion for expedited discovery, Symantec relies on this Court's holding

17  in *Pacific Lumber Co. v. National Union Fire Ins. Co of Pittsburg, PA*, 220 F.R.D. 349 (N.D. Cal.

18  2003). In *Pacific Lumber*, the Plaintiff filed a motion for a protective order to stay discovery

19

20  [3] Symantec's complaint contains one vague, unsupported allegation, made on "information and belief," that StorageCraft's software products were "developed, marketed, and sold by and
21  through StorageCraft's acts of unfair competition and misappropriation of trade secrets." Symantec Complaint, ¶ 34. Symantec first raised related concerns in correspondence to
22  StorageCraft and its former PowerQuest employees in December, 2004, but it has taken no action until now. Shreeve Decl., ¶ 4. Clearly, there is no urgency after so many years have passed.
23  Moreover, it is apparent that Symantec merely wishes to use the "employee data list" as an excuse for an expensive fishing expedition to explore the development of the successful products of a
24  start-up competitor. Whether Symantec can do so at all is in dispute, but it surely does not need to do so on an expedited basis.
25  [4] *See also, Gucci America, Inc. v. Daffy's, Inc.,* 2000 WL 1720738, *5 (D.N.J. 2000) (denying request for expedited discovery where there was no pending motion for preliminary injunctive
26  relief).
    [5] *See*, for example, Interrogatories 2 and 3 (Ex. A to Grewal Declaration) requesting development
27  and sales information for each and every StorageCraft product, and Requests for Production 21 and 28, requesting "all documents" relating to sales or marketing of all StorageCraft products,
28  and to the "design and development" of all StorageCraft products.

1   pending the outcome of both parties' cross-motions for summary judgment.  Here, StorageCraft

2   has not yet answered the complaint, the pleadings have not been joined, and the Court has not

3   even decided whether this case will be litigated in California.  Conversely, in *Pacific Lumber*,

4   there was no question as to whether the Court was going to hear the case. *Pacific Lumber* does

5   not apply.

6          StorageCraft also believes there is a possibility that Symantec will name additional parties

7   if this case is transferred to Utah.   It appears that the only reasons Symantec did not name several

8   individual StorageCraft employees (who were former Symantec employees) as Defendants is that

9   Symantec could not obtain jurisdiction over the employees in California and that these employees

10  had agreements with Symantec that specified Utah venue for any legal actions.  If this case is

11  transferred to Utah, Symantec will likely name these individual employees as defendants.

12  Proceeding with discovery at this time, particularly third party discovery, is not only a waste of

13  resources, but could actually prejudice the rights of these third parties.  If discovery does proceed

14  prior to a decision on the Motion to Dismiss or Transfer, Symantec should be required to agree it

15  will not name any additional defendants if the case is transferred to Utah.

16                          **CONCLUSION**

17          For the reasons stated herein, the Court should deny Symantec's Motion For Expedited

18  Discovery and should grant StorageCraft's Motion for Stay of Discovery.

19  Dated: January 10, 2007

20

21                              TRASKBRITT, PC
                                H. Dickson Burton (4004)
22                              Edgar R. Cataxinos (7162)

23

24                              ___/S/  H. Dickson Burton_____
                                H. Dickson Burton

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER