Kimberly A. Donovan (CA Bar No. 160729)
**GCA LAW PARTNERS LLP**
1891 Landings Drive
Mountain View, CA 94043
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com

H. Dickson Burton (UT Bar. No. 4004) (*pro hac vice*)
Edgar R. Cataxinos (UT Bar No. 7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:    (801) 532-1922
Facsimile:    (801) 531-9168
E-Mail:    hdburton@traskbritt.com

Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORP.<br><br>            Plaintiff,<br><br>       v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION.<br>            Defendant. | Case No.  CV07-4731 JW<br><br>**DECLARATION OF KIMBERLY A. DONOVAN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND ITS CROSS-MOTION FOR A STAY OF DISCOVERY**<br><br>Date:    February 4, 2008 (proposed)<br>Time:    9:00 a.m.<br>Place:    Courtroom 8<br>Judge:    Honorable James Ware |

I, Kimberly A. Donovan, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and am a member of the law firm of GCA Law Partners LLP, attorneys of record for Defendant StorageCraft Technology Corporation ("StorageCraft"). I have personal knowledge of the facts stated herein and if sworn as a witness could and would competently testify thereto.

2. This case was reassigned from U.S. Magistrate Judge Lloyd to Judge James Ware as a result of StorageCraft filing a declination to proceed before U.S. Magistrate. As a result of the reassignment, the hearing date on StorageCraft's Motion to Dismiss or, in the Alternative, to Transfer needed to be rescheduled. Symantec's counsel brought this fact to the attention of counsel for StorageCraft on the evening of November 26 and noted that the Court's website indicated that February 4, 2008, was the next available hearing date.

3. On November 27 I checked the Court's calendar and confirmed that February 4, 2008, was the next available hearing date according to the website. I placed a call to Judge Ware's clerk, Ms. Garcia, to see if an earlier date might be available in light of the fact that the case had been transferred from Judge Lloyd. I was informed that it would not be possible to have an earlier hearing date due to various scheduling issues and Judge Ware's calendar. I also inquired as to how this would impact the Case Management Conference, which had been scheduled from January 14. Ms. Garcia advised that the Case Management Conference would be moved.

4. After confirming that February 4 was the earliest possible date for the hearing, I contacted all counsel to confirm they were available to appear for the hearing that date, which they were. I then prepared an Amended Notice of Motion. Prior to filing the Amended Notice, on November 28, I checked the website again and learned that February 4 was no longer available for hearings and that February 11 was now the soonest date available. I placed another call to Ms. Garcia to see if we could still schedule the motion on February 11 since I had previously discussed it with her. She called me back on

1  November 29 and advised that that would not be possible and that the hearing must now
2  take place on February 11. I attempted to contact counsel to confirm their availability for
3  February 11, but when I had not reached both counsel by the next morning, I proceeded to
4  file the Amended Notice with a hearing date of February 11 and sent them an email
5  describing the situation, since we did not want to take a chance that the hearing would be
6  moved to February 25, since February 18 is a holiday. All counsel were available on
7  February 11, so the motion remained set on that date.
8      3.    During my discussion with counsel regarding rescheduling the hearing, I
9  also requested that the parties enter into a stipulation agreeing that discovery, disclosures
10 and case management be postponed pending a decision on the motion to dismiss. I
11 indicated that StorageCraft felt it would be a waste of time and resources to engage in
12 discovery here before the California Court when we believed the action would be
13 dismissed or transferred to the Utah Court. Symantec's counsel would not agree to
14 stipulate to such a stay. I also mentioned that it seemed likely that the case management
15 conference would be moved by the Court for the same reasons.
16     4.    In compliance with this Court's initial schedule, the parties needed to
17 conduct their Rule 26(f) conference by December 24. In light of the holiday, counsel
18 agreed to conduct the conference on December 21, although Defendant's counsel
19 anticipated that the Case Management Conference would be continued prior to that time
20 and would make it unnecessary to proceed on the conference on December 21. On
21 December 21 we had still not received an order continuing the Case Management
22 Conference. I called the Judge's clerk, Ms. Garcia, that morning and was informed that an
23 order continuing the conference to March 21, 2008, was going to issue any moment. When
24 we still had not received the order at 12:30 on December 21, StorageCraft's co-counsel, H.
25 Dickson Burton, sent out an email to all counsel advising that we understood that the Case
26 Management Conference was going to be continued to March 17 and therefore we did not
27 feel we should proceed with the Rule 26(f) conference, but instead should continue it to

1. February, after the Court ruled on the Motion to Dismiss. On December 21 at 12:42pm, StorageCraft's counsel received the Court's order continuing the Case Management Conference [Docket No. 32]. Attached as Exhibit A is a true and correct copy of email correspondence between counsel regarding the cancellation of the Rule 26(f) conference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at Mountain View, California on January 10, 2008.

                                    /S/ Kimberly A. Donovan
                                    Kimberly A. Donovan

*EXHIBIT A*

**Kim Donovan**

**From:** Grewal, Paul [PGrewal@daycasebeer.com]
**Sent:** Friday, December 21, 2007 1:05 PM
**To:** H Dickson Burton; Kim Donovan
**Subject:** RE:

Dickson, we respectfully disagree on the value and merit of proceeding with our 26(f) conference, which has been scheduled for eight days.
We also respectfully disagree with the value and merit of proceeding with discovery in a case that has been pending for three months and regret that the Court will be forced to address these issues.

Paul

---

**From:** H Dickson Burton [mailto:HDBurton@traskbritt.com]
**Sent:** Friday, December 21, 2007 12:52 PM
**To:** Grewal, Paul; Kim Donovan
**Subject:** RE:

Paul, we are not prepared to agree to any dates nor any discovery until the Court rules on our motion. If that is what you wish to discuss today, there is no reason to talk. Let me know if there are other issues to discuss, but we will otherwise look forward to a Rule 26(f) conference with you in mid to late February if our motion is denied.

Dickson

---

**From:** Grewal, Paul [mailto:PGrewal@daycasebeer.com]
**Sent:** Friday, December 21, 2007 1:47 PM
**To:** H Dickson Burton; Kim Donovan
**Subject:** RE:

Dickson, I have reviewed the order. We have prepared to address the issues required under Rule 26(f) and do not wish to delay the initiation of discovery in this matter any further.
To that end, we still wish to proceed with the conference.

I look forward to speaking with you in a few minutes.

Thanks,
Paul


Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd. Suite 400
Cupertino, CA 95014

Direct: 408-342-4543
Main: 408-873-0110
Fax: 408-873-0220

Email: pgrewal@daycasebeer.com

1/10/2008

**From:** H Dickson Burton [mailto:HDBurton@traskbritt.com]
**Sent:** Friday, December 21, 2007 12:28 PM
**To:** Grewal, Paul; Kim Donovan
**Subject:** RE:

Paul,

I am not sure what we can accomplish in this conference until the court rules on our motion to transfer or dismiss. Kim spoke to the clerk this morning who indicated that a new order would be issuing today postponing the CMC to March 17. I suggest we wait before having this conference.

Your thoughts?

Dickson

---

**From:** Grewal, Paul [mailto:PGrewal@daycasebeer.com]
**Sent:** Friday, December 21, 2007 10:04 AM
**To:** H Dickson Burton; Kim Donovan
**Subject:**

Dickson and Kim: for our call at 1pm PT, let's use the following dial-in:

(877)336-1828; code: 2746340

Best,
Paul


Paul S. Grewal
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd. Suite 400
Cupertino, CA 95014

Direct: 408-342-4543
Main: 408-873-0110
Fax: 408-873-0220

Email: pgrewal@daycasebeer.com

```
*********************************************************************
Confidentiality Notice
This message is being sent by or on behalf of a lawyer.  It is
intended exclusively for the individual or entity to which it is
addressed.  This communication may contain information that
is proprietary, privileged or confidential or otherwise legally
exempt from disclosure.  If you are not the named addressee,
you are not authorized to read, print, retain, copy or
disseminate this message or any part of it.  If you have
received this message in error, please notify the sender
immediately by email and delete all copies of the message.
*********************************************************************
*********************************************************************
Confidentiality Notice
This message is being sent by or on behalf of a lawyer.  It is
intended exclusively for the individual or entity to which it is
```

```
addressed.  This communication may contain information that
is proprietary, privileged or confidential or otherwise legally
exempt from disclosure.  If you are not the named addressee,
you are not authorized to read, print, retain, copy or
disseminate this message or any part of it.  If you have
received this message in error, please notify the sender
immediately by email and delete all copies of the message.
****************************************************************
****************************************************************
Confidentiality Notice
This message is being sent by or on behalf of a lawyer.  It is
intended exclusively for the individual or entity to which it is
addressed.  This communication may contain information that
is proprietary, privileged or confidential or otherwise legally
exempt from disclosure.  If you are not the named addressee,
you are not authorized to read, print, retain, copy or
disseminate this message or any part of it.  If you have
received this message in error, please notify the sender
immediately by email and delete all copies of the message.
****************************************************************
```