Paul S. Grewal (CSB# 196539)
pgrewal@daycasebeer.com
William P. Nelson (CSB# 196091)
wnelson@daycasebeer.com
DAY CASEBEER MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Tel.: (408) 873-0110
Fax: (408) 873-0220

Attorneys for Plaintiff
SYMANTEC CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION<br><br>        Plaintiff,<br><br>v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION,<br><br>        Defendant. | Case No. C07 04731 JW<br><br>SYMANTEC CORPORATION'S OPPOSITION TO DEFENDANT'S CROSS-MOTION TO STAY DISCOVERY, INITIAL DISCLOSURES AND CASE MANAGEMENT<br><br>DATE:     FEBRUARY 4, 2008<br>TIME:     9:00 A.M.<br>COURTROOM: 8<br>JUDGE:    HONORABLE JAMES WARE |

## I. INTRODUCTION

StorageCraft's motion to further delay discovery in this action rests on a series of false premises. The first is that the discovery Symantec has served is somehow "premature."[1] The second is that it is proper for this Court to stay discovery in light of StorageCraft's pending non-dispositive transfer motion. The third is that Symantec has no need to begin discovery, more than four months after it filed suit, because its allegations involve but one act of trade secret misappropriation which occurred several years ago.

Not one of these premises is true. First, the discovery that Symantec has served in this case is neither "expedited," "early," nor "premature."[2] It was already overdue—discovery would have begun under Rule 26(d)(1) nearly a month ago, had StorageCraft timely complied with the October 31, 2007 Reassignment Order informing counsel that all hearing dates must be renoticed. StorageCraft should not profit from its failure to abide by the Reassignment Order, and thereby avoid for months discovery that Symantec urgently needs.

Second, StorageCraft cites no authority (for there is none) to support a stay of ongoing discovery where a pending motion is not case-dispositive. StorageCraft's pending motion aims only to move this dispute to Utah, not dispose of it. Under these circumstances, StorageCraft has not met its heavy burden to show good cause for staying discovery. The same discovery, already underway here, will take place regardless of where this lawsuit is resolved, and there are no efficiencies to be gained from staying it.

Finally, as set out in Symantec's recently served identification of trade secrets pursuant to California Code of Civil Procedure § 2019.210, Symantec has alleged multiple acts of trade secret misappropriation by StorageCraft, including not only StorageCraft's theft of Symantec's "employee data list," but other serious acts of trade secret misappropriation and unfair

---

[1] StorageCraft's Memorandum in Opposition to Plaintiff's Motion For Expedited Discovery and In Support of Defendant's Cross-Motion for a Stay of Discovery ("StorageCraft's Cross-Motion") at 2.

[2] Id.

competition[3]—supported by remarkable documentary evidence. Symantec urgently needs discovery to assess the extent of StorageCraft's wrongful conduct.

## II. ARGUMENT

### A. DISCOVERY IS ALREADY OVERDUE IN THIS ACTION

Discovery in this action would have begun nearly a month ago had StorageCraft timely complied, in connection with its motion to dismiss or transfer this action, with the October 31, 2007 Reassignment Order informing counsel that "ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE HAS BEEN REASSIGNED."[4] Instead, StorageCraft renoticed the hearing on its motion—for a date three months later than its original noticed date of December 4, 2007—only after it was informed by Symantec in late November that there was no hearing set before this Court.[5] StorageCraft then unilaterally declined to participate in the Rule 26(f) conference, then scheduled for December 21, 2007, following this Court's rescheduling of the Case Management Conference in light of the new later date for StorageCraft's motion.[6] Symantec immediately moved for "expedited" discovery aimed at starting the delayed discovery process.

Following Symantec's filing of its motion, this Court's Order of January 4, 2008[7] advanced "the Case Management Conference currently set for March 17, 2008 to February 4, 2008," and ordered that, "[p]ursuant to the Civil Local Rules of the Court, the parties shall meet and confer and file a Joint Case Management Statement by January 25, 2008."[8] As required by

---

[3] Declaration of William P. Nelson in Support of Symantec's Opposition to StorageCraft's Cross-Motion to Stay Discovery ("Nelson Decl."), Ex. A.
[4] Nelson Decl., Ex. B (emphasis in original).
[5] Nelson Decl., Ex. C.
[6] Nelson Decl., Ex. D at 1-2.
[7] Nelson Decl., Ex. E at 2 (1/4/07 Order Granting Plaintiff's Motion to Shorten Time; Advancing Hearing on Motions (Docket No. 37)).
[8] Id.

Fed. R. Civ. P. 26(f), the parties met and conferred on January 14, 2008, and on that same day Symantec served discovery on StorageCraft, as permitted under Fed. R. Civ. P. 26(d)(1). Accordingly, Symantec withdrew its motion for expedited discovery.[9]

As such, the discovery that Symantec has served is neither "premature," "expedited," nor "early" —it is overdue. Symantec urgently seeks discovery in order to assess the extent of StorageCraft's misappropriation of Symantec's trade secrets, and served its discovery on the first day allowed under the rules. StorageCraft's attempt to obtain this Court's assistance in profiting from its failure to abide by the Reassignment Order—and thereby avoid discovery from Symantec for months—should be denied.[10]

### B. THERE IS NO BASIS FOR A STAY OF DISCOVERY IN THIS ACTION

StorageCraft carries a "heavy burden" to make a "strong showing" of good cause to stay discovery.[11] StorageCraft's pending transfer motion cannot carry that burden. To serve as the basis for a stay of discovery, "a pending motion must be potentially dispositive of the entire case, or . . . on the issue at which discovery is directed."[12] StorageCraft's pending motion merely aims to move this dispute to Utah, not dispose of it. Not one of the authorities relied upon by StorageCraft[13] provides support for a stay of ongoing discovery where a pending motion is not

---

[9] Symantec's Notice of Withdrawal of Motion for Expedited Discovery (Docket No. 46).

[10] For its part, StorageCraft has sought broad discovery from Symantec relating to this action through a third-party subpoena served on Symantec in connection with litigation between StorageCraft and non-party NetJapan Holdings, Inc.. Nelson Decl., Ex. F.

[11] *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)); *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-601 (C.D. Cal. 1995).

[12] *Pacific Lumber Co. v. Nat'l. Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003).

[13] *Dimension Data North America, Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 531-32 (E.D.N.C. 2005) (plaintiff had not filed a motion for preliminary injunction and sought broad discovery even though the parties had not yet held a Rule 26(f) conference); *Ervin and Assoc., Inc. v. Cisneros*, 939 F.Supp. 793, 795 (D. Colo. 1996); *Gucci America, Inc. v. Daffy's Inc.*, No.Civ.A.00-4463, 2000 WL 1720738, *6 (D.N.J. Nov. 14, 2000). Moreover, all three decisions concern whether *expedited* discovery is appropriate in the face of dismissal motions. They have no relevance here, where Symantec no longer seeks expedited discovery but instead has properly served discovery in the normal course, following the delayed Rule 26(f) conference.

case-dispositive. "Had the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."[14] Regardless of the outcome of StorageCraft's transfer motion, Symantec's claims will move forward, either here or in Utah. StorageCraft's motion provides no basis to postpone the expeditious resolution of this dispute by further delaying discovery.[15]

### C. SYMANTEC URGENTLY NEEDS DISCOVERY TO ASSESS THE EXTENT OF STORAGECRAFT'S TRADE SECRET MISAPPROPRIATION

By the time StorageCraft's transfer motion is heard on February 4, it will be almost five months since Symantec filed this suit. Symantec brought this action following its discovery of extraordinary evidence of acts of trade secret misappropriation and unfair competition by StorageCraft, in particular by current senior executives at StorageCraft who are former employees of PowerQuest Corporation, a company acquired by Symantec in 2003. Contrary to StorageCraft's assertions,[16] this evidence includes not only StorageCraft's theft of Symantec's Employee Data List, but as set out in Symantec's identification of trade secrets pursuant to Cal. Code. Civ. Proc. § 2019.210,[17] multiple acts of trade secret misappropriation and unfair competition.

Symantec's pressing concern over these allegations is heightened by the statements of StorageCraft's founder and former CEO, Jamey Kirby. In 2004, Mr. Kirby wrote to Symantec and informed it that the four former PowerQuest employees now employed by StorageCraft were

---

[14] *Gray*, 133 F.R.D. at 40 (denying motion to stay discovery request pending motion to dismiss); *Skellerup*, 163 F.R.D. at 600-601 (same).

[15] StorageCraft also suggests (without citation to authority) that the alleged overbreadth of Symantec's discovery provides a basis for staying discovery. The Federal Rules set out the appropriate procedure for addressing objections to the scope of discovery, which is for StorageCraft to object, and then meet and confer in an attempt to avoid motion practice—***not*** to forego discovery altogether.

[16] StorageCraft's Cross-Motion at 2, 4.

[17] Nelson Decl., Ex. A.

working on "producing a competing product to V2i Protector" (referring to PowerQuest's V2i product), in violation of non-compete agreements they signed while at PowerQuest.[18] Kirby's email further stated that the "new product requirements specifications" for StorageCraft's planned competitor product "were the V2i Protector documentation," and that "I am sure [former PowerQuest employee] Scott Barnes is using PowerQuest knowledge" to build the competing StorageCraft product.[19]

Now, there is undeniable evidence that Mr. Kirby told the truth. In addition to the misappropriation of Symantec's Employee Data List, other documents revealed for the first time in August 2007 show that "V2i documents [were] forwarded from" a former PowerQuest employee now working for StorageCraft.[20] Still other documents suggest that StorageCraft was altering PowerQuest/Symantec documents to "ensure they are not too PQ ish or that someone would recognize them if they saw them."[21] Symantec urgently needs discovery to assess the extent of the StorageCraft's wrongful conduct.

### III. CONCLUSION

It is time for discovery to begin in this action. For the reasons stated above, StorageCraft's motion should be denied.

Dated: January 18, 2008

By: /s/ William P. Nelson
Paul S. Grewal (CSB# 196539)
William P. Nelson (CSB# 196091)
Day Casebeer Madrid & Batchelder LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA  95014
Tel:  (408) 873-0110
Fax: (408) 873-0220

*Attorneys for Plaintiff Symantec Corporation*

---

[18] Nelson Decl., Ex. G.
[19] *Id.*
[20] Nelson Decl., Ex. H.
[21] Nelson Decl., Ex. I.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CIV 5-5(b). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CIV 5-5(b). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CIV 5-5, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U. S. First Class Mail.

Dated: January 18, 2008

/s/
William P. Nelson