Kimberly A. Donovan (CA Bar No. 160729)
**GCA LAW PARTNERS LLP**
1891 Landings Drive
Mountain View, CA 94043
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com

H. Dickson Burton (UT Bar. No. 4004) (*pro hac vice*)
Edgar R. Cataxinos (UT Bar No. 7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:   (801) 532-1922
Facsimile:   (801) 531-9168
E-Mail:   hdburton@traskbritt.com

Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORP.<br><br>             Plaintiff,<br><br>     v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION.<br>             Defendant. | Case No. CV07-4731 JW<br><br>**MOTION TO SHORTEN TIME ON HEARING OF MOTION FOR STAY OF DISCOVERY AND MOTION FOR PROTECTIVE ORDER, OR FOR STAY PENDING HEARING, PURSUANT TO LOCAL RULE 6-3** |

1    Defendant StorageCraft Technology Corporation ("StorageCraft") seeks to shorten
2    time on its Cross-Motion for Stay of Discovery [Docket No. 39] and its Motion for
3    Protective Order [filed concurrently with this motion].  These motions need to be heard
4    immediately [prior to January 25] in light of the fact that Plaintiff Symantec Corp.
5    ("Symantec") has served a third party subpoena and is seeking to obtain documents
6    pursuant to that subpoena on January 25, 2008, prior to the present hearing date of
7    February 4, 2008 on Storagecraft's motion to stay, and much earlier than a hearing could be
8    set in the ordinary course for the motion for protective order.   Alternatively, StorageCraft
9    seeks a temporary stay of discovery pending the February 4 hearing in this case.

**FACTUAL BACKGROUND AND RELIEF SOUGHT**

On September 14, 2007, Symantec filed this action alleging misappropriation of trade secrets, based on acts of misappropriation that allegedly occurred in or before March of 2004.  [Docket No. 1, Complaint ¶5]  After a two week extension of time to respond, StorageCraft filed a motion to dismiss or, in the alternative, to transfer on October 30, 2007 and filed a declination to proceed before U.S. Magistrate.  The case was reassigned to the Honorable Judge Ware and the hearing date on the motion to dismiss was set for February 11, 2008.

On December 21, 2007, the Court issued an order moving the Case Management Conference to March 17, 2008 [Docket No. 32], thereby moving the date by which the parties needed to engage in their conference under Rule 26(f) of the Federal Rules of Civil Procedure to February 25, 2007.  In light of this order, and the fact that engaging in discovery before this Court while a motion to dismiss was pending, could be a waste of time and resources for all concerned (as StorageCraft had previously mentioned), StorageCraft's counsel declined to proceed with the previously schedule 26(f) conference, contending it should be continued to February 2008.  This resulted in Symantec filing a motion for expedited discovery on December 31, 2007.

By order dated January 4, 2008, the Court set the hearing on Symantec's Motion for Expedited Discovery on February 4, 2008 and moved the hearing on the Motion to Dismiss

up to that date.  [Docket No. 37]  In the same order, the Court moved the March 17, 2008 Case Management Conference ("CMC") up to February 4, 2008, having the unintended (StorageCraft believes) impact of potentially mooting the motion for expedited discovery, since a February 4, 2008 CMC appeared to require the parties to engage in a 26(f) conference by January 14 and potentially permitted discovery to be propounded thereafter.  The January 4 order caused StorageCraft to need to file a motion to stay discovery, disclosures and case management in order to prevent discovery from taking place until after the February 4 hearing and the filing of an answer in this case.  StorageCraft filed what was termed as a cross-motion to stay discovery on January 10 and Symantec's opposition to that motion is due on January 18, with the hearing on that motion also set for February 4, 2008.

The parties engaged in their Rule 26(f) conference on January 14, 2008, consistent with the January 4 order moving the CMC.  The parties disagreed on whether discovery should proceed pending receipt of a decision on the motion to stay and the motion to dismiss.  See Declaration of H. Dickson Burton in Support of Defendant's Motion for a Protective Order ("Burton Decl.") ¶ 3.  On that afternoon, Symantec served written discovery (both interrogatories and requests for production) via fax and overnight delivery.  The next day, on January 15, 2008, Symantec served a third party subpoena on a law firm in Salt Lake City, Utah, requiring that firm to produce copies of "all documents produced by StorageCraft in litigation with NetJapan Holdings, Inc., et al." and "all pleadings, deposition transcripts and hearing transcripts relating to *NetJapan Holdings, Inc., et al., v. StorageCraft Technology Corp.*"[1]  See Burton Decl. ¶ 4 & Ex. A.

---

[1] It is important to note that, StorageCraft's counsel initially received this subpoena from counsel in the *NetJapan Holdings, Inc., et al., v. StorageCraft Technology Corp.* case.  Symantec did not serve a copy of the subpoena on StorageCraft's counsel until the end of the day on January 17th, and has not yet met and conferred regarding the production date in compliance with Local Rule 30-1 as of the time of filing of this motion.  If it had done so, StorageCraft's counsel would have indicated that the date for production needed to be after an order issued on StorageCraft's motion to stay.  Burton Decl. ¶ 5.

StorageCraft maintains that the broad scope of documents sought by this subpoena includes extensive documents that have been designated as "Confidential" and "Highly Confidential" under a protective order in the *NetJapan Holdings, Inc., et al., v. StorageCraft Technology Corp.* case that is presently pending before the Third Judicial District Court in and for Salt Lake County, Utah. Additionally, many of these documents are not in any manner relevant to Symantec or the litigation pending in this Court. Given the large volume of documents at issue, it will take significant time and effort to determine which documents are truly discoverable and which documents should only be produced, if at all, under a protective order of confidentiality. Burton Decl. ¶ 8.

Based on meet and confer discussions with Symantec's counsel in early January[2], StorageCraft's counsel understood that, although Symantec might propound discovery between January 14, 2008, when the Rule 26(f) conference was to occur, and February 4, 2008, when StorageCraft's cross-motion to stay discovery would be heard, StorageCraft did not believe that Symantec would propound any discovery that would require a response prior to the February 4, 2008, hearing. Burton Decl. ¶ 2. Apparently there was a misunderstanding between counsel with respect to this timing.

On January 16, 2008, StorageCraft's counsel contacted Symantec's counsel in order to discuss the third party subpoena. Counsel spoke on January 17, but Symantec's counsel would not agree to delay the third party's response to the subpoena until after the February 4 hearing on Symantec's motion to stay, nor agree to stipulate to an earlier hearing on the motion to stay. StorageCraft has also contacted the third party, who is counsel for the opposing party in other litigation with StorageCraft, and has not been able to obtain an agreement that they will delay compliance with the subpoena until these motions may be heard. Burton Decl. ¶¶ 9 & 10.

---

[2] Counsel for StorageCraft and Symantec engaged in meet and confer sessions on January 8 and 9 in reference to the Court's order moving up the CMC, the impact on discovery, and StorageCraft's desire to then file a cross-motion to stay discovery. Burton Decl. ¶ 2.

Case No. CV07-4731 JW
Defendant's Motion to Shorten Time on Hearing

-3-

1    Therefore, StorageCraft seeks to have its motion to stay (which is presently
2    scheduled for February 4, 2008) and its motion for protective order (which is filed
3    concurrently with this motion) heard prior to January 25 in order to prevent the third party
4    from producing documents responsive to Symantec's subpoena on January 25, 2008.
5    Alternatively, StorageCraft requests that the Court issue an order temporarily staying
6    discovery until the motion to stay and motion for protective order regarding this subpoena
7    may be heard by this Court and an order on these motions may be issued.

**LEGAL ARGUMENT**

A party may move for a protective order in order to forbid or limit discovery, or to specify the terms and conditions associated with discovery. Fed.R.Civ.P. Rule 26(c); *see also* Fed.R.Civ.P. Rule 30(30(d) & 45(c). In order to avoid frustrating the purpose of the already pending Motion for Stay of Discovery and StorageCraft's concurrently filed Motion for Protective Order, the hearing on these motions must take place prior to the production date of January 25, 2008, the Court must order a temporary stay of production under this subpoena and any other discovery Symantec may propound (StorageCraft is not presently aware of other discovery, but other discovery may also exist), or the parties and the third party deponents must agree that the production will not occur until the Court has an opportunity to consider and rule on these motions.

While StorageCraft believes that the filing of the motion for protective order should, in essence, suspend the "deposition" pending the hearing [*see, e.g.,* Fed.R.Civ.P. Rule 30(d)(3)(A)], neither the third party deponent nor opposing counsel have agreed at this point that they will not proceed with document production on January 25, requiring the immediate relief sought in this motion.

Accordingly, StorageCraft seeks this order to shorten time on the hearing on StorageCraft's Motion for Stay of Discovery and its concurrently filed Motion for

1 Protective Order to allow the hearings to take place prior to January 25 or, alternatively, to
2 order that discovery be stayed until a hearing may be had on both motions.

3 Dated: January 18, 2008

                                    GCA LAW PARTNERS LLP
                                    Kimberly A. Donovan

                                    /S/ Kimberly A. Donovan
                                    Attorneys for Defendant
                                    STORAGECRAFT TECHNOLOGY CORP.