KIMBERLY DONOVAN (160729)
GCA LAWPARTNERS, LLP
1891 Landings Drive
Mountain View, Ca 94043
Telephone: (650) 237-7294
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com

H. DICKSON BURTON (4004) (*pro hac vice*)
EDGAR R. CATAXINOS (7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:   (801) 532-1922
Facsimile:   (801) 531-9168
E-Mail:      hdburton@traskbritt.com

Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORP.<br><br>    Plaintiff,<br><br>v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION.<br>    Defendant | Case No. CV07-4731 JW<br><br>**DECLARATION OF**<br>**H. DICKSON BURTON**<br>**IN SUPPORT OF DEFENDANT'S**<br>**MOTION FOR A PROTECTIVE**<br>**ORDER**<br><br>Date:  March 17, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 8<br>Judge:  Honorable James Ware |

I, H. Dickson Burton, hereby declare:

1. I am an attorney duly licensed to practice law in the State of Utah and I am a partner in the law firm of TraskBritt, P.C., counsel of record for StorageCraft Technology Corporation (hereinafter "StorageCraft"). I am lead counsel for StorageCraft in the current case and in the matter *StorageCraft Technology Corporation, v. Symantec Corporation*, Case No. 2:02cv00856 (D. Utah, Central Division). The facts set forth herein are based on my personal knowledge, and if called upon, I am competent to testify to such facts.

2. During meet and confer efforts related to StorageCraft's Cross-Motion to Stay, we engaged in discussion regarding whether third party discovery should take place prior to the hearing on the Cross-Motion to Stay and the Motion to Dismiss. I understood that, although Symantec Corp. (hereinafter "Symantec") might propound discovery between January 14, 2008, when the Rule 26(f) conference was to occur, and February 4, 2008, when the Motion to Stay would be heard, Symantec would not propound any discovery that would require a response or production prior to the February 4, 2008 hearing.

3. The parties engaged in their Rule 26(f) conference on January 14, 2008, consistent with the January 4 order moving the CMC. The parties disagreed on whether discovery should proceed pending receipt of a decision on the Motion to Stay and the Motion to Dismiss, but agreed that the Rules did seem to permit discovery to commence. On that afternoon, Symantec served written discovery (both interrogatories and requests for production) via fax and overnight delivery.

4. Apparently on January 15, 2008, Symantec issued and served a third party subpoena on the law firm of Burbidge, Mitchell & Gross (hereinafter "Burbidge Firm") in Salt Lake City, Utah (hereinafter "Burbidge Subpoena"). The Burbidge Firm represents NetJapan Holdings, Inc. in litigation against StorageCraft that is presently pending in the Third Judicial District Court, Salt Lake County, State of Utah, captioned as *NetJapan Holdings, Inc., et al., v. StorageCraft Technology Corp.* et al. (hereinafter "NetJapan Action"). A true and correct copy of the Subpoena *Duces Tecum* issued by the United States District Court, District of Utah, Central Division is attached hereto as Exhibit A.

5.     I received a copy of the subpoena as an attachment to a letter that was forwarded to me by Todd M. Shaughnessy of Snell & Willmer. Snell & Willmer represents StorageCraft in the NetJapan Action. Mr. Shaughnessy apparently received the subpoena and letter from the Burbidge Firm. A true and correct copy of that correspondence from the Burbidge Firm with the subpoena attached is attached hereto as Exhibit B. NetJapan's counsel, the Burbidge Firm, indicated in the letter attached hereto as Exhibit B that it intends to comply with Symantec's subpoena "in the absence of an appropriate motion . . . precluding such compliance." At this point I had not received a copy of the Burbidge Subpoena from Symantec's counsel nor did Symantec's counsel call to meet and confer regarding the date set for the "deposition" of Burbidge, Mitchell & Gross as required by Local Rule 30-1. If the meet and confer had occurred, I would have expressed that the date for production needed to be after an order issued on StorageCraft's Motion to Stay.

6.     The Burbidge Subpoena requires the Burbidge Firm to produce copies of "all documents produced by StorageCraft in litigation with NetJapan Holdings, Inc., et al." and "all pleadings, deposition transcripts and hearing transcripts relating to *NetJapan Holdings, Inc., et al., v. StorageCraft Technology Corp.*"

7.     The production date on the subpoena is January 25, 2008, only ten days after the subpoena was issued and served on the Burbidge firm and just over a week after the subpoena was served on StorageCraft's counsel.

8.     The broad scope of documents and things sought by this subpoena includes extensive documents that have been designated as "Confidential" and "Highly Confidential" under a protective order in the *NetJapan Holdings, Inc., et al., v. StorageCraft Technology Corp.* action (the "NetJapan Case").

9.     On January 16, 2008, promptly upon receiving the Burbidge Subpoena via the Burbidge Firm, I contacted Symantec's counsel in order to discuss the subpoena. Symantec's Counsel, Paul Grewal, and I finally spoke on January 17, 2008, but Symantec's counsel would not agree to delay the third party's response to the subpoena until after the February 4 hearing on StorageCraft's Motion to Stay. Symantec's counsel also declined to stipulate to an earlier hearing

on the Motion to Stay, or to agree to limit the scope of the subpoena in any way. During this call I also advised Symantec's counsel that I had not been served with a copy of the subpoena.

10. On January 17, 2008, I contacted the Burbidge Firm but was not able to obtain an agreement whereunder the Burbidge firm would either delay compliance or limit the scope of any production. I followed up my voicemail message with correspondence sent by facsimile and email. A copy of my correspondence to the Burbidge Firm on this issue is attached hereto as Exhibit C.

11. I was served with a copy of the Burbidge Subpoena at about 5:00 p.m. on Thursday, January 17, 2008. I am informed and thereupon believe that my co-counsel in this case, Kimberly A. Donovan of GCA Law Partners LLP, was not served with the Burbidge Subpoena as of the time of filing of this motion.

12. There is no stipulated or other protective order in place in the present litigation in order to protect confidential documents or information. Symantec's counsel has not contacted me at any point to discuss such an order. While I would expect that a protective order will be entered into in this case if the action proceeds in this District, it is a waste of client resources (particularly in terms of attorneys' fees) to engage in negotiation of such an order in this case at this time since it is likely the case will be transferred to Utah, where that negotiation, as well as all discovery and depositions, can take place once for the entire dispute between the parties.

I declare under penalty of perjury that the foregoing is true and correct.

This declaration was executed at Salt Lake City, Utah on January 18, 2008.

        /S/ H. Dickson Burton
    H. DICKSON BURTON

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

SYMANTEC CORPORATION
       Plaintiff,

                                  **SUBPOENA IN A CIVIL CASE**

    v.
                                  Case Resident in United States District Court,
                                  Northern District of California
STORAGECRAFT TECHNOLOGY        Civil Action No. CV07-4731 JW
CORPORATION,
       Defendant.

TO:    Burbidge Mitchell & Gross
         215 South State Street, Suite 920
         Salt Lake City, UT 84111

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):

    See Schedule A.

| PLACE  10 W. Broadway, Suite 400<br>Salt Lake City, Utah 84101 | DATE AND TIME  January 25, 2008<br>10:00 A.M. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br>Attorney for SYMANTEC CORPORATION | DATE<br><br>January 15, 2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Paul S. Grewal, 20300 Stevens Creek Blvd., Suite 400, Cupertino, CA 95014, Phone: (408) 873-0110

## SCHEDULE A – DOCUMENTS AND THINGS TO BE PRODUCED

1. All documents produced by StorageCraft in litigation with NetJapan Holdings, Inc., et al., in the Third Judicial District Court in and for Salt Lake County, State of Utah, Case Number 060920091.

2. All pleadings, deposition transcripts and hearing transcripts relating to *NetJapan Holdings, Inc., et al., v. StorageCraft Technology Corp.* in the Third Judicial District Court in and for Salt Lake County, State of Utah, Case Number 060920091.

## ATTACHMENT A TO SUBPOENA FROM SYMANTEC CORPORATION TO BURBIDGE MITCHELL & GROSS

### DEFINITIONS

1. The terms "document" or "documents," or any variant thereof, shall be defined to the broadest extent permitted by Rule 45 of the Federal Rules of Civil Procedure and includes, whenever applicable and without limitation, both "documents" and "electronically stored information," and further includes to the extent that same are within the possession, custody, or control of Burbidge Mitchell & Gross ("Burbidge"), the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise magnetically, optically, visually or aurally stored or reproduced, including but not limited to letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, videotapes and sound reproductions, printout sheets, electronic records such as electronic mail, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical, magnetic, optic, or photographic reproductions or recordation's thereof in the possession, custody or control of you or known to you whether or not prepared by you.

## INSTRUCTIONS

1. Documents to be produced include documents in your possession, custody, or control wherever located.

2. If you are unable to comply fully with any request herein, comply to the extent possible and provide a detailed explanation as to why full compliance is not possible.

3. When any original, draft, copy or reproduction of any document responsive to any of the following requests contains or has been revised to include any postscript, notation, change, amendment, or addendum not appearing on said document itself as originally written, typed or otherwise prepared, produce each such revised original, draft, copy or reproduction.

4. To the extent you object to any of these definitions or instructions as being inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the Court, state with specificity how you contend any such definition or instruction is inconsistent with any such rule.

**EXHIBIT B**

**BURBIDGE MITCHELL & GROSS**
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
TRIAL LAWYERS

JEFFERSON W. GROSS

PARKSIDE TOWER
215 SOUTH STATE STREET, SUITE 920
SALT LAKE CITY, UTAH 84111-2311

TELEPHONE
(801) 355-6677
FACSIMILE NUMBER
(801) 355-2341
jwgross@BMGtrial.com

January 15, 2008

**VIA E-MAIL AND
UNITED STATES MAIL**

Todd M. Shaughnessy
SNELL & WILMER
15 West South Temple, Ste 1200
Gateway Tower West
Salt Lake City, Utah 84101

Re: *Symantec Corporation v. StorageCraft Technology Corporation*
Case No. CV07-4731 JW

Dear Mr. Shaughnessy:

Enclosed please find a Subpoena that was served on our law firm in connection with the above-referenced matter. The terms of the Stipulated Protective Order do not address the circumstance of a third party issuing a subpoena to obtain documents and materials produced to us as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". However, I can certainly appreciate that many of the documents responsive to the Subpoena appear to be relevant to Symantec's complaint (which I previously reviewed).

In any event, NetJapan will comply with the Subpoena as directed in the absence of an appropriate motion filed by StorageCraft Technology Corporation ("STC") precluding such compliance. To the extent that STC objects to our law firm's compliance with the Subpoena, we are certain that STC's able attorneys will address the situation.

If you have any questions, please call me.

Sincerely,

BURBIDGE MITCHELL & GROSS

Jefferson W. Gross

JWG:dms
cc: NetJapan, Inc.
    Brent Hatch

AO88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

**SYMANTEC CORPORATION**
        Plaintiff,

**SUBPOENA IN A CIVIL CASE**

v.

Case Resident in United States District Court,
Northern District of California
Civil Action No. CV07-4731 JW

**STORAGECRAFT TECHNOLOGY CORPORATION,**
        Defendant.

TO:   Burbidge Mitchell & Gross
       215 South State Street, Suite 920
       Salt Lake City, UT 84111

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):

    See Schedule A.

| PLACE  10 W. Broadway, Suite 400  Salt Lake City, Utah 84101 | DATE AND TIME  January 25, 2008  10:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]*  Attorney for SYMANTEC CORPORATION | DATE  January 15, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Paul S. Grewal, 20300 Stevens Creek Blvd., Suite 400, Cupertino, CA 95014, Phone: (408) 873-0110

## ATTACHMENT A TO SUBPOENA FROM SYMANTEC CORPORATION TO BURBIDGE MITCHELL & GROSS

### DEFINITIONS

1.  The terms "document" or "documents," or any variant thereof, shall be defined to the broadest extent permitted by Rule 45 of the Federal Rules of Civil Procedure and includes, whenever applicable and without limitation, both "documents" and "electronically stored information," and further includes to the extent that same are within the possession, custody, or control of Burbidge Mitchell & Gross ("Burbidge"), the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise magnetically, optically, visually or aurally stored or reproduced, including but not limited to letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, videotapes and sound reproductions, printout sheets, electronic records such as electronic mail, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical, magnetic, optic, or photographic reproductions or recordation's thereof in the possession, custody or control of you or known to you whether or not prepared by you.

## INSTRUCTIONS

1. Documents to be produced include documents in your possession, custody, or control wherever located.

2. If you are unable to comply fully with any request herein, comply to the extent possible and provide a detailed explanation as to why full compliance is not possible.

3. When any original, draft, copy or reproduction of any document responsive to any of the following requests contains or has been revised to include any postscript, notation, change, amendment, or addendum not appearing on said document itself as originally written, typed or otherwise prepared, produce each such revised original, draft, copy or reproduction.

4. To the extent you object to any of these definitions or instructions as being inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the Court, state with specificity how you contend any such definition or instruction is inconsistent with any such rule.

## SCHEDULE A – DOCUMENTS AND THINGS TO BE PRODUCED

1. All documents produced by StorageCraft in litigation with NetJapan Holdings, Inc., et al., in the Third Judicial District Court in and for Salt Lake County, State of Utah, Case Number 060920091.

2. All pleadings, deposition transcripts and hearing transcripts relating to *NetJapan Holdings, Inc., et al., v. StorageCraft Technology Corp.* in the Third Judicial District Court in and for Salt Lake County, State of Utah, Case Number 060920091.

# EXHIBIT C



# TRASKBRITT
Intellectual Property Attorneys

January 17, 2008

**H. DICKSON BURTON**
DIRECT DIAL: (801) 994-8706
DIRECT E-MAIL: hdburton@traskbritt.com

**VIA FACSIMILE (801-355-2341)**
**AND E-MAIL (jwgross@bmgtrial.com)**

Jefferson W. Gross
BURBIDGE MITCHELL & GROSS
Parkside Tower
215 South State, Suite 920
Salt Lake City, UT 84111

    Re:     **Symantec v. Storagecraft**
    Case No.   **5:07-cv-04731-JW**
    Ref No.    **3197-004**

Dear Jeff:

I left you a voice mail earlier today, and I invite you to discuss these issues at your earliest convenience.

Your letter of January 15, 2008 to Todd Shaughnessy has been directed to me. Please be advised that it is StorageCraft's position that your law firm's production of documents sought through the subpoena referenced in your letter would be a violation of the Stipulated Protective Order in place in the matter of *NetJapan Holdings, Inc. v. StorageCraft Technology Corporation*, Case No. 060920091, absent obtaining prior relief from that Order. You should also be aware that a motion is already on file with the Court in California seeking a stay of all discovery pending resolution of StorageCraft's motion to dismiss that case. That motion is scheduled to be heard on February 4, 2008. StorageCraft will also be objecting to the subpoena on the grounds, at least, that it is premature, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and relates to documents and information that is highly confidential to StorageCraft and there is no protective order of confidentiality in place. StorageCraft will be filing timely motions under F.R.C.P. 26(c) seeking to prevent your firm's compliance with the subpoena before all relevant motions are decided.

Accordingly, any early production to Symantec of documents sought in the subpoena would constitute, at least, a serious breach of StorageCraft's rights under the Stipulated






January 17, 2008
Page 2

Protective Order. We trust that you will appropriately respect StorageCraft's rights in this regard and will await the Courts' decision(s) concerning StorageCraft's motions.

Sincerely,

H. Dickson Burton

cc: StorageCraft Technology Corporation (via e-mail)
    Todd Shaughnessy (via e-mail)
    Paul Grewal (via e-mail)
    Kimberly Donovan (via e-mail)

HDB/tlp

Document in ProLaw