Kimberly A. Donovan (CA Bar No. 160729)
**GCA LAW PARTNERS LLP**
1891 Landings Drive
Mountain View, CA 94043
Telephone: (650) 428-3900
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com

H. Dickson Burton (UT Bar No. 4004) (*pro hac vice*)
Edgar R. Cataxinos (UT Bar No.7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:    (801) 532-1922
Facsimile:    (801) 531-9168
E-Mail:    hdburton@traskbritt.com

Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORP.,<br><br>Plaintiff,<br><br>v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION.<br>Defendant. | Case No. CV07-4731 JW<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR A STAY OF DISCOVERY**<br><br>Date:    February 4, 2008<br>Time:    9:00 a.m.<br>Place:    Courtroom 8 |

CV07-4731 JW
Def's Reply Memo in Support of It's
Mtn For a Stay of Discovery

**DEFENDANT** StorageCraft Technology Corporation ("StorageCraft") respectfully submits the following Reply Memorandum in support of its Motion seeking a stay of the discovery, including of initial disclosures and the Case Management Conference, until after (and *if*) StorageCraft's Motion to Transfer or, in the Alternative, Dismiss is denied and an Answer is filed.

## INTRODUCTION

This case is the subject of a motion to transfer or dismiss because the events, witnesses and evidence are almost entirely located in Utah. Moreover, Plaintiff Symantec is relying on agreements which have a forum selection clause designating Utah as the "exclusive venue". After the motion was filed, the case was reassigned to Judge Ware and was renoticed for hearing for the earliest available date, February 11, 2008, *See* Exh. B to Declaration of H. Dickson Burton. Because this case may not be ultimately litigated in this Court, it is contrary to judicial economy and the interests of the parties to litigate discovery disputes twice in two separate courts. As evidenced by discovery already issued by Symantec, significant discovery disputes are now inevitable as both the written discovery requests to StorageCraft and a third-party subpoena to StorageCraft's *opposing* counsel in a separate and unrelated action in Utah, are wildly overbroad attempts to discover critical and confidential business information of StorageCraft unrelated to this case. These discovery disputes should be heard and decided in the Court which will ultimately decide the case.

Moreover, Symantec's claim of an urgent need for discovery is disingenuous at best. The allegations raised by Symantec concern alleged conduct which occurred four years ago. Symantec cannot point to any immediate or irreparable harm whatsoever. But proceeding forward now may ultimately result in a later duplication of efforts in litigating discovery disputes.

CV07-4731 JW
Def's Reply Memo in Support of It's
Mtn For a Stay of Discovery

1

## RELEVANT FACTUAL BACKGROUND

In its complaint, Symantec made allegations of misappropriation relating to an "employee data list," and "confidential PowerQuest documentation for its V2i system imaging and recovery product line," and then a broad, non-specific allegation on "information and belief" that StorageCraft developed its line of products through unspecified "acts of unfair competition and misappropriation of trade secrets." Complaint [Docket 1], ¶¶ 26-31 and 33-34. However, as noted by Symantec in its Memorandum in Opposition to StorageCraft's Motion to Stay Discovery at page 4, lines 18-20 thru page 5, lines 1-6 (Docket 49) it allegedly received notice *over three years ago* in November 2004, in an email from "StorageCraft's founder and former CEO" of the alleged misappropriation. In fact, Symantec first raised its concerns related to these allegations in correspondence to StorageCraft and its former PowerQuest employees in December, 2004. Declaration of Thomas Russell Shreeve, January 10, 2008. "Shreeve Decl." ¶ 4, Exh. D.

Symantec claims that it learned "for the first time" in August 2007 that "V2i documents" were used by StorageCraft. Yet not only does the very evidence submitted by Symantec show the emails in question were sent in late 2004, over three years ago, Symantec does not even allege that the documents in question were confidential or contained trade secrets – because the documents in question *were public documents*. *See*, Declaration of Brandon Nordquist, January 22, 2008 ("Nordquist Decl."), ¶¶ 2 and 3. The so-called "employee data list," which is the primary subject of Symantec's Complaint (¶¶ 26-31) was widely circulated, without restriction, among PowerQuest employees in the latter part of 2003. Shreeve Decl. ¶ 3, Exhs. A, B, and C. The alleged "disclosure" by StorageCraft took place in a March 15, 2004 email from one former PowerQuest employee to another. (Complaint, ¶ 29).

In May, 2005, and in response to Symantec's allegations and threats relating to StorageCraft's alleged use of Symantec trade secrets and confidential information, StorageCraft, through its counsel, offered to submit its source code to an independent third

CV07-4731 JW
Def's Reply Memo in Support of It's
Mtn For a Stay of Discovery

2

party for a side-by-side review of PowerQuest/Symantec source code. Symantec, through its counsel, declined this offer. Declaration of H. Dickson Burton, January 22, 2008. "Burton Decl." ¶ 2, Exh. A.

Nearly four years after the alleged misappropriation took place and nearly three years after becoming aware of the alleged misappropriation, on September 14, 2007, Symantec filed this action alleging misappropriation of trade secrets, based on acts of misappropriation that allegedly occurred in or before March of 2004. (Complaint ¶ 5; Shreeve Decl. ¶ 2.) Symantec did not seek a Temporary Restraining Order, Preliminary Injunction or other preliminary relief. After a two week extension of time to respond, StorageCraft filed a motion to dismiss or, in the alternative, to transfer on October 30, 2007. The case was reassigned to Judge Ware on October 31, 2008. [Docket 19]. When counsel attempted to reschedule the hearing date, the soonest date available for the hearing was February 11, 2008[1]. Burton Decl. ¶ 4.

On January 15, 2008, Symantec served a third-party subpoena on the Salt Lake City law firm of Burbidge, Mitchell & Gross. Said subpoena seeks "all documents produced by StorageCraft in litigation with NetJapan Holdings, Inc., et al." and "all pleadings, deposition transcripts and hearing transcripts relating to *NetJapan Holdings, Inc., et al., v. StorageCraft Technology Corp.*" (The subpoena is hereinafter referred to as the "Burbidge Subpoena"). The *NetJapan* case relates to NetJapan's decision to invest in StorageCraft, distribution agreements between StorageCraft and NetJapan, and claims related to its role as a shareholder of StorageCraft. Discovery in the *NetJapan* case has been voluminous with StorageCraft producing over 100,000 documents. Many of these 100,000 documents, which are *all* the subject of the Burbidge Subpoena, are not in any manner relevant to

---

[1] Symantec argues groundlessly that StorageCraft deliberately failed to timely comply with the October 31, 2007 Reassignment Order, and now wants to benefit from its delay. While StorageCraft's counsel acknowledges oversight in not more promptly renoticing the hearing, StorageCraft promptly contacted the Court and obtained the earliest possible hearing date after Symantec's Counsel first reminded StorageCraft's counsel on November 26, 2007 that the hearing had not yet been rescheduled. Burton Decl. ¶ 4

CV07-4731 JW
Def's Reply Memo in Support of It's
Mtn For a Stay of Discovery

3

Symantec or the litigation pending in this Court. *See*, Declaration of Chris Martinez [Docket 58] "Martinez Decl." ¶¶ 6, 8, and 12, submitted January 18, 2008 in support of StorageCraft's Motion for Protective Order [Docket 55].

On January 18, 2008, StorageCraft filed a motion for protective order [Docket 55] seeking either to quash or limit the Burbidge Subpoena on the grounds, *inter alia*, that it is untimely (in view of this motion), it does not allow for enough time to comply and respond (just over a week after the subpoena was served on StorageCraft's counsel), that Symantec's counsel did not call to meet and confer regarding the date set for the deposition of Burbidge, Mitchell & Gross as required by LR 30-1, and it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and seeks highly confidential documents and information while a protective order of confidentiality is not yet in place. StorageCraft also filed a motion on January 18, 2008 seeking to expedite the hearing of this motion in view of the Burbidge Subpoena. [Docket 52]

## ARGUMENT

Contrary to the assertions of Symantec, District Courts have broad discretion to stay discovery pending the resolution of a potentially dispositive motion, *including* a motion to dismiss. *In re Netflix Antitrust Litigation,* 506 F.Supp.2d 308, 321 (N. D. Cal., 2007) citing *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir.1987)).

Although the alleged trade secret misappropriation took place years ago, Symantec has yet to make any specific allegations of how the alleged misappropriation has harmed Symantec, let alone how a few weeks further delay in proceeding with discovery will cause Symantec any further harm. Clearly, there is no urgency after so many years have passed. Moreover, it is apparent that Symantec merely wishes to use its vague and unsupported allegation as an excuse for an expensive fishing expedition to explore the development of the successful products of a start-up competitor. This is evidenced by the unlimited and undisciplined scope of the Burbidge Subpoena. A stay of discovery may be appropriate

CV07-4731 JW
Def's Reply Memo in Support of It's
Mtn For a Stay of Discovery

4

where the complaint was filed merely in order to conduct a "fishing expedition." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975).

The discovery sought by Symantec will (and already has) resulted in discovery disputes regarding the scope and breadth of Symantec's discovery requests. More discovery disputes are likely. It would be a waste of the parties' and the Court's time and resources to begin litigating those discovery disputes now, only to have the case dismissed (or transferred) and filed in another court, possibly even before the disputes are finally resolved, and then to have the unresolved or partially resolved discovery disputes litigated again in another Court. Moreover, an Answer has not even been filed in this case, which Answer may further define the scope of discovery in this case.

## CONCLUSION

For the reasons stated above, discovery, including initial disclosures and the Case Management Conference should be stayed pending the Court's decision on StorageCraft's Motion to Dismiss and filing of an Answer.

Dated: January 22, 2008

                            TRASKBRITT, PC
                            H. Dickson Burton (4004)
                            Edgar R. Cataxinos (7162)


                            /S/  H. Dickson Burton
                            H. Dickson Burton

CV07-4731 JW
Def's Reply Memo in Support of It's
Mtn For a Stay of Discovery

5