KIMBERLY DONOVAN (160729)
GCA LAWPARTNERS, LLP
1891 Landings Drive
Mountain View, Ca 94043
Telephone: (650) 237-7294
Facsimile: (650) 428-3901
E-mail: kdonovan@gcalaw.com


H. DICKSON BURTON (4004) (*pro hac vice*)
EDGAR R. CATAXINOS (7162) (*pro hac vice*)
**TRASKBRITT, P.C.**
230 South 500 East
Suite 300
P.O. Box 2550
Salt Lake City, Utah 84110-2550
Telephone:    (801) 532-1922
Facsimile:    (801) 531-9168
E-Mail:       hdburton@traskbritt.com

Attorneys for Defendant
STORAGECRAFT TECHNOLOGY CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMANTEC CORP.<br><br>         Plaintiff,<br><br>    v.<br><br>STORAGECRAFT TECHNOLOGY CORPORATION.<br>         Defendant | Case No. CV07-4731 JW<br><br>**DECLARATION OF H. DICKSON BURTON IN SUPPORT OF DEFENDANT'S REPLY MEMORANDUM FOR A STAY OF DISCOVERY**<br><br>Date:    February 4, 2008<br>Time:    9:00 a.m.<br>Place:   Courtroom 8 |

Case No. CV07-4731 JW

DECLARATION OF H. DICKSON BURTON IN SUPPORT OF DEFENDANT'S REPLY MEMORANDUM FOR A STAY OF DISCOVERY

I, H. Dickson Burton, hereby declare:

1. I am an officer and director of the law firm of TraskBritt P.C. and am lead counsel for Defendant StorageCraft Technology Corporation ("StorageCraft"). I am making this declaration in support of StorageCraft's Motion for a Stay of Discovery. The facts set forth herein are based upon my personal knowledge, and if called upon, I am competent to testify to such facts.

2. Attached as Exhibit A is a true and correct copy of a letter which I caused to be sent on May 16, 2005 to Symantec's Counsel Robert O. Rice. In this letter, StorageCraft offered to submit its source code to an independent third party for a side-by-side review of PowerQuest/Symantec source code. This offer was rejected by Symantec.

3. Attached as Exhibit B is a true and correct copy of a Reassignment Order, dated October 31, 2007 (Docket #19), reassigning the case to Judge Ware. Due to oversight on my part, I did not promptly arrange to reschedule the hearing on StorageCraft's then-pending Motion to Transfer or Dismiss. At no time did I intend to cause further delay in the progression of this case.

4. Counsel for Symantec first brought to my attention the need to reschedule the hearing in an email dated November 26, 2007, which email is attached to the Declaration of William P. Nelson, submitted by Symantec. In response, I promptly instructed our local counsel to contact the Court to obtain a new hearing date, and the earliest possible date was February 11, 2008.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed at Salt Lake City, Utah, on January 22, 2008.

H. Dickson Burton

*EXHIBIT A*

# T**R**ASKBRITT
Intellectual Property Attorneys

H. DICKSON BURTON
ATTORNEY AT LAW
REGISTERED PATENT ATTORNEY
DIRECT LINE: 801.994.8706
EMAIL: hdburton@traskbritt.com

May 16, 2005

**Via Facsimile 532-7543**

Robert O. Rice, Esq.
RAY, QUINNEY & NEBEKER
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

        Re:    **StorageCraft v. Symantec**
               **Confidential**
               **Matter No. 3197-003**

Dear Rob,

This is in response to your letter of May 12, 2005.

We are extremely disappointed that Symantec Corporation is unwilling to either provide specific information that would establish its compliance with the June 14, 2002 License Agreement (the "Agreement") or discuss a new or amended Agreement which would address the concerns of StorageCraft Technology Corporation ("StorageCraft"). This is a strong indication to us that Symantec is not serious about its obligations to StorageCraft under the Agreement. While StorageCraft chooses not to pursue immediate legal action at this time to enforce its termination rights under the Agreement, it expressly reserves the right to do so at an appropriate time in the future and to take any other steps necessary to protect its rights.

We also question the motives of Symantec in inappropriately rejecting discussion of new or amended Agreement as proposed in my letter to you of May 4, 2005, apparently based solely upon StorageCraft's intentions to bring out a new product which competes with Symantec. These issues should be treated independently as the Agreement provides only a nonexclusive license to Symantec and does not prevent StorageCraft in any way from creating and selling a product which is competitive to Symantec. StorageCraft is in no way breaching any obligations to Symantec by bringing out a new and competitive product.

I also wish to address the unfair and incorrect claims in your May 12, 2005 letter concerning statements allegedly made by me. Contrary to your assertions, my January 6, 2005 letter did NOT indicate nor did it imply that StorageCraft would not be releasing a product which competes with Symantec's V2I Protector. My letter was written in response to your December 23, 2004 letter, which letter raised serious allegations that






Robert O. Rice, Esq.
RAY, QUINNEY & NEBEKER
May 16, 2005
Page 2

---

key StorageCraft personnel had violated contractual obligations to Symantec, including covenants not to compete which by that time had expired. In other words, the conduct you had squarely put at issue was the *past* conduct of those former Symantec employees who were by then working for StorageCraft. After investigation, I assured you on January 6, 2005 that, *"StorageCraft Technology Corporation has not created a product that is competitive with Symantec's V2i Protector."* My letter went on to confirm that "StorageCraft and the named employees have not created such a product during the non-compete period." Those statements were absolutely correct and we stand by them. On the other hand, nowhere did I state that StorageCraft would not create such a product in the future. And under any contractual or other legal obligations which then existed or now exist between Symantec, StorageCraft and/or the employees who were the subject of our correspondence, neither StorageCraft nor those employees had any duty to keep Symantec apprised of its business plans. In fact, it remains the case that those employees have observed *all* of their contractual and other obligations to Symantec, including in the creation of its new, yet-to-be released product which may compete with V2i Protector.

Since this upcoming product is obviously creating a high level of concern for Symantec, I wish to address in more detail the issue of compliance by the former PowerQuest employees with obligations to Symantec/PowerQuest. As I informed you in my January 6th letter, STC was formed by merger of SCI and ShadowStor on September 7, 2004. Prior to that time, these former PowerQuest Employees were employed by ShadowStor. At ShadowStor, they were involved in the development and marketing of ShadowUser, ShadowSurfer, and ShadowServer system security and disaster prevention products. Prior to, and since the merger, up until late January of this year, they were involved in the development and marketing of updated versions of these "ShadowMode" products. None of these products is competitive with V2i or uses any confidential information which belonged to PowerQuest.

As you know, the one year non-compete period applicable to the former PowerQuest employees expired on or about December 8th, 2004. It was not until late January 2005 that these employees began work on ShadowProtect, a product that will compete with V2i Protector, now LiveState Recovery. StorageCraft expects that its ShadowProtect products will be ready for release sometime in July.

Symantec may be concerned based on its own V2i development history that sufficient time may have not yet elapsed to enable StorageCraft to develop a V2i competitive product. However, it is our understanding that the coding of the ShadowProtect product will be up to 80 times smaller than that of the Symantec products. Thus, the time and resources required to develop this product is not comparable to the time and effort used to develop the Symantec products. StorageCraft accomplished this, in part, by relying on third party components and tools available from other vendors. In fact, as a demonstration project early in ShadowProtect's development, it took just one StorageCraft engineer a period of one week to assemble a fully functioning V2i

Robert O. Rice, Esq.
RAY, QUINNEY & NEBEKER
May 16, 2005
Page 3

---

Protector-like product with snapshot, image creation, image restore and image mounting working within a user interface. This project proved that the rapid assembly of a V2i Protector-like product was possible.

It is also important to underscore that neither the former PowerQuest employees nor StorageCraft have made use of any PowerQuest confidential information in developing ShadowProtect. In fact, StorageCraft is more than willing to submit its source code to an independent third party side-by-side review with PowerQuest/Symantec source code under appropriate non-disclosure agreements. You are also aware that three of the four former PowerQuest employees you are concerned with did not engage in source code development for PowerQuest nor did they have access to PowerQuest source code. Likewise, these three employees do not and have not engaged in source code development for StorageCraft. The remaining employee was an architect for PowerQuest. His job duties did not require and he was not engaged in actual source code development for PowerQuest. Rather, he directed the efforts of other programmers as an architect and did not work with the code himself on a regular basis.

As further evidence that StorageCraft and its employees have carefully and strictly observed their legal and contractual obligations to Symantec, I note the following differences which will be found in the new ShadowProtect product:

- Imaging. StorageCraft developed its imaging relying upon the significant literature available. StorageCraft's imaging component was developed by non-former PowerQuest employees without any theoretical or actual access to PowerQuest confidential information. StorageCraft's image format is unique and independently developed, which could be established by an independent code review.
- Mounting. ShadowProtect differs from V2i Protector in that it does not include an image browser. Instead, StorageCraft's approach is one of mounting images. Further, StorageCraft developers relied on the extensive literature available in developing its image mounting.
- Utilization of system resources. StorageCraft's product requires substantially less resources compared to the resources required by V2i Protector.
- No partition resizing. ShadowProtect does not incorporate any partition resizing function.
- No .Net framework. Unlike V2i Protector, ShadowProtect does not require the .Net framework.

Finally, I should point out that the ShadowProtect products will not include cold state imaging at this time, though in our view StorageCraft has every right to include that technology and expressly reserves the right to do so in the future. StorageCraft had developed a technology to take a snapshot at boot time and manipulate such snapshots

Robert O. Rice, Esq.
RAY, QUINNEY & NEBEKER
May 16, 2005
Page 4

---

prior to the Barnes disclosure to PowerQuest referenced in your December 23, 2004 letter. In fact, this technology was offered on at least two occasions to PowerQuest and PowerQuest declined on both occasions.

I have asked you to let us know the specific nature of the concerns you have claimed Symantec has concerning the activities of StorageCraft or its employees. So far you have declined to provide us with any such detail. As a result, I have shared the above information with you in this letter in an effort to inform Symantec that any concerns it has that StorageCraft or its employees may have violated any duties to Symantec are unfounded. If you would like to discuss this information in any more detail, please let me know. Otherwise, any efforts by Symantec to interfere with StorageCraft's business, including its intended release of the ShadowProtect products will be without basis and in bad faith. We certainly hope it does not come to that.

Sincerely,

H. Dickson Burton/le

H. Dickson Burton

cc: StorageCraft Technology Corporation

HDB/le

*EXHIBIT B*

**UNITED STATES DISTRICT COURT**
Northern District of California
280 South First Street
San Jose, California 95113

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
408.535.5364

October 31, 2007

CASE NUMBER: CV 07-04731 HRL
CASE TITLE: SYMANTEC CORPORATION-v-STORAGECRAFT TECHNOLOGY CORPORATION

### REASSIGNMENT ORDER

GOOD CAUSE APPEARING THEREFOR,

IT IS ORDERED that this case is reassigned to the **San Jose** division. Case assigned to the **Honorable James Ware** for all further proceedings.

Counsel are instructed that all future filings shall bear the initials **JW** immediately after the case number.

ALL MATTERS PRESENTLY SCHEDULED FOR HEARING ARE VACATED AND SHOULD BE RENOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THE CASE HAS BEEN REASSIGNED.

Date: 10/30/07

FOR THE EXECUTIVE COMMITTEE:

_Richard W. Wieking_
Clerk

NEW CASE FILE CLERK:

Copies to: Courtroom Deputies
Log Book Noted

Special Projects
Entered in Computer 10/31/07 tsh

CASE SYSTEMS ADMINISTRATOR:
Copies to: All Counsel

Transferor CSA