UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **SYMANTEC CORPORATION**<br><br>        Plaintiff,<br><br>v.<br><br>**STORAGECRAFT TECHNOLOGY CORPORATION**<br><br>        Defendant. | Case No. C07 04731 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:    FEBRUARY 4, 2008<br>TIME:    10:00 A.M.<br>COURTROOM: 8<br>JUDGE:   HONORABLE JAMES WARE |

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Symantec Corporation ("Symantec") and Defendant StorageCraft Technology Corporation ("StorageCraft") conferred on January 14, 2008. Attending on behalf of Symantec was Paul Grewal. Attending on behalf of StorageCraft were Dickson Burton and Kimberly Donovan. Together the parties now submit this Joint Case Management Statement.

1. **Jurisdiction and Service:**

Symantec and StorageCraft agree this court has jurisdiction under 28 U.S.C. § 1332. The parties are diverse in citizenship and the amount in controversy exceeds $75,000. Symantec's service on StorageCraft has been completed.

The parties disagree on whether venue is proper.

a. **Symantec's Statement on Venue**

Venue is proper in the Northern District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Symantec's claims for trade secret misappropriation and unfair competition occurred in this judicial district. The trade secrets at issue include those developed with the assistance of Symantec employees in this district, and it was in this district that StorageCraft's theft of such trade secrets was first revealed. Contrary to StorageCraft's assertions, there is no binding forum selection clause that makes venue improper in the Northern District of California.

A complete statement of Symantec's positions on venue is set forth in Symantec's Opposition to StorageCraft's Motion to Dismiss or in the Alternative to Transfer.

b. **StorageCraft's Statement on Venue**

The case should be transferred to the District of Utah pursuant to 28 U.S.C. § 1404(a) because the alleged improper acts all occurred in Utah, all of StorageCraft's records, employees, witnesses and evidence are located in Utah, most or all of Symantec's witnesses are located in Utah, and Utah law should govern Symantec's claims. Moreover, in support of its claims Symantec is relying on employment agreements which include a forum selection clause designating Utah as the exclusive venue for this dispute. Alternatively, the case should be dismissed for improper venue.

A complete statement of StorageCraft's positions on venue is set forth in StorageCraft's

Memorandum in Support of its Motion to Dismiss or in the Alternative to Transfer and StorageCraft's Reply in Support of its Motion to Dismiss or in the Alternative to Transfer.

**2.    Facts**

In December 2003 Symantec completed its acquisition of PowerQuest Corporation ("PowerQuest"), including PowerQuest's line of system imaging and restoration products known collectively as "V2i Protector." In the months leading up to Symantec's acquisition of PowerQuest, the two companies developed an "Employee Data List," a compilation comprising a series of "worksheets" using Microsoft Excel memorializing key strategic decisions concerning future staffing and organization. The Employee Data List disclosed detailed confidential information for more than 270 PowerQuest employees, including their proposed position in the new organizational structure, proposed compensation information, and personal information such as home address and Social Security number.

As Symantec closed its acquisition in December 2003, four PowerQuest employees—Russ Shreeve, Curt James, Scott Barnes and Brandon Nordquist—voluntarily terminated their PowerQuest employment. The four former PowerQuest employees formed ShadowStor Incorporated ("ShadowStor"), a predecessor-in-interest of StorageCraft.

On March 15, 2004, Mr. Nordquist electronically transmitted the Employee Data List to Mr. Kunz, the current Senior Director of Sales at StorageCraft. Symantec contends that this constituted an act of trade secret misappropriation and unfair competition and that additional instances of trade secret misappropriation and unfair competition were committed by StorageCraft. StorageCraft denies this contention and further asserts that the Employee Data List was widely distributed among PowerQuest employees without restriction.

In sum, and as detailed in Symantec's Cal. Code Civ. Proc. § 2019.210 statement (attached as Exhibit A), Symantec contends that StorageCraft has misappropriated at least the following Symantec trade secrets and in so doing unfairly competed with Symantec :

(1) Information concerning the integration of PowerQuest following its acquisition by
    Symantec contained in the Employee Data List. (Trade Secret 1)

(2) Information concerning V2i Protector and any other PowerQuest or Symantec products,

including product requirements specifications and other development documents. (Trade Secrets 2-4)

(3) Information concerning PowerQuest's and Symantec's source code access system. (Trade Secret 5)

(4) Confidential PowerQuest/Symantec documents obtained by StorageCraft's principals or agents. (Trade Secret 6).

StorageCraft denies any misappropriation. StorageCraft further contends that the Employee Data List does not constitute or contain a protectible trade secret as it was not the subject of reasonable efforts to maintain its confidentiality. StorageCraft asserts that Symantec's Cal. Code Civ. Proc. § 2019.210 statement lacks sufficient specificity with respect to its "Trade Secrets" 2 through 6, and further denies that it used or disclosed any protectible trade secret of Symantec or its predecessor PowerQuest. StorageCraft contends that, among other things, some or all of the alleged "information concerning V2i Protector and any other PowerQuest or Symantec products" was publicly available and was not the subject of reasonable efforts to maintain its confidentiality. Finally, StorageCraft contends that Symantec suffered no damages from any of StorageCraft's alleged conduct.

a. **Symantec's Statement of Factual Issues in Dispute**

Until StorageCraft files an Answer in this action, Symantec cannot determine which factual contentions will be in dispute and which will be admitted. In light of communications with StorageCraft's counsel and various StorageCraft pleadings, however, Symantec anticipates that at least the following factual issues will be the principle subjects of dispute:

(1) The extent of StorageCraft's misappropriation of the trade secrets enumerated in Symantec's Cal. Code Civ. Proc. § 2019.210 statement

(2) The extent of StorageCraft's broader scheme to target Symantec through, among other things, misappropriating, and attempting to misappropriate, Symantec's confidential and trade secret information, and the private information of Symantec employees

(3) StorageCraft's efforts to incorporate the fruits of its trade misappropriation and unfair competition into its software products

(4) Symantec's harm from StorageCraft's acts of trade misappropriation and unfair competition.

**b. StorageCraft's Statement of Factual Issues in Dispute**

As StorageCraft has not yet filed its Answer in this case it is not yet in a position to identify all factual issues which may ultimately be in dispute. But it anticipates that at least the following factual issues will be in dispute:

(1) Whether StorageCraft ever used or disclosed any of Symantec's alleged trade secrets

(2) Whether Symantec's alleged trade secrets are protectible "trade secrets" under applicable law

(2) Whether Symantec's alleged trade secrets were already generally known to the public or to other persons who can obtain economic value from their disclosure or use

(5) Whether Symantec's alleged trade secrets were the subject of efforts reasonable under the circumstances to maintain their secrecy

(3) Whether Symantec suffered any damages from any of StorageCraft's alleged conduct.

**3. Legal Issues:**

At this time the parties do not anticipate any dispute regarding the law governing this case, except that to the extent there are material differences in applicable Utah and California law, Symantec contends that California law applies. In contrast, it is StorageCraft's contention that Utah law should govern this case.

**4. Motions:**

On October 30, 2007, StorageCraft filed a Motion to Dismiss or in the Alternative to Transfer. Symantec opposed the motion. As set forth in the Court's Order to Shorten Time, hearing on this motion is now scheduled for February 4, 2008.

On December 31, 2007, Symantec filed a Motion to Expedite Discovery. StorageCraft opposed that motion and filed a Cross-Motion to Stay Discovery on January 10, 2008, which Symantec opposes. On January 14, 2007, Symantec withdrew its Motion to Expedite Discovery. StorageCraft's Cross-Motion to Stay Discovery will be heard on February 4, 2008., although StorageCraft filed a Motion to Shorten Time for the hearing on this motion on January 18, 2008.

1  Symantec does not oppose hearing StorageCraft's Cross-Motion to Stay Discovery on a further
2  shortened schedule.
3       On January 18 and 19, 2008, StorageCraft filed a Motion for Protective Order. Symantec
4  will oppose this motion. Hearing on this motion is presently scheduled for February 12, 2008 before
5  Judge Lloyd.

6       **5.   Amendment of Pleadings:**
7       Symantec does not anticipate amending its pleadings at this time.
8       StorageCraft has not filed an Answer in this case, so it has no pleading to amend.
9  StorageCraft cannot presently determine the extent to which it may later amend any pleadings it may
10 file in this case. Anticipated amendments are contingent, in part, upon resolution of Symantec's
11 Motion to Dismiss or in the Alternative to Stay a related lawsuit subsequently filed by StorageCraft
12 in Utah.
13      The parties propose that the deadline for amending pleadings shall be 60 days after the Court
14 resolves StorageCraft's Motion to Dismiss or in the Alternative to Transfer.

15      **6.   Evidence Preservation:**
16      The parties agree that their clients will take all reasonable steps to preserve evidence relevant
17 to this case. The parties have already notified their clients and all anticipated custodians that they
18 must preserve any evidence relevant to this case.

19      **7.   Disclosures:**
20      Symantec will timely provide initial disclosures on January 28, 2008.
21      StorageCraft will timely provide a limited initial disclosure on January 28, 2008.
22 StorageCraft will supplement its disclosure after StorageCraft files an Answer.

23      **8.   Discovery:**
24      Symantec began discovery on January 14, 2008 following the parties' 26(f) conference. As
25 noted above, on January 10, 2008, StorageCraft filed a motion to stay discovery pending resolution
26 of its Motion to Dismiss or Transfer and the filing of an Answer, which motion is pending.
27 Symantec has issued a first set of interrogatories and a first set of requests for production to
28 StorageCraft. Symantec has also issued a third-party subpoena to Burbidge Mitchell & Gross LLP

seeking documents produced by StorageCraft in litigation with NetJapan Holdings, Inc. Also as noted above, StorageCraft filed a Motion for Protective Order in connection with that Subpoena on January 18, 2008.

### a. Symantec's Statement on the Scope of Discovery

Symantec anticipates that discovery will extend to Symantec's allegations regarding StorageCraft's trade secret misappropriation and unfair competition. Symantec has enumerated the allegedly misappropriated trade secret information in its Cal. Code Civ. Proc. § 2019.210 Statement, and anticipates that discovery will remain limited to matters concerning those trade secrets. Symantec anticipates subpoenaing several third parties in addition to Burbidge Mitchell & Gross LLP.

### b. StorageCraft's Statement on the Scope of Discovery

StorageCraft agrees with Symantec's statement that any discovery should extend to Symantec's allegations of trade secret misappropriation and unfair competition, but anticipates that the scope of discovery will be in dispute. StorageCraft asserts that discovery should be limited to factual issues which have been specifically raised and for which there is a reasonable basis to pursue otherwise burdensome and expensive discovery. Broad, non-specific allegations should not support an attempt at an unlimited fishing expedition. The interrogatories, documents requests and third-party subpoena already served indicate that Symantec will be pursuing evidence that StorageCraft contends goes well beyond the allegations and claims of Symantec's Complaint.

### c. Discovery Plan

The parties have outlined the following discovery plan, with only minor disagreements:

**1) Scheduling**

The parties agree generally that fact discovery should continue for approximately six months, but StorageCraft proposes that fact discovery end six months after it files an Answer in this case (should the case not be transferred or dismissed), while Symantec believes it should close six months from January 14, 2008, the date of the parties Rule 26(f) conference. The parties agree that after StorageCraft files an Answer there may be a need to amend this schedule and plan. For example, if counterclaims are asserted, or the issues are more complex than is presently contemplated, additional

time may be necessary, and additional depositions or other discovery methods may be required.. As noted above, although Symantec has begun discovery, there is a pending Cross-Motion to Stay Discovery and a pending Motion for Protective Order.

**2) Format for Discovery**

The parties have discussed an agreement concerning a mutual acceptable electronic document format for production. The parties agree that all documents will be produced in electronic form in either a .tiff format or in the native format. The parties also agree that each party is entitled to the native format of any document upon request, if available.

**3) Protective Order**

The parties have discussed a Protective Order governing the production of confidential information, including source code.

Symantec has proposed that that the parties negotiate a protective order immediately.

StorageCraft is prepared to negotiate a protective order governing the production of confidential information immediately, but does not believe an order needs to be entered until after and *if* the Court denies its pending Motion to Transfer or Dismiss or the pending motion to stay discovery.

**4) Discovery Limits**

i)   Interrogatories

The parties agree to a limit of 25 interrogatories for each party.

ii)   Depositions

The parties agree to a limit of ten depositions for each party with a seven-hour limit on each separate deposition. Fed. R. Civ. P. 30(b)(6) depositions shall count as one deposition against this limit, and the parties agree to cooperate in good faith should a seven-hour time limit prove to be insufficient for the 30(b)(6) depositions.

The parties agree that expert depositions do not count towards the maximum of ten depositions. The parties agree that third-party depositions do count toward the ten-deposition limit.

iii)   Requests for Admission

The parties agree to a limit of 100 merits-based requests for admission for each party. Each

side may serve an unlimited number of additional requests for admission, provided that such requests are limited to the authenticity of documents.

**5) Experts**

The parties agree that each party is entitled to one seven-hour deposition of each expert.

**9. Related Cases:**

On November 5, 2007, StorageCraft filed a related lawsuit in the District of Utah.

On December 5, 2007, StorageCraft filed a Notice of Pendency of Other Case under N.D. Cal. L.R. 3-13(a) notifying this Court of the Utah Action.

**10. Relief:**

Symantec seeks to permanently enjoin StorageCraft from the use or disclosure of Symantec's proprietary confidential information.

Symantec also seeks damages from the use or disclosure of Symantec's proprietary confidential information. Symantec will need further discovery to determine the exact amount of damages.

**11. Settlement and ADR:**

**a. Symantec's Statement on Settlement and ADR**

Symantec is open to settlement negotiations after initial discovery has occurred. Symantec is committed to an expedient and just resolution of this case.

**b. StorageCraft's Statement on Settlement and ADR**

StorageCraft has been and presently is prepared to engage in settlement negotiations and/or mediation immediately.

**12. Consent to Magistrate Judge for all Purposes**

Symantec consents to having a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

StorageCraft does not consent to having a Magistrate Judge conduct all further proceedings.

**13. Other References:**

Symantec cannot determine whether this case is suitable for reference to a binding arbitration or special master until after initial discovery has occurred.

StorageCraft believes that the case may be suitable for reference to a special master for a confidential source code comparison to determine whether StorageCraft has copied or otherwise used any Symantec code in the preparation of its software products.

14. **Narrowing of Issues:**

Symantec is not aware at this time of any issues in dispute that may be narrowed by agreement or by motion. StorageCraft has not yet prepared or filed its Answer in this case and is not yet in a position to determine whether there are issues in dispute which might be narrowed by agreement or motion.

15. **Expedited Schedule:**

Symantec believes that this is the type of case that can be handled on an expedited basis with streamlined procedures. StorageCraft does not agree.

16. **Scheduling:**

a. **Symantec's Proposed Schedule**

Symantec's proposed schedule is based on continuing discovery already underway.

| | |
|---|---|
| Deadline to amend pleadings | 60 days after the Court resolves StorageCraft's Motion to Dismiss or in the Alternative to Transfer |
| Deadline to complete fact discovery and file fact discovery motions | July 14, 2008 |
| Deadline to exchange expert disclosures/reports | August 14, 2008 |
| Deadline to exchange rebuttal expert disclosures/reports | September 15, 2008 |
| Deadline to complete all expert discovery | September 30, 2008 |
| Deadline for filing all summary judgment motions | October 30, 2008 |
| Hearing on all summary judgment motions | November 24, 2008 |
| Final pretrial conference | December 22, 2008 |
| Trial | January 5, 2009 |

b. **StorageCraft's Proposed Schedule**

StorageCraft generally agrees to Symantec's proposed amount of time allowed for discovery, dispositive motions and trial with minor exceptions. However, StorageCraft proposes delaying the

1 commencement of those periods until after it has filed an Answer. StorageCraft's proposed schedule
2 is based on measuring the commencement of discovery from the time an Answer has been filed.

| Deadline to amend pleadings | 60 days after the Court resolves StorageCraft's Motion to Dismiss or in the Alternative to Transfer and an Answer is filed |
|---|---|
| Deadline to complete fact discovery and file fact discovery motions | 180 days after an Answer is filed |
| Deadline to exchange expert disclosures/reports | 30 days after the close of discovery |
| Deadline to exchange rebuttal disclosures/reports | 30 days after exchanging initial expert disclosures/reports |
| Deadline to complete all expert discovery | 30 days after deadline for exchanging rebuttal disclosures/reports |
| Deadline for filing all summary judgment motions | 30 days after deadline for completing all expert discovery |
| Hearing on all summary judgment motions | 30 days after deadline for filing all summary judgment motions |
| Final pretrial conference | 30 days after hearing on all summary judgment motions |
| Trial | |

17. **Trial:**

This case will be tried to a jury. The parties agree that trial on the issues presented in the pleadings thus far should not exceed one week.

18. **Disclosure of Non-Party Interested Entities or Persons:**

Each party has filed a Certification of Interested Entities or Persons pursuant to N.D. Cal. L.R. 3-16.

Dated: January 25, 2008                    DAY CASEBEER MADRID &
                                           BATCHELDER LLP


                                           By: _____/s/_____
                                                    Paul S. Grewal
                                           *Attorneys for Plaintiff*
                                           *Symantec Corporation*

Dated: January 25, 2008                    GCA LAW PARTNERS LLP


                                           By: _____/s/_____
                                                    Kimberly A. Donovan
                                           Attorneys for Defendant
                                           StorageCraft Technology Corporation