# Exhibit L

# UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

SYMANTEC CORPORATION
    Plaintiff,

v.

STORAGECRAFT TECHNOLOGY CORPORATION,
    Defendant.

SUBPOENA IN A CIVIL CASE

Case Resident in United States District Court, Northern District of California
Civil Action No. CV07-4731 JW

TO: Burbidge Mitchell & Gross
215 South State Street, Suite 920
Salt Lake City, UT 84111

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):

    See Schedule A.

| PLACE  10 W. Broadway, Suite 400<br>Salt Lake City, Utah 84101 | DATE AND TIME  January 25, 2008<br>10:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br>Attorney for SYMANTEC CORPORATION | DATE<br><br>January 15, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Paul S. Grewal, 20300 Stevens Creek Blvd., Suite 400, Cupertino, CA 95014, Phone: (408) 873-0110

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | JANUARY 15, 2008 | BURBIDGE MITCHELL & GROSS, 215 S. STATE STREET, SUITE 920, SALT LAKE CITY, UTAH 84111 |

| JEFFERSON GROSS | HAND DELIVERED |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| MORGAN J. EVERETT | LEGAL ASSISTANT |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  1/15/2008
            DATE

SIGNATURE OF SERVER

10 W. BROADWAY, SUITE 400
ADDRESS OF SERVER

SALT LAKE CITY, UTAH 84101

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A TO SUBPOENA FROM SYMANTEC CORPORATION TO BURBIDGE MITCHELL & GROSS

### DEFINITIONS

1. The terms "document" or "documents," or any variant thereof, shall be defined to the broadest extent permitted by Rule 45 of the Federal Rules of Civil Procedure and includes, whenever applicable and without limitation, both "documents" and "electronically stored information," and further includes to the extent that same are within the possession, custody, or control of Burbidge Mitchell & Gross ("Burbidge"), the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise magnetically, optically, visually or aurally stored or reproduced, including but not limited to letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, videotapes and sound reproductions, printout sheets, electronic records such as electronic mail, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical, magnetic, optic, or photographic reproductions or recordation's thereof in the possession, custody or control of you or known to you whether or not prepared by you.

## INSTRUCTIONS

1. Documents to be produced include documents in your possession, custody, or control wherever located.

2. If you are unable to comply fully with any request herein, comply to the extent possible and provide a detailed explanation as to why full compliance is not possible.

3. When any original, draft, copy or reproduction of any document responsive to any of the following requests contains or has been revised to include any postscript, notation, change, amendment, or addendum not appearing on said document itself as originally written, typed or otherwise prepared, produce each such revised original, draft, copy or reproduction.

4. To the extent you object to any of these definitions or instructions as being inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the Court, state with specificity how you contend any such definition or instruction is inconsistent with any such rule.

## SCHEDULE A – DOCUMENTS AND THINGS TO BE PRODUCED

1. All documents produced by StorageCraft in litigation with NetJapan Holdings, Inc., et al., in the Third Judicial District Court in and for Salt Lake County, State of Utah, Case Number 060920091.

2. All pleadings, deposition transcripts and hearing transcripts relating to *NetJapan Holdings, Inc., et al., v. StorageCraft Technology Corp.* in the Third Judicial District Court in and for Salt Lake County, State of Utah, Case Number 060920091.